

June 5, 2023

**VIA ECF**

Hon. John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

  Re: *Cynthia Herrick, et al. v. Shutterstock, Inc.*, Case No. 23-cv-03191-JPC

Dear Judge Cronan:

  We write on behalf of Plaintiff Cynthia Herrick, individually and on behalf of all others similarly situated, in response to Defendant Shutterstock, Inc.'s May 31, 2023 pre-motion letter regarding Shutterstock's intention to move to dismiss certain claims in Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(6) and to strike plaintiff's class action allegations pursuant to Federal Rules of Civil Procedure Rules 12(f) and 23(d)(1)(D). ECF 17.[1]

  Shutterstock's pre-motion letter asserts that the Complaint does not state a claim under Section 1202(a) of Digital Millennium Copyright Act, 17 U.S.C. §1202 *et seq*. Shutterstock is wrong. Shutterstock granted license(s) of Plaintiff's copyrighted works that resulted in third-party licensees, such as the CRC Press book (Complaint at ¶¶43-46, 155), falsely crediting Plaintiff's photo to the infringing Shutterstock account holder and to Shutterstock itself in the form of a "gutter credit" alongside the photo. Shutterstock also falsely presented itself as an authorized licensor of the photos through a Shutterstock watermark overlaid on the image. Both false gutter credits are still being sold by CRC Press, which constitutes false copyright

---

[1] On April 23, 2023, Shutterstock was served with Plaintiff's Complaint. ECF 11. On May 2, 2023, Plaintiff consented to Shutterstock's request for an extension to respond to Plaintiff's Complaint to June 15, 2023, more than 50 days after service. ECF 13. The Court granted Shutterstock's request on May 3, 2023. ECF 14. Plaintiff respectfully requests an order that Shutterstock's June 15, 2023 deadline to respond not be further extended, that Plaintiff be permitted 45 days to respond to Shutterstock's motion(s), and for Shutterstock to file any reply brief within 14 days thereafter.

Hon. John P. Cronan
United States District Judge
Page 2

management information ("CMI") under 17 U.S.C. § 1202(a) because both indicate someone other than Plaintiff to be the copyright holder of the works at issue. *See Sheldon v. Plot Commerce*, No. 15CV5885CBACLP, 2016 WL 5107072, at *15-16 (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, No. 15CV5885CBACLP, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) (publishing photograph with defendant's watermark violated Section 1202(a)). Plaintiff has adequately alleged this claim for relief.

Shutterstock erroneously claims that Plaintiff has failed to plead the requisite scienter for a Section 1202 claim by misapplying *Steinmetz v. Shutterstock, Inc*., No. 21 CIV. 7100 (AKH), 2022 WL 4342174, at *1 (S.D.N.Y. Sept. 19, 2022). Even assuming the initial reproduction of Plaintiff's photo with false CMI was not willful or with knowledge (and discovery may show otherwise), Shutterstock did have actual knowledge when Plaintiff notified Shutterstock of her infringement claim that the CMI was false. Yet Shutterstock allowed its licensee to continue to sell books with false CMI. While a website owner's lack of knowledge of infringing activity on its servers will absolve it of liability for contributory infringement claims, its subsequent awareness of such activity, and knowing failure to address it, can give rise to liability. *See Sheldon,* WL 5107072 at *17 (initial publication of a photo with false CMI on defendant's website was not willful, but after defendant received notice from plaintiff of such publication but did nothing to address it, liability under DMCA 1202 was found).

Shutterstock also seeks to strike Plaintiff's class allegations under FRCP Rules 12(f) and 23(d)(1)(D). Paragraph 113 of Plaintiff's Complaint defines two classes. The Rule 23(b)(3) class consists of:

> All persons and entities whose copyrighted work was licensed by Shutterstock, who sent Shutterstock a notice to take down copyrighted works, and from which Shutterstock generated and retained licensing revenue from a Shutterstock contributor who did not have authorization to exploit any class members' copyrighted work, from three years before the date of filing of this Complaint to the present ("the Class"). The Class also includes all persons and entities whose copyrighted work was licensed by Shutterstock from a Shutterstock contributor who did not have authorization to exploit any class members' copyrighted work and unauthorized licensees who continued to distribute the copyrighted works which contain false copyright management information.

The Rule 23(b)(2) class consists of: All persons and entities whose copyrighted work has been made available for distribution and display by Shutterstock without a lawful license or the express authority of the copyright holder.

Shutterstock fails to identify a single allegation that is "redundant, immaterial, impertinent or scandalous" in Plaintiff's Complaint. Shutterstock's reliance on *Ross v. Port Chester Hous. Auth.*, No. 17-CV-4770 (NSR), 2019 WL 4738941 (S.D.N.Y. Sept. 27, 2019) to the effect that class allegations can be dismissed before a plaintiff moves for certification is

Hon. John P. Cronan
United States District Judge
Page 3

distinguishable.  The *pro se* plaintiff in *Ross*, after being given leave to amend his complaint, merely recited "the standards without offering any proof to support the mandatory requirements." *Id*. at *3.  Plaintiff's Complaint has demonstrably exceeded this threshold.

      Motions to strike at the initial pleading stage are typically "considered premature unless it addresses issues 'separate and apart from the issues that will be decided on a class certification motion.'" *Blagman v. Apple Inc.*, No. 12 CIV. 5453 ALC JCF, 2013 WL 2181709, at *2–3 (S.D.N.Y. May 20, 2013) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 877 F.Supp.2d 113, 117 (S.D.N.Y. 2012); *see also, Haley v. Tchrs. Ins. & Annuity Assoc. of Am.*, 377 F. Supp. 3d 250, 272 (S.D.N.Y. 2019) (same).  Shutterstock's proposed motion to strike Plaintiff's class allegations is "disfavored because it requires a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Calibuso v. Bank of America Corp.*, 893 F.Supp.2d 374, 383 (E.D.N.Y. 2012) (internal citations omitted).  "District courts frequently have deferred the Rule 23 determination until the class certification stage, after the development of a 'more complete factual record.'" *Emilio v. Sprint Spectrum L.P.*, 68 F.Supp.3d 509, 515 (S.D.N.Y. 2014) (quoting *Mazzola v. Roomster Corp.*, 849 F.Supp.2d 395, 410 (S.D.N.Y. 2012).

      Plaintiff respectfully requests that Shutterstock's May 31, 2023 pre-motion letter neither stay nor delay the current June 15, 2023 deadline to file its motion(s) in response to the Complaint.  Plaintiff further requests 45 days to respond to Shutterstock's motion(s) and Shutterstock be permitted 14 days to submit its reply.

      Thank you for your consideration.

| Sincerely, | Sincerely, | Sincerely, |
|---|---|---|
| /s/ Pamela A. Markert | /s/ James H. Bartolomei, III | /s/ Bryan D. Hoben |
| Pamela A. Markert<br>pmarkert@cerallp.com<br>(*pro hac vice pending*) | James H. Bartolomei, III<br>james@duncanfirm.com | Bryan D. Hoben<br>bryan@hobenlaw.com |

*Attorneys for Plaintiff and the Proposed Class*

cc:    Counsel of record via ECF
        CronanNYSDChambers@nysd.uscourts.gov (filed copy)

Defendant shall file its motion to dismiss and motion to strike by June 30, 2023. Plaintiff shall file her response by August 15, 2023.  Defendant shall file its response by September 1, 2023.

SO ORDERED.
Date: June 6, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge