UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CYNTHIA HERRICK, Individually and On
Behalf of All Others Similarly Situated,

                     Plaintiff,                        Docket No.
                                                  1:23-cv-03191-JPC

   -against-

SHUTTERSTOCK, INC.,

                     Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### MEMORANDUM OF LAW IN SUPPORT OF SHUTTERSTOCK'S MOTION TO DISMISS THE COMPLAINT AND TO STRIKE CLASS ALLEGATIONS

DAVIS WRIGHT TREMAINE LLP

James Rosenfeld
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
Fax:    (212) 489-8340
jamesrosenfeld@dwt.com
hilaryoran@dwt.com

Sean Sullivan (pro hac vice pending)
Sarah E. Burns (pro hac vice forthcoming)
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Phone: (213) 633-8644
Fax:  (213) 633-6899
seansullivan@dwt.com
saraburns@dwt.com

Attorneys for Defendant Shutterstock, Inc.
*Attorneys for Shutterstock, Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................**Error! Bookmark not defined.**

FACTUAL BACKGROUND.........................................................**Error! Bookmark not defined.**

I.      The Parties ........................................................**Error! Bookmark not defined.**

II.     Shutterstock's Website.........................................**Error! Bookmark not defined.**

III.    Plaintiff's Photographs and Takedown Notices.................**Error! Bookmark not defined.**

IV.     The Complaint's Allegations ..............................**Error! Bookmark not defined.**

ARGUMENT.................................................................**Error! Bookmark not defined.**

I.      The Complaint Does Not State a Claim For Liability Under Section 1202(a).......... **Error! Bookmark not defined.**

    A.      The Shutterstock Watermark is Not False CMI.....**Error! Bookmark not defined.**

    B.      The Complaint does Not Allege "Double Scienter" ............ **Error! Bookmark not defined.**

    C.      There is No Secondary Liability Under Section 1202 ......... **Error! Bookmark not defined.**

II.     Plaintiff's proposed classes are improper and her class allegations must be stricken.............................................................**Error! Bookmark not defined.**

    A.      Striking Class Allegations Is Proper At The Pleading Stage......**Error! Bookmark not defined.**

    B.      Plaintiff's Proposed Classes Are Unascertainable.**Error! Bookmark not defined.**

        1.      Plaintiff's Proposed Class Descriptions Are Overbroad and Not Defined by Objective Criteria.....................**Error! Bookmark not defined.**

        2.      Plaintiff's Proposed Class Descriptions Create Improper Fail-Safe Classes.........................................................**Error! Bookmark not defined.**

    C.      The Proposed Classes Cannot Satisfy Rule 23(a)..**Error! Bookmark not defined.**

        1.      Plaintiff Cannot Establish Typicality.........**Error! Bookmark not defined.**

        2.      Plaintiff Cannot Establish Commonality ...**Error! Bookmark not defined.**

    D.      A Class Action is Not Superior to Other Methods of Resolving This Conflict .................................................................**Error! Bookmark not defined.**

CONCLUSION...............................................................................**Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amchem Prod., Inc. v. Windsor,*
    521 U.S. 591 (1997)......................................................................................................21

*Arista Recs. LLC v. Lime Grp. LLC,*
    784 F. Supp. 2d 398 (S.D.N.Y. 2011)........................................................................19

*Arista Recs. LLC v. Usenet.com, Inc.,*
    633 F. Supp. 2d 124 (S.D.N.Y. 2009)........................................................................20

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...............................................................................................2, 5, 9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................................................9

*Blackman v. Teespring, Inc.,*
    No. 19-cv-01494(RS), 2019 WL 7832600 (N.D. Cal. July 12, 2019)....................23

*Brown v. Kelly,*
    609 F.3d 467 (2d Cir. 2010)........................................................................................19

*Carrera v. Bayer Corp.,*
    727 F.3d 300 (3d Cir. 2013)........................................................................................16

*Castano v. Am. Tobacco Co.,*
    84 F.3d 734 (5th Cir. 1996)........................................................................................25

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,*
    511 U.S. 164 (1994)......................................................................................................10

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002)..........................................................................................3

*Davis v. Navient Corp.,*
    No. 17-cv-00992 (LJV) (JJM), 2018 WL 1603871 (W.D.N.Y. Mar. 12, 2018) ......... 11-12, 22

*de Lacour v. Colgate-Palmolive Co.,*
    338 F.R.D. 324 (S.D.N.Y. Apr. 23, 2021) ..............................................................13

*Deitz v. Comcast Corp.,*
    2007 WL 2015440 (N.D. Cal. July 11, 2007)...........................................................16

*Estate of Berlin v. Stash Records, Inc.*,
No. 95 Civ. 6575 (PKL), 1996 WL 374176 (S.D.N.Y. July 2, 1996) ...................................21

*Fischer v. Forrest*,
968 F.3d 216 (2d Cir. 2020)..........................................................................................5

*Football Ass'n Premier League Ltd. v. YouTube*,
297 F.R.D. 64 (S.D.N.Y. 2013) ....................................................... 12, 20, 24-25

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
903 F.2d 176 (2d Cir. 1990)..........................................................................................19

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982)..................................................................................................1, 10

*Goel v. Coalition Am. Holdings Co. Inc.*,
No. 11-cv-2349 (GAF), 2011 WL 13128300 (C.D. Cal. July 5, 2011).................................16

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ......................................................................................24

*Haymount Urgent Care PC v. GoFund Advance, LLC*,
No. 22-cv-1245 (JSR), 2022 WL 6994507 (S.D.N.Y. Oct. 12, 2022)...................................12

*Hicks v. T.L. Cannon Corp.*,
35 F. Supp. 3d 329 (W.D.N.Y. 2014) ......................................................................... 17-18

*In re J.P. Morgan Chase Cash Balance Litig.*,
242 F.R.D. 265 (S.D.N.Y. 2007) ..................................................................................19

*In re Petrobras Sec.*,
862 F.3d 250 (2d Cir. 2017)..........................................................................................13

*Jie Zhang v. Wen Mei, Inc.*,
No. 14-cv-1647 (JS) (SIL), 2017 WL 8813132 (Dec. 28, 2017)...........................................15

*John v. Nat'l Sec. Fire and Cas. Co.*,
501 F.3d 443 (5th Cir. 2007) ........................................................................................10

*Kamar v. RadioShack Corp.*,
375 F. App'x 734 (9th Cir. 2010) ..................................................................................17

*Kihn v. Bill Graham Archives LLC*,
No. 20-17397, 2022 WL 18935 (9th Cir. Jan. 3, 2022)....................................................18, 23

*Kissling v. Ohio Cas. Ins. Co.*,
No. 5:10-22 (JMH), 2010 WL 1978862 (E.D. Ky. May 14, 2010) .......................................18

*Krechmer v. Tantaros*,
747 F. App'x 6 (2d Cir. 2018) ...........................................................................................6

*Landsman & Funk PC v. Skinder-Strauss Assocs.*,
640 F.3d 72 (3d Cir. 2011).................................................................................................10

*Leyse v. Lifetime Ent. Servs.*,
No. 13 Civ. 5794 (AKH), 2015 WL 5837897 (S.D.N.Y. Sept. 22, 2015), *aff'd sub nom. Leyse v. Lifetime Ent. Servs., LLC*, 679 F. App'x 44 (2d Cir. 2017).......................14

*McCracken v. Best Buy Sores, L.P.*,
248 F.R.D. 162 (S.D.N.Y. 2008) .......................................................................................23

*Messner v. Northshore Univ. HealthSystem*,
669 F.3d 802 (7th Cir. 2012) .............................................................................................17

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005)...........................................................................................................20

*Murdock-Alexander v. Tempsnow Employment*,
No. 16-cv-5186 (JRB), 2016 WL 6833961 (N.D. Ill. 2016) ...........................................10

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
551 F. Supp. 3d 408 (S.D.N.Y. 2021)..................................................................................2

*Nguyen v. BDO Seidman, LLP*,
2009 WL 7742532 (C.D. Cal. July 6, 2009).....................................................................25

*Palmer Kane LLC v. Scholastic Corp.*,
No. 11 Civ. 7456 (KBF), 2012 WL 2952898 (S.D.N.Y. July 16, 2012) ....................12, 22

*Pilgrim v. Universal Health Card, LLC*,
660 F.3d 943 (6th Cir. 2011) .............................................................................................10

*Premier Fabrics, Inc. v. Woodland Trading Inc.*,
42 F. Supp. 3d 549 (S.D.N.Y. 2014)..................................................................................20

*Radmanovich v. Combined Ins. Co. of Am.*,
216 F.R.D. 424 (N.D. Ill. 2003).........................................................................................24

*Rennick v. NPAS Sols., LLC*,
No. 19-cv-02495 (ODW), 2020 WL 244170 (C.D. Cal. Jan. 16, 2020)............................11

*Roe v. St. John's Univ.*,
No. 19-cv-4694 (PKC) (RER), 2021 WL 1224895 (E.D.N.Y. Mar. 31, 2021)........................2

*Rothstein v. UBS AG*,
708 F.3d 82 (2d Cir. 2013).................................................................................................10

*Schilling v. Kenton County, Ky.*,
No. 10-143 (DLB), 2011 WL 293759 (E.D. Ky. Jan. 27, 2011) ......................................16, 18

*Schneider v. YouTube, LLC*,
No. 20-cv-04423(JD), 2023 WL 3605981 (N.D. Cal. May 22, 2023).............................21, 23

*Shaw v. Hornblower Cruises & Events, LLC*,
No. 21 Civ. 10408 (VM), 2022 WL 16748584 (S.D.N.Y. Nov. 7, 2022) ........................ 11-12

*Smith v. Sheriff of Cook Cnty.*,
No. 07-C-3659, 2008 WL 1995059 (N.D. Ill. May 6, 2008)...................................................20

*Sohm v. Scholastic Inc.*,
959 F.3d 39 (2d Cir. 2020)......................................................................................................21

*Spagnola v. Chubb Corp.*,
264 F.R.D. 76 (S.D.N.Y. 2010) ..............................................................................................14

*Spinelli v. Nat'l Football League*,
903 F.3d 185 (2d Cir. 2018)......................................................................................................9

*Spread Enters., Inc. v. First Data Merch. Servs. Corp.*,
298 F.R.D. 54 (E.D.N.Y. 2014) ..............................................................................................18

*Steinmetz v. Shutterstock, Inc.*,
No. 21 Civ. 7100 (AKH), 2022 WL 4342174 (S.D.N.Y. Sept. 19, 2022).....................2-3, 8-9

*Talarico v. Port Auth. of New York & New Jersey*,
367 F. Supp. 3d 161 (S.D.N.Y. 2019)......................................................................................11

*Tyson Foods, Inc. v. Bouaphakeo*,
577 U.S. 442 (2016).................................................................................................................22

*United States v. Confidence, U.S.A., Inc.*,
No. 19-cv-3073 (ERK) (SIL), 2021 WL 293525 (E.D.N.Y. Jan. 28, 2021).............................2

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011).................................................................................................................22

*Wang v. Tesla, Inc.*,
338 F.R.D. 428 (E.D.N.Y. 2021) ............................................................................................14

*Weiner v. Snapple Bev. Corp.*,
No. 07 Civ. 8742 (DLC), 2010 WL 3119452 (S.D.N.Y. Aug. 5, 2010)..................................14

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
127 F. Supp. 3d 156 (S.D.N.Y. 2015)........................................................................................2

*Williams v. PMA Cos., Inc.*,
   419 F. Supp. 3d 471 (N.D.N.Y. 2019) ..................................................................2

*Woods-Early v. Corning Inc.*,
   330 F.R.D. 117 (W.D.N.Y. 2019) ......................................................................11

*Wu v. Pearson Educ. Inc.*,
   No. 09 Civ. 6557 (KBF), 2012 WL 6681701 (S.D.N.Y. Dec. 21, 2012) .............12

*Zarichny v. Complete Payment Recovery Servs., Inc.*,
   80 F. Supp. 3d 610 (E.D. Pa. 2015) ...................................................................16

**State Cases**

*DDMB, Inc. v. Visa, Inc.*,
   No. 05-md-1720 (MKB), 2021 WL 6221326 (E.D.N.Y. Sept. 27, 2021) .............13

**Federal Statutes**

 7 U.S.C. § 504 ...................................................................................................23

17 U.S.C. § 106 ....................................................................................................4

17 U.S.C. § 501 ....................................................................................................4

17 U.S.C. § 512 ..................................................................................................23

17 U.S.C. § 1202 ..........................................................................1, 4-10, 15, 17, 23-25

17 U.S.C. §§ 1501–11 ........................................................................................24

**Rules**

Fed. R. Civ. Proc. 12 .................................................................................. 1, 10-13

Fed. R. Civ. Proc. 23 .............................................1, 4, 10-13, 16, 18, 21, 23-24

**Other Authorities**

2 Joseph M. McLaughlin, MᴄLᴀᴜɢʜʟɪɴ ᴏɴ Cʟᴀss Aᴄᴛɪᴏɴs § 8:6 (11th Ed. 2014)...................16

8 *Newberg on Class Actions*, § 24.17 (4th ed. 2008)...............................................17

4 *Nimmer on Copyright* § 12A.09 (2022) ...............................................................7, 9

Defendant Shutterstock, Inc. ("Shutterstock") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Third Claim for Relief in her Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and its Motion to Strike the Class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D).

## PRELIMINARY STATEMENT

Plaintiff attempts to assert claims for copyright infringement and distributing false copyright management information ("CMI") on behalf of herself and a putative class.  On the face of the Complaint, however, both her false CMI claim and her class claims are fatally flawed.

As an initial matter, Plaintiff fails to state a claim for distribution of false CMI under DMCA Section 1202, on multiple grounds.  First, as this Court recently held, the Shutterstock watermark is not false CMI; indeed, it is neither CMI nor false.  Second, the Complaint lacks facially plausible allegations that Shutterstock "knowingly" distributed or provided any false CMI with the "intent to induce to induce, facilitate, or conceal copyright infringement."  Third, Plaintiff fails to state a claim for secondary liability– both because she has not stated a claim for *primary* liability and because Section 1202 does not provide for secondary liability.

Plaintiff's class allegations are also defective.  To meet the pleading standard under Rule 12(f), Plaintiff must plausibly plead that her proposed classes meet the requirements of Rule 23. The rules permit courts to resolve class claims at the pleading stage if it is "plain enough from the pleadings" that the proposed class cannot be certified.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  Because Plaintiff here has instead pled improper fail-safe classes, and has not (and cannot) plead ascertainable classes or that common issues will predominate among putative class members, the class claims should be dismissed.

## FACTUAL BACKGROUND[1]

### I.     The Parties

Plaintiff Cynthia Herrick is the alleged owner of the photographs at issue in this lawsuit (the "Photographs"): "Snowy Plover Baby's First Step" (the "Plover Photograph") and "Snowy Flowy Egret" (the "Egret Photograph").  Complaint ("Compl.") ¶¶ 18, 33, 49.  Plaintiff purports to bring this class action on behalf of herself and others similarly situated.  *Id.* ¶¶ 53-59.

Defendant Shutterstock is a marketplace for photographs and other content.  *Id.* ¶ 60.

### II.    Shutterstock's Website

Shutterstock operates an online platform providing access to images and videos through digital licenses and subscription packages.  *Id.*  ¶¶ 60-61.  Over 2 million contributors upload and submit photographs and videos for licensing through the platform.  *Id.* ¶¶ 60, 66, 67.  When a contributor registers an account with Shutterstock, it must accept the Contributor Terms of Service, "which includes a representation that any content submitted will (or does) not infringe the copyright or any other rights of any third party."  *Steinmetz v. Shutterstock, Inc.*, No. 21 Civ. 7100 (AKH), 2022 WL 4342174, at *2 (S.D.N.Y. Sept. 19, 2022); *see* https://submit.shutterstock.com/legal/terms.[2]

After a contributor submits a photograph and its associated title and keywords, Shutterstock performs a cursory review of the image for obvious technical and quality issues.

---

[1] The facts recited in this memorandum are based on the allegations in the Complaint.  Plaintiff's allegations are assumed to be true for purposes of this motion, to the extent they are adequately pled and not conclusory.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] "A court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015).  *See also United States v. Confidence, U.S.A., Inc.*, No. 19-cv-3073 (ERK) (SIL), 2021 WL 293525, at *6 (E.D.N.Y. Jan. 28, 2021) (taking judicial notice of information from defendant's website); *Williams v. PMA Cos., Inc.*, 419 F. Supp. 3d 471, 484 (N.D.N.Y. 2019) (same); *Roe v. St. John's Univ.*, No. 19-cv-4694 (PKC) (RER), 2021 WL 1224895, at *13 (E.D.N.Y. Mar. 31, 2021) (taking judicial notice of a Tweet and newspaper article); *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 418 (S.D.N.Y. 2021) (taking judicial notice of social media post).

Compl. ¶¶ 67-77.  Once the image is approved, a copy of the image containing a Shutterstock watermark is added to its website.  *Id.* ¶¶ 84, 101, 151-52; *see also Steinmetz*, 2022 WL 4342174, at *2.  The watermarked photograph is included on a "contributor page," which lists, among other information, the name of that contributor.  *Id.* ¶¶ 33 (image), 39.

Shutterstock's website includes a Digital Millennium Copyright Act ("DMCA") Copyright Infringement Notice.  Declaration of James Rosenfeld Ex. 1.[3]  The Notice sets forth the procedure for reporting alleged copyright infringement.  Under this procedure, an individual can send a "Takedown Notice" to Shutterstock.  *Id.*

## III.    Plaintiff's Photographs and Takedown Notices

Plaintiff alleges that two of her photographs were added to Shutterstock without her knowledge or consent.  Compl. ¶¶ 32-33, 49-50.  The Photographs were displayed on a page with the username "MTKhaledMamud."  *Id.* ¶¶ 33, 50.  Plaintiff sent a DMCA notice requesting takedown of the Plover Photograph.  *Id.* ¶¶ 34, 55.  Plaintiff does not allege that Shutterstock continued to display any Photograph after receiving a takedown notice, and concedes that Shutterstock "generally suspends additional unauthorized licensing of the copyrighted works upon receiving notification from a copyright owner of infringement."  *Id.* ¶ 7.  She merely alleges that when Shutterstock removed the Plover Photograph in response to her notice, it failed to terminate or void prior licenses of the image.  *Id.* ¶ 41.

According to the Complaint, the Plover Photograph was published in the CRC Press textbook, *Human-Wildlife Interactions: From Conflict to Coexistence*.  *Id.* ¶ 38.  The source of the photograph is incorrectly attributed to "MTKhaled mahmud, Shutterstock."  *Id.* ¶ 39.  As of

---

[3] "[O]n a motion to dismiss, a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference[.]'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).  Plaintiff's Notice to Shutterstock is referenced in Paragraphs 34-37 of the Complaint and should therefore be considered for purposes of this motion.

the date of the Complaint's filing, CRC Press allegedly continues to sell its textbook.  *Id*. ¶ 42.

## IV.   The Complaint's Allegations

Plaintiff filed her Complaint on April 17, 2023, alleging claims for copyright infringement under 17 U.S.C. §§ 106, 501, vicarious or contributory copyright infringement and providing false copyright management information ("CMI") in violation of 17 U.S.C. § 1202(a). Shutterstock moves to dismiss only with respect to the CMI claim.  As to that claim, Plaintiff contends that Shutterstock's watermark and the name of the contributor who listed Plaintiff's Photographs are false CMI and that Shutterstock knowingly distributed or provided that false CMI with the intent to induce, facilitate, or conceal copyright infringement.  *Id*. ¶¶ 151-157.

Plaintiff seeks to certify the following two proposed classes, one under Federal Rule of Civil Procedure 23(b)(3) and the other under Rule 23(b)(2):

- Rule 23(b)(3) class: "All persons and entities whose copyrighted work was licensed by Shutterstock, who sent Shutterstock a notice to take down copyrighted works, and from which Shutterstock generated and retained licensing revenue from a Shutterstock contributor who did not have authorization to exploit any class members' copyrighted work, from three years before the date of filing of this Complaint to the present ("the Class"). The Class also includes all persons and entities whose copyrighted work was licensed by Shutterstock from a Shutterstock contributor who did not have authorization to exploit any class members' copyrighted work and unauthorized licensees who continued to distribute the copyrighted works which contain false copyright management information."  Compl. ¶ 113.

- Rule 23(b)(2) class: "All persons and entities whose copyrighted work has been made available for distribution and display by Shutterstock without a lawful license or the express authority of the copyright holder."  *Id.*

Plaintiff alleges that that these class members are "reasonably ascertainable with objective criteria that is in the possession of Shutterstock, including…Shutterstock's own designation of infringed photos, and all financial data directly associated with the infringing activity and ill-gotten gains from unauthorized licenses."  Compl. ¶ 114.  Plaintiff does not allege what "designation" of "infringed photos" Shutterstock might have, or any other way for the proposed

classes to be ascertained.  Nor does Plaintiff provide information about the DMCA takedown

notices the putative class members sent, or about Shutterstock's responses to those notices.  And

she provides no way for the court to determine potential class members (other than her allegation

that the Court can look to "infringed photos") or any methodology for the Court to determine

which photographs were "infringed" or who owns the rights in those photos.

**ARGUMENT**

Based on their glaring deficiencies, the Court should not permit either the false CMI

claim or the class allegations to advance past the starting gate.

## I.      THE COMPLAINT DOES NOT STATE A CLAIM FOR LIABILITY UNDER SECTION 1202(A)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id*.  In applying this standard, the Court need not credit conclusory legal

allegations or "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*.

Plaintiff alleges a violation of 17 U.S.C. § 1202(a) of the Digital Millennium Copyright

Act ("DMCA").  The DMCA was enacted to "ensure the integrity of the electronic marketplace

by preventing fraud and misinformation," while limiting copyright liability in some instances "in

the interest of promoting growth, development, and innovation in the digital universe." *Fischer*

*v. Forrest*, 968 F.3d 216, 222 (2d Cir. 2020) (citing H.R. Rep. 105-551(1) at 10, 11-12).  Section

1202 prohibits, among other things, the distribution of false "copyright management

information," such as the work's title, author, or copyright owner, that is displayed in connection

5

with the work.  17 U.S.C. § 1202(a)-(c).  To plead a violation of Section 1202(a), a plaintiff must plausibly allege that the (1) defendant knowingly provided or distributed that false copyright information and (2) that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement.  *Id*. § 1202(a).  These elements constitute a "double scienter" requirement.  *See Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018).

Plaintiff contends that Shutterstock violated Section 1202 because Shutterstock "affixed and distributed" allegedly false copyright management information ("CMI"): "Shutterstock's name and/or watermark" and "the name of the contributor" on the Photographs.  Compl. ¶ 151. Plaintiff alleges that Shutterstock violated Section 1202 both when it included this CMI on its own website (primary liability, *id.* ¶¶ 151-54) and when its licensees continued to use the work with the allegedly false CMI (secondary liability, *id.* ¶¶ 155-56).

This claim fails.  First, the watermark bearing Shutterstock's name is not false CMI. Second, even if it was, Plaintiff has not sufficiently alleged double scienter as to the watermark or as to the name of the contributor.  Finally, there is no secondary liability under Section 1202.

### A.    The Shutterstock Watermark is Not False CMI

Images on Shutterstock contain a digital "Shutterstock" watermark which Plaintiff asserts is false CMI.  *See* Compl. ¶ 50 (exemplary image).  The watermark is neither false nor CMI.

The purpose of CMI is to "assist in tracking and monitoring uses of copyrighted works, as well as licensing of rights and indicating attribution, creation and ownership." S. REP. 105-190, 16 (1998).  To qualify as CMI, the information must relay something about the identity of the work itself, the copyright holder, or rights associated with the work.  Section 1202 enumerates the specific types of information that falls within the definition of CMI.   These are:

(1) The title and other information identifying the work, including the information set forth on a notice of copyright

6

(2) The name of, and other identifying information about, the author of a work.

(3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

(4) [Subject to certain inapplicable exceptions,] the name of, and identifying information about, a performer whose performance is fixed in a work other than an audiovisual work.

(5) [Subject to certain inapplicable exceptions,] in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work.

(6) Terms and conditions for use of the work.

(7) Identifying numbers or symbols referring to such information or links to such information.

(8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

17 U.S.C. § 1202(c).  Shutterstock's watermark does not constitute or identify any of this information.  The watermark does not fall into Categories 1-5 because Shutterstock does not own, or purport to own, a copyright in the photographs on its website.[4]  Categories (6) and (7) are inapplicable on their face.  As described by the leading copyright treatise, "[a] digital watermark does not condition exploitation of the work on given factors, nor does it constitute a term for its lawful use" (Category 6).  4 Nimmer on Copyright § 12A.09 (2022).  As to Category 7, "the digital watermark is not simply a symbol or number representing those first six categories, but instead serves the separate function of fingering those who copy works without authorization."  *Id.*  The last category of information is similarly inapplicable to a watermark, as

---

[4] *See* Shutterstock Contributor: "How do I protect the content in my portfolio"? *available at* https://support.submit.shutterstock.com/s/article/How-do-I-protect-the-content-in-my-portfolio?language=en_US#:~:text=As%20a%20Shutterstock%20contributor%20you,the%20content%20on%20your%20behalf ("As a Shutterstock contributor you retain full copyright ownership of your content, but you allow Shutterstock to license the content on your behalf.") (last visited on May 5, 2023).

it does not contain any information required by copyright regulations.  Accordingly, a digital watermark identifying a licensor, and meant to deter infringement, does not constitute CMI.

Nor is the watermark "false." As this Court recently explained, *when confronted with the precise Shutterstock watermark at issue here*, "this information is not false because it [accurately] designates the source of the photograph if accessed or distributed from [Shutterstock's] website." *Steinmetz v. Shutterstock, Inc*., No. 21 Civ. 7100 (AKH), 2022 WL 4342174, at *1 (S.D.N.Y. Sept. 19, 2022).  The source is Shutterstock, and the watermark accurately conveys this.  Because the Shutterstock watermark is not false CMI, Plaintiff's Section 1202 claim with respect to the watermark must be dismissed.

### B.      The Complaint does Not Allege "Double Scienter"

Plaintiff's Section 1202 claim is independently deficient for its failure to allege that Shutterstock had the required intent.  The "double scienter" standard requires Plaintiff to allege that Shutterstock provided or distributed CMI "knowingly" *and* with the "intent to induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(a).  As the Court has held with respect to *this* watermark, "Plaintiff cannot establish that [Shutterstock] had any scienter, let alone double scienter." *Steinmetz*, 2022 WL 4342174, at *8.

The Complaint does not allege that Shutterstock "knowingly" provided or distributed false CMI; indeed, it makes clear that after Shutterstock receives a Takedown Notice, it suspends use of that photograph.  Compl. ¶ 7.  Thus, if anything, the Complaint alleges that once it was notified of "MT Khaled Mamud"'s violation, Shutterstock tried to remedy the alleged harm.[5]

---

[5] Plaintiff's allegations that Shutterstock "knowingly" distributed false CMI because *CRC Press* continues to sell the textbook at issue are not relevant to its claim for primary liability.  *See* Compl. ¶¶ 41-44, 156.  And, as explained below, its secondary liability claims fail as well.

Tellingly, the Complaint is also devoid of any plausible allegations that Shutterstock intended to induce or otherwise facilitate copyright infringement.  Instead, it merely includes boilerplate allegations that Shutterstock's "use of false copyright management information . . . is intended to facilitate or conceal the infringement of Plaintiff and the class members' exclusive copyright."  Compl. ¶ 153; *see also* ¶ 154.  But Plaintiff must do more than parrot the standard for Section 1202(a) to survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 678.

Plaintiff's allegation that the allegedly false CMI is "intended to induce" its customers to believe Shutterstock "owns or controls the copyright" in the Photograph similarly fails.  Compl. ¶ 154.  First, this conclusory allegation once again does not "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that "a plaintiff's obligation [to state a claim] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  Moreover, the watermark itself undercuts Plaintiff's allegation that Shutterstock had an any intent to induce infringement.  The purpose of a digital watermark is to "point[] the finger of guilt at those who commit copyright infringement by contravening terms or conditions otherwise set forth," a function that is "certainly valuable in detecting infringement, and even deterring it." 4 Nimmer on Copyright § 12A.09.  This Court so held in *Steinmetz*, noting that Shutterstock "incorporates or attaches its watermark to prevent, rather than to induce, enable, facilitate, or conceal, infringement." *Steinmetz*, 2022 WL 4342174, at *8.

### C.    There is No Secondary Liability Under Section 1202

The Complaint does not allege a secondary violation under Section 1202(a).  First, it fails to allege a primary violation of the statute, and there can be no secondary liability without a primary violation.  *See Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018).  More fundamentally, Section 1202 does not even provide for secondary liability.

Section 1202 makes it unlawful for a person to provide or distribute any false CMI. There is nothing in the plain text of the statute that creates liability for anyone other than the "person"—here, allegedly Shutterstock—who knowingly and intentionally "provide[s]" or "distribute[s]" false CMI.  This is dispositive: "[S]tatutory silence on the subject of secondary liability means there is none[.]"  *Rothstein v. UBS AG*, 708 F.3d 82, 98 (2d Cir. 2013) (quoting *Boim v. Holy Land Foundation for Relief and Development*, 549 F.3d 685, 689 (7th Cir.2008) (en banc)); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182 (1994) ("[W]hen Congress enacts a statute under which a person may sue … a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abettors.").  Plaintiff's attempt to extend liability under Section 1202(a) should be rejected.

## II.   PLAINTIFF'S PROPOSED CLASSES ARE IMPROPER AND HER CLASS ALLEGATIONS MUST BE STRICKEN

### A.     Striking Class Allegations Is Proper At The Pleading Stage.

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Pro. 12(f).  Rule 23 also provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons..."  Fed. R. Civ. Pro. 23(d)(1)(D).  Together, the rules permit courts to resolve class claims at the pleading stage if it is "plain enough from the pleadings" that the proposed class cannot be certified.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

Courts in the Second Circuit and across the country[6] have repeatedly exercised their authority to strike class allegations prior to class discovery where it is apparent from the face of the complaint that a class action cannot be maintained based on the facts alleged, and the class allegations therefore constitute "impertinent" matter under Rule 12(f). *E.g.*, *Shaw v. Hornblower Cruises & Events, LLC*, No. 21 Civ. 10408 (VM), 2022 WL 16748584, at *5 (S.D.N.Y. Nov. 7, 2022) (if the "'complaint itself demonstrates that the requirements for maintaining a class action cannot be met,' the Court may strike the class allegations at any practicable time after the suit has been filed."). *See also Woods-Early v. Corning Inc.*, 330 F.R.D. 117, 122-24 (W.D.N.Y. 2019) (holding that "a motion to strike class allegations is procedurally permissible at the pleading stage" and conducting commonality analysis on pleadings alone); *Davis v. Navient Corp.*, No. 17-cv-00992 (LJV) (JJM), 2018 WL 1603871, at *4 (W.D.N.Y. Mar. 12, 2018) (*quoting McCrary v. Stifel, Nicolaus, & Co.*, 687 F.3d 1052, 1059 (8th Cir. 2012)) (dismissing class claims at pleadings stage; "class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion"); *Talarico v. Port Auth. of New York & New Jersey*, 367 F. Supp. 3d 161, 173 (S.D.N.Y. 2019) ("a motion to strike class claims at the pleading stage can succeed where the claims fail to state a plausible entitlement to relief on behalf of the putative class members").

---

[6] *E.g.*, *John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("The existence of an ascertainable class of persons to be represented by the proposed class . . . is an implied prerequisite of Federal Rule of Civil Procedure 23. Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings"); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 947 (6th Cir. 2011) (dismissing class allegations at 12(b)(6) stage where "no common legal issues favor a class-action approach to resolving this dispute"); *Murdock-Alexander v. Tempsnow Employment*, No. 16-cv-5186 (JRB), 2016 WL 6833961, at *3 (N.D. Ill. 2016) ("[t]he interplay of Rules 12(f), 23(c)(1)(A), and 23(d)(1)(D) empowers the Court to dismiss or strike class allegations at the pleading stage"); *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011) (striking class allegations at the pleading stage is appropriate if the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met").

Because this motion to strike is based on the pleadings, Shutterstock's argument is necessarily limited to the characterization of Plaintiff's claims and the class allegations from the face of the Complaint.  If the Court denies this motion, Shutterstock reserves the right to raise additional arguments against class certification that might arise through the course of discovery. *See Rennick v. NPAS Sols., LLC*, No. 19-cv-02495 (ODW), 2020 WL 244170, at *7 (C.D. Cal. Jan. 16, 2020) (denying motion to strike class allegations as premature but noting that defendant will still have the opportunity to brief the issue of class certification after discovery).  When a defendant challenges class certification based solely on the allegations in the complaint, the standard is the same as applied in deciding a motion to dismiss under Rule 12(b)(6): "[P]laintiff's allegations must be 'sufficient to show that it is plausible that plaintiffs will be able to satisfy the Rule 23 requirements after conducting discovery.'"  *Navient Corp.*, 2018 WL 1603871, at *5.  *See also Shaw*, 2022 WL 16748584, at *5 n.7 (collecting cases and noting that "numerous courts have applied the plausibility standard to motions to strike" class allegations).

It is clear from the face of the Complaint that neither of the proposed classes should be certified; Plaintiff has not "plausibly alleged sufficient facts to support a reasonable inference that she could meet the requirements of Rule 23, should her claim proceed to discovery." *Haymount Urgent Care PC v. GoFund Advance, LLC*, No. 22-cv-1245 (JSR), 2022 WL 6994507, at *1 (S.D.N.Y. Oct. 12, 2022).  "[C]opyright claims are poor candidates for class-action treatment," because of the highly individualized legal and factual inquiries they entail. *Football Ass'n Premier League Ltd. v. YouTube*, 297 F.R.D. 64, 65 (S.D.N.Y. 2013).  *Wu v. Pearson Educ. Inc.*, No. 09 Civ. 6557 (KBF), 2012 WL 6681701, at *7 (S.D.N.Y. Dec. 21, 2012) (decertifying copyright class because "layers of individually negotiated contractual arrangements and courses of dealing—as between the rights holder and the photo agency and between the

photo agency and the particular Pearson division—prevent a class-wide proceeding from supplying a common answer to any common question").

Accordingly, courts rejecting copyright cases as class actions have regularly found that commonality amongst class members and typicality of the class representative's claims were lacking; and individual issues predominated over common issues. *See, e.g. Football Ass'n*, 297 F.R.D. at 65; *Wu*, 2012 WL 6681701 at *7; *Palmer Kane LLC v. Scholastic Corp.*, No. 11 Civ. 7456 (KBF), 2012 WL 2952898, at *9 (S.D.N.Y. July 16, 2012). Such is the case here. As explained below, to prevail on her claims, Plaintiff will need to establish: ownership and registration of each of the copyrighted works involved; that Shutterstock wrongly licensed those works; that class members provided the appropriate Shutterstock entities with legally sufficient notice[7] as to specific allegedly infringing works (after which Shutterstock failed to take down the works); that the response by Shutterstock was legally inadequate (or, if adequate, the class member subsequently sought a court order against the alleged infringer); and the damages sustained, and profits lost, as a result of each claimed infringement. These legal hurdles preclude efficient administration of meritorious versus non-meritorious claims, and it is appropriate to strike the class allegations pursuant to Rule 12(f) and 23(d)(1)(D).

### B.    Plaintiff's Proposed Classes Are Unascertainable.

The Second Circuit requires that putative classes meet an "ascertainability" threshold. This is an "implied" but well-established requirement that the members of a proposed class be readily identifiable; that a "class be defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Sec.*, 862 F.3d 250, 266 (2d Cir. 2017); *de Lacour v.*

---

[7] Furthermore, many of the takedown notices that Shutterstock receives are from Shutterstock contributors alleging that their content has been copied by other contributors on the platform. Those rightsholders have entered into an arbitration agreement and class action waiver with Shutterstock pursuant to the Contributor Terms of Service and therefore also would need to be excluded.

*Colgate-Palmolive Co.*, 338 F.R.D. 324, 334 (S.D.N.Y. Apr. 23, 2021) ("[T]he Second Circuit has recognized that Rule 23 contains 'an implied requirement' that a class be "ascertainable." The ascertainability requirement applies to both Rule 23(b)(3) and Rule 23(b)(2) classes. *DDMB, Inc. v. Visa, Inc.*, No. 05-md-1720 (MKB), 2021 WL 6221326, at *39 (E.D.N.Y. Sept. 27, 2021) (discussing same and highlighting cases).

Plaintiff's proposed classes do not meet this standard because (1) determining who owns the copyright to a particular work, and whether a contributor had authorization to license it, let alone a "lawful license" or "express authority" to make it available for distribution and display, requires significant factual development; and (2) the classes are improper "fail-safe" classes.

### 1.    Plaintiff's Proposed Class Descriptions Are Overbroad and Not Defined by Objective Criteria.

To meet the ascertainability requirement, a class must be "readily identifiable, such that the court can determine who is in the class and, thus, bound by the ruling." *Weiner v. Snapple Bev. Corp.*, No. 07 Civ. 8742 (DLC), 2010 WL 3119452, at *12 (S.D.N.Y. Aug. 5, 2010).  The touchstone is "whether the class is 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'"  *Leyse v. Lifetime Ent. Servs.*, No. 13 Civ. 5794 (AKH), 2015 WL 5837897, at *3 (S.D.N.Y. Sept. 22, 2015), *aff'd sub nom. Leyse v. Lifetime Ent. Servs., LLC*, 679 F. App'x 44 (2d Cir. 2017).  If "determining whether a particular individual fit[s] within the class definition" would "require a hearing," the class is not ascertainable.  *Wang v. Tesla, Inc.*, 338 F.R.D. 428, 439 (E.D.N.Y. 2021).

Plaintiff's proposed classes plainly are not ascertainable, because determination of (i) who owned the copyright at issue; and (ii) whether the specific contributor and/or defendant had authorization, i.e. a lawful license or express authority, to distribute the work would require hearings to identify potential class members.  *E.g., Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 97

(S.D.N.Y. 2010) ("Class membership must be readily identifiable such that a court can determine who is in the class and bound by its ruling without having to engage in numerous fact-intensive inquiries")*; Weiner*, 2010 WL 3119452, at \*13 (because "the process of verifying class members' claims would be extremely burdensome for the court or any claims administrator" plaintiff the class failed on ascertainability grounds).

Allowing Plaintiff to conduct wide-ranging class discovery will not change that fact. Plaintiff alleges that class members are "reasonably ascertainable with objective criteria that is in the possession of Shutterstock, including…Shutterstock's own designation of infringed photos, and all financial data directly associated with the infringing activity and ill-gotten gains from unauthorized licenses." Compl. ¶ 114. But Shutterstock would not have records establishing who owns copyrights in third-party works submitted to it (or showing whether interests in those copyrights have been transferred or litigated). Nor would it possess records related to any "authorization to exploit any class members' copyrighted work" contributors received, or showing whether works were contributed subject to "a lawful license" or with the "express authority of the copyright holder." *Id.* ¶ 113.[8] Plaintiff's proposed class definitions put the cart before the horse, suggesting the court look to "Shutterstock's infringed photos," Compl. ¶ 114, and determine what "ill-gotten gains from unauthorized licenses" Shutterstock received, without providing any basis for determining which photos should qualify as "infringed" or which licenses were "unauthorized" – which in any event, are not "objective questions" that can be answered on a classwide basis. *Cf. Jie Zhang v. Wen Mei, Inc.*, No. 14-cv-1647 (JS) (SIL), 2017 WL 8813132, at \*18 (Dec. 28, 2017) (class ascertainable because "[w]hether employees have

---

[8] Because Plaintiff's CMI claims require an underlying infringement, 17 U.S.C. § 1202(a), that it will not be possible to ascertain an infringement class also makes ascertainment of a CMI class impossible.

been paid the wages owed to them is an objective question that turns on the number of hours they worked and the wages they were paid.").

To the extent Plaintiff intends for the identity of class members to be ascertained by inviting persons to identify themselves, that too is facially insufficient.  Courts have repeatedly held, for reasons of common sense and fairness, that a class is not ascertainable where proof of membership would depend largely or entirely on self-serving statements in the form of affidavits or claim forms.  Such a method of identifying class members unfairly strips defendants of the right to contest individualized facts that are essential to the class members' claims, and is inherently unreliable.  *See Carrera v. Bayer Corp.*, 727 F.3d 300, 311 (3d Cir. 2013) (reliance on affidavits without any objective records to identify class members or a method to weed out unreliable affidavits could not satisfy the ascertainability requirement); *Deitz v. Comcast Corp.*, 2007 WL 2015440, at *8 (N.D. Cal. July 11, 2007) (proposed class of cable subscribers who owned cable-ready televisions not ascertainable where the defendant did not maintain records to identify those customers, rendering it "impossible to determine without significant inquiry which subscribers owned such devices"); *see also* 2 Joseph M. McLaughlin, MCLAUGHLIN ON CLASS ACTIONS § 8:6 (11th Ed. 2014) ("[c]ourts have rejected proposals to employ class member affidavits and sworn questionnaires as substitutes for traditional individualized proofs" because such submissions "are, most importantly, not subject to cross-examination").  Because ascertaining class members would be impossible without the individual inquiries Rule 23 forbids, the proposed classes are untenable and should be struck.  *See Schilling v. Kenton County, Ky.*, No. 10-143 (DLB), 2011 WL 293759, at *6-7 (E.D. Ky. Jan. 27, 2011) (class claims dismissed at pleading stage as unascertainable; "these named plaintiffs are not part of a sufficiently definite group . . . harmed in a particular way by a specific policy"); *Goel v.*

16

*Coalition Am. Holdings Co. Inc.*, No.  11-cv-2349 (GAF), 2011 WL 13128300, at *8-9 (C.D.

Cal. July 5, 2011) (same; class definition impermissibly vague for using imprecise terms).

### 2.  Plaintiff's Proposed Class Descriptions Create Improper Fail-Safe Classes.

Plaintiff's proposed class descriptions also constitute impermissible fail-safe classes.

*Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 625 (E.D. Pa. 2015)

("[F]ail-safe classes [are] one category of classes failing to satisfy the ascertainability

requirement") (quoting Erin L. Geller, *The Fail-Safe Class as an Independent Bar to Class

Certification*, 81 Fordham L. Rev. 2769, 2782 (Apr. 2013)).  A fail-safe class is one in which

"either the class members win or, by virtue of losing, they are not in the class, and therefore not

bound by the judgment." *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 357 (W.D.N.Y.

2014).  *See also Kamar v. RadioShack Corp.*, 375 F. App'x 734, 376 (9th Cir. 2010) (A fail-safe

class occurs if the class is defined such that "once it is determined that a person, who is a

possible class member, cannot prevail against the defendant, that member drops out of the

class.").  Such a class is impermissible because "it is unfair to defendants, it prevents an adverse

judgment being entered against plaintiffs, and it is unmanageable because the members of the

class could only be known after a determination of liability." *Hicks,* 35 F. Supp. 3d at 357.  Such

classes are "self-defeating" because of the court's "inability to define who belongs in it before

there has been a full trial."  8 Newberg on Class Actions, § 24.17 (4th ed. 2008).

Here, Plaintiff's proposed classes do just that; the definitions merely recite elements of

copyright infringement and a Section 1202 claim, while including only prevailing members and

excluding all others who would risk being bound by an adverse judgment.  Membership in the

infringement 23(b)(2) and (b)(3) classes hinge on a determination that (1) absent class members

owned the copyright at issue; and (2) the contributor and/or defendant did not have authorization,

i.e. a lawful license or express authority, to distribute the work.  If defendant prevails with respect to a particular plaintiff by showing the copyright in the works was not owned by the potential plaintiff, or that the contributor and/or defendant possessed a license or authorization to license that work, that person would be excluded from the class.  Likewise, the Section 1202 class depends on whether a distributed work "contain[s] false copyright management information," meaning if a work's CMI is found not to be false, the work is excluded.  Compl. ¶ 113.  In each, the classes are "defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012).  *See also Kihn v. Bill Graham Archives LLC,* No. 20-17397, 2022 WL 18935, at *1–2 (9th Cir. Jan. 3, 2022) (noting that proposed class definition basing membership on whether copyrighted work was used "without a license or authorization to do so" was improper fail-safe); *Hicks*, 35 F. Supp. 3d at 356 (fail-safe class where class was defined as all employees "who were not provided wage statements . . . as required by [N.Y. wage law]"); *Spread Enters., Inc. v. First Data Merch. Servs. Corp*., 298 F.R.D. 54, 69 (E.D.N.Y. 2014) (same where class was defined as merchants who were "charged excessive fees" in case alleging that credit card processor and bank impermissibly overcharged merchants for transactions).

Striking the class claims at this juncture is proper, and should be done now to avoid unnecessary and expensive class discovery.  *Schilling*, 2011 WL 293759, at *11 (dismissing class at pleadings stage because description created fail-safe class; such a class would require court to "conduct a merits-based inquiry of each individual's claim" to determine membership); *Kissling v. Ohio Cas. Ins. Co.*, No. 5:10-22 (JMH), 2010 WL 1978862, at *2-3 (E.D. Ky. May 14, 2010) (dismissing class at pleadings stage proper where "if the putative class member is in fact a member of the class, then he necessarily prevails on his claim").

### C.      The Proposed Classes Cannot Satisfy Rule 23(a)

To certify a plaintiff class under any of the subsections of Rule 23, the plaintiff must

show that (1) the class is so numerous that joinder of all members is impracticable; (2) there are

questions of law or fact common to the class; (3) the claims or defenses of the class

representative are typical of the claims or defense of the class; and (4) the class representative

will fairly and adequately protect the interests of the class.  Fed. R. Civ. Pro. 23(a).  All four of

the conditions must be satisfied.  Here, it is obvious from her pleading that Plaintiff cannot meet

the typicality or commonality requirements and that class discovery cannot remedy these defects.

### 1.      Plaintiff Cannot Establish Typicality

Typicality "is satisfied when each class member's claim arises from the same course of

events, and each class member makes similar legal arguments to prove the defendant's liability."

*Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010).  Where an analysis of plaintiffs' claims

"would require numerous fact-specific individualized inquiries" typicality is not met and class

resolution is inappropriate.  *In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 273-

74 (S.D.N.Y. 2007).  A proposed class representative subject to unique defenses also fails to

satisfy the typicality requirement if she may lose for reasons that would not apply to the class as

a whole.  *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d

176, 180 (2d Cir. 1990) ("[C]lass certification is inappropriate where a putative class

representative is subject to unique defenses which threaten to become the focus of the litigation .

. . [r]egardless of whether the issue is framed in terms of the typicality of the representatives

claims . . . or the adequacy of the representation.").

Plaintiff will not be able to establish typicality for any of her claims.  To establish her

contributory infringement claim, Plaintiff will be required to prove Shutterstock "learn[ed] of

specific infringing material available on [its] system and fail[ed] to purge such material from the

system." *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 432 (S.D.N.Y. 2011)

(quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1171 (9th Cir. 2007)).   Plaintiff

pleads specific facts in an effort to satisfy this requirement which illustrate the uniqueness of her

claim as compared to other putative class members, including: the nature and adequacy of the

infringement notices provided by Plaintiff; Shutterstock's steps to obtain from Plaintiff any

information needed to identify and address claimed infringing listings; Shutterstock's steps to

respond to notices; measures undertaken by Shutterstock outside the scope of the company's

formal intellectual property protection system to respond to Plaintiff's complaints; and the

circumstances in which licensees that were the subject of Plaintiff's notices were allegedly

allowed to continue to display or offer copies of Plaintiff's works.   *E.g.*, Compl. ¶¶ 33-36, 43-44,

48, 52-53.   Because these kinds of allegations require individualized analysis, courts frequently

find that where analyses of takedown notices or a defendant's state of mind are necessary, a

plaintiff cannot show typicality.   *See, e.g.*, *Football Ass'n Premier League*, 297 F.R.D. at 66

("[T]o make resolutions which advance the litigation will require the court to determine, for each

copyrighted work claimed to have been infringed, whether a copyright holder gave notices

containing sufficient information to permit the service provider to identify and locate the

infringing material so that it could be taken down. That requires individualized evidence"); *Smith

v. Sheriff of Cook Cnty.*, No. 07-C-3659, 2008 WL 1995059, at *1 (N.D. Ill. May 6, 2008)

(typicality requirement not met where an element of the claim was culpable state of mind).

Vicarious infringement also requires claim-specific proof.   Vicarious liability arises

where the defendant "profit[ed] from direct infringement while declining to exercise a right to

stop or limit it."   *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)

(citation omitted).   *See also*, *Premier Fabrics, Inc. v. Woodland Trading Inc.*, 42 F. Supp. 3d

549, 555 (S.D.N.Y. 2014).  This inquiry entails examining whether a defendant could have prevented the claimed infringement by exercising control over the infringing conduct.  *See Grokster*, 545 U.S. at 930.  It also requires determining whether any revenues were received by defendant from the sale of infringing items or whether the infringing material drew customers to the platform.  *Arista Recs. LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 157 (S.D.N.Y. 2009). Here, the individualized nature of whether, or to what extent, the posting by third parties of infringing copyrighted materials gives rise to secondary liability further compels the conclusion that Plaintiff's claims cannot possibly be representative of those of other putative class members—whose claims, if any, would arise out of the particulars of their own works, the extent to which those works may have been infringed by third parties using defendant's platform, and the copyright holders' interactions with defendant.  *Estate of Berlin v. Stash Records, Inc.*, No. 95 Civ. 6575 (PKL), 1996 WL 374176, at *2 (S.D.N.Y. July 2, 1996) (denying class certification in copyright infringement action because conduct by which named plaintiff was injured was "special and unique," and plaintiff was not injured by the same course of conduct as the absent class members; "Each class member would have to provide independent proof, relevant only to its claim, of what activities defendants engaged in which violated its particular copyright").

Plaintiff's direct infringement claim also fails on typicality grounds.  Plaintiff must show "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020).  She alleges that she owns the copyright in the two Photographs, and that both are registered with Copyright Office.  Compl. ¶¶ 18, 33. But that is not representative of the class, which does not distinguish between registered and non-registered works, or between members with partial rather than complete ownership.  *See also Schneider v. YouTube, LLC*, No. 20-cv-04423(JD), 2023 WL 3605981, at *15 (N.D. Cal. May

22, 2023) (denying class certification on multiple grounds and finding typicality questionable

because "[e]ach work-in-suit will be the subject of individualized proof of ownership and

infringement, which necessarily makes the claim of each plaintiff a *sui generis* inquiry").

### 2. Plaintiff Cannot Establish Commonality

For class actions seeking monetary damages, as Plaintiff does here for her Rule 23(b)(3)

class, Rule 23(a)(2)'s commonality requirement is subsumed under Rule 23(b)(3)'s more

stringent requirement that questions of law or fact common to class members predominate over

any questions affecting only individual members.  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591,

609 (1997).  The "predominance inquiry tests whether proposed classes are sufficiently cohesive

to warrant adjudication by representation."  *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453

(2016).  A plaintiff cannot show commonality by reciting common *questions*, "even in droves";

instead, a court must focus on whether the *answers* to those common questions will "drive the

resolution of the litigation."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011)

(emphasis added).  Whether the requirement is met depends on Plaintiff's ability to make a prima

facie showing using the same evidence.  *Id.*  At the pleading stage, courts strike class allegations

where an element of the plaintiff's claims inherently involves individualized inquiries.  *Navient*

*Corp.*, 2018 WL 1603871, at *4.

Because individual class members "will need to present evidence that varies from

member to member" related to copyright ownership, licensing history, and Shutterstock's

knowledge of infringement, *Tyson Foods, Inc.*, 577 U.S. at 453, individual questions will

predominate.  The purported common questions of fact and law Plaintiff identifies makes this

clear.  For example, Plaintiff cites as a common question "[w]hether class members had

copyrighted works licensed by a contributor account that did not have permission or

authorization from the copyright holder to copy, distribute, license and/or display in exchange

for licensing fees."  Compl. ¶ 116.  But while Plaintiff may be able to show that *she* did not

authorize use, absent class members may have done so, and thus individual issues of license and

consent would predominate.  *E.g., Palmer Kane LLC v. Scholastic Corp.*, No. 11 Civ. 7456

(KBF), 2012 WL 2952898, at *7 (S.D.N.Y. July 16, 2012) ("Because in order to answer whether

[defendant] in fact held a license to use those images will necessarily involve, and depend upon,

inquiries into a multitude of individual relationships and interactions (between [defendant] and

the rights owner; between [defendant] and the licensing agent; between the rights owner and the

licensing agent), common questions of law or fact do not predominate over individual

questions"); *Kihn v. Bill Graham Archives LLC*, No. 20-17397, 2022 WL 18935, at *2 (9th Cir.

Jan. 3, 2022) (unpublished) (reversing certification because "individual issues of license and

consent would predominate for the absent class members, who have not yet had the opportunity

Plaintiffs had to sift through their claims and exclude those that lack merit").

        Likewise, while Plaintiff might be able to show her copyright ownership, she identifies

no way to establish copyright ownership for the proposed Rule 23(b)(2) class.  *Blackman v.

Teespring, Inc.*, No. 19-cv-01494(RS), 2019 WL 7832600, at *2 (N.D. Cal. July 12, 2019)

("Although each plaintiff will have to satisfy the same legal elements for copyright infringement

as all other plaintiffs, each claim of infringement will have to be resolved upon facts which are

particular to that single claim of infringement and separate from all the other claims").

Moreover, though Plaintiff has record of her interactions with Shutterstock, the adequacy of

other class members' claims will depend on the adequacy of their takedown notices and

Shutterstock's responses.  *McCracken v. Best Buy Sores, L.P.,* 248 F.R.D. 162, 168 (S.D.N.Y.

2008) (individual issues predominate where claims depend on individual communications

between defendant and plaintiffs).[9]   Whether Shutterstock had "actual knowledge of infringing works" also will require specific scienter proof for each contributor's photo, which also "raises obvious barriers to classwide proof."  *Schneider v. YouTube, LLC*, No. 20-cv-04423(JD), 2023 WL 3605981, at *13 (N.D. Cal. May 22, 2023).  Intent also will be an element of the CMI claims (and in fact will involve an analysis of two levels of scienter, *see* Section I.B, *infra*), and relevant to whether any potential infringement is found to be willful or innocent.  17 U.S.C. § 1202(a); 7 U.S.C. § 504(c)(1)-(4).  *See also Schneider*, 2023 WL 3605981, at *13 (intent showing required for Section 1202(b) class precludes predominance).  Because these individualized inquiries would necessarily predominate over common issues, the class allegations should be struck.

**D.    A Class Action is Not Superior to Other Methods of Resolving This Conflict**

In addition to predominance, certification under Rule 23(b)(3) requires that proceeding as a class action be superior to other available methods of adjudication.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998).  Here, the proposed class is, on its face, unmanageable.  Plaintiff's proposed description of the 23(b)(3) class is not only limited to those who sent DMCA takedown notices: it includes those whose works were provided without authorization, a vastly overbroad classification that makes it impossible to even *identify* the class members, since Shutterstock will have *no way whatsoever* of determining whether they qualify. *See Football Ass'n Premier League*, 297 F.R.D. at 65 (rejecting class certification where proposed class included copyright owners who defendant "allowed to be used without proper authorization" in part out of manageability concerns).

There also is no conceivable benefit to concentrating the claims of potentially thousands

---

[9] Under Section 512(c)(3), to be effective, a notification of claimed infringement must include six specific components (or alternatively contain three of those components with the service provider promptly attempting to obtain the rest).  Counter-notices under 512(g)(3) must include four required components.  These various requirements allow for wide variation in the sufficiency of notices and counter-notices.

of individuals in this Court because a case-by-case determination of liability is required.[10]  *See, e.g., Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 439 (N.D. Ill. 2003) ("[B]ecause of the individual nature of the claims at issue in this case, the court finds no particular advantage to concentrating the litigation of all those claims in any one place.").  Here, where determining each putative class member's right to recovery—as well as any subsequent assessment of damages—would require a mini-trial on multiple fact-bound issues specific to each pictorial work, there is "no particular desirability of concentrating the litigation in a single forum" and "significant drawbacks."  *Football Ass'n Premier League*, 297 F.R.D. at 67; *see also id.* at 68 (citing "the nature and amount of damages (depending at least in part on when the individual work's copyright was registered)" as among the issues making putative class action "no more than a diverse and unmanageable aggregation of individual claims").

The availability of statutory damages also cuts against a superiority argument.  *Nguyen v. BDO Seidman, LLP*, , 2009 WL 7742532, at *8 (C.D. Cal. July 6, 2009) (citing *Zinser v. Accufix*, 253 F.3d 1180, 1190 (9th Cir. 2009).  As the Fifth Circuit held in *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 747 (5th Cir. 1996), where significant incentives for individual litigation exist but few litigants have actually filed suit, the notion that class litigation is necessary to preserve judicial resources is "only theoretical" and does not support class certification.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Shutterstock respectfully requests that this Court dismiss with prejudice Plaintiff's Section 1202 claim and strike the Complaint's class allegations.

---

[10] In fact, Plaintiff's is precisely the kind of case contemplated by the recently enacted Copyright Alternative in Small Claims Enforcement ("CASE") Act, which establishes a Copyright Claims Board within the Copyright Office to create a cost-effective administrative venue for litigating "small claims" of copyright infringement as an alternative to federal courts.  See 17 U.S.C. §§ 1501–11.

Dated: June 30, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ James Rosenfeld*

James Rosenfeld
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
Fax:    (212) 489-8340
jamesrosenfeld@dwt.com
hilaryoran@dwt.com

Sean Sullivan (pro hac vice pending)
Sarah E. Burns (pro hac vice forthcoming)
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Phone: (213) 633-8644
Fax:  (213) 633-6899
seansullivan@dwt.com
saraburns@dwt.com

*Attorneys for Defendant Shutterstock, Inc.*