UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CYNTHIA HERRICK, Individually and On
Behalf of All Others Similarly Situated,

                      Plaintiff,                                 Docket No.
                                                                          1:23-cv-03191-JPC

  -against-

SHUTTERSTOCK, INC.,

                      Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF SHUTTERSTOCK'S MOTION
TO DISMISS THE COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**

                                                                          DAVIS WRIGHT TREMAINE LLP

                                                                          James Rosenfeld
                                                                          Hilary Oran
                                                                          1251 Avenue of the Americas, 21st Floor
                                                                          New York, New York 10020
                                                                          Phone: (212) 489-8230
                                                                          Fax:    (212) 489-8340
                                                                          jamesrosenfeld@dwt.com
                                                                          hilaryoran@dwt.com

                                                                          Sean Sullivan (pro hac vice)
                                                                          Sarah E. Burns (pro hac vice forthcoming)
                                                                          865 S Figueroa Street, Suite 2400
                                                                          Los Angeles, CA 90017
                                                                          Phone: (213) 633-8644
                                                                          Fax:  (213) 633-6899
                                                                          seansullivan@dwt.com
                                                                          saraburns@dwt.com

                                                                          *Attorneys for Defendant Shutterstock, Inc.*

# **TABLE OF CONTENTS**

                                                                                                      **Page**

I.     THE COMPLAINT DOES NOT PLEAD A VIOLATION OF SECTION 1202(A) .................................................................................................................. 1

       A.     The Shutterstock Watermark is Not False CMI ......................................................... 1

       B.     The Complaint does Not Allege "Double Scienter" ............................................... 3

       C.     There is No Secondary Liability Under Section 1202 ............................................ 4

II.    PLAINTIFF'S PROPOSED CLASSES ARE IMPROPER AND HER CLASS ALLEGATIONS MUST BE STRICKEN ....................................................................... 5

       A.     Plaintiff's Proposed Classes Are Unascertainable. ................................................... 6

               1.     Plaintiff Fails to Allege an Administratively Feasible Way to Determine Who Should Be Part of the Proposed Class .............................. 6

               2.     Plaintiff's Class Definitions Create Improper Fail-Safe Classes ................ 7

       B.     No Class Discovery Will Allow Plaintiff To Satisfy Rule 23(a)'s Commonality or Typicality Requirements ................................................................ 9

       C.     A Class Action is Not Superior to Other Methods of Resolving This Conflict .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aaberg v. Francesca's Collections, Inc.*,
　2018 WL 1583037 (S.D.N.Y. Mar. 27, 2018) ............................................................................4

*Agence France Presse v. Morel*,
　769 F. Supp. 2d 295 (S.D.N.Y. 2011) ......................................................................................4

*Allen v. Holiday Universal*,
　249 F.R.D. 166 (E.D. Pa. 2008) ...........................................................................................7, 8

*Blackman v. Teespring, Inc.*,
　2019 WL 7832600 (N.D. Cal. July 12, 2019) ..........................................................................9

*Brazil v. Dell Inc.*,
　585 F. Supp. 2d 1158 (N.D. Cal. 2008) ...................................................................................8

*Bus. Casual Holdings, LLC v. TV-Novosti*,
　2023 WL 1809707 (S.D.N.Y. 2023) ........................................................................................2

*Castano v. Am. Tobacco Co.*,
　84 F.3d 734 (5th Cir. 1996) ...................................................................................................10

*Football Ass'n Premier League*,
　297 F.R.D. 64 (S.D.N.Y. 2013) ...............................................................................................9

*Gordon v. Nextel Communications & Mullen Advertising, Inc.*,
　345 F.3d 922 (6th Cir. 2003) ...................................................................................................5

*Greene v. Will*,
　2013 WL 11233976 (S.D. Ind. Apr. 16, 2013) ........................................................................8

*Grundy v. FCA US LLC*,
　2020 WL 7353515 (E.D. Mich. Dec. 15, 2020) ......................................................................8

*H&T Fair Hills, Ltd. v. Alliance Pipeline L.P.*,
　2021 WL 5256737 (D. Minn. June 21, 2021) ..........................................................................8

*Haymount Urgent Care PC v. GoFund Advance, LLC*,
　635 F. Supp. 3d 238 (S.D.N.Y. Oct. 12, 2022) ........................................................................5

*Luedke v. Delta Air Lines, Inc.*,
　1993 WL 313577 (S.D.N.Y. Aug. 10, 1993) ...........................................................................6

*Mango v. Buzzfeed*,
   970 F.3d 167 (2nd Cir. 2020)..................................................................................................4

*McGucken v. Chive Media*,
   2018 WL 3410095 (C.D. Cal. July 11, 2018)........................................................................1, 2

*Michael Grecco Prods., Inc. v. Alamy, Inc.*,
   372 F. Supp. 3d 131 (E.D.N.Y. 2019) ......................................................................................1

*Mod. Holdings, LLC v. Corning Inc.*,
   2015 WL 1481459 (E.D. Ky. Mar. 31, 2015)...........................................................................8

*Ostler v. Level 3 Communications*,
   2002 WL 31040337 (S.D. Ind. Aug. 27, 2002) ........................................................................8

*Palmer Kane LLC v. Scholastic Corp.*,
   2012 WL 2952898 (S.D.N.Y. July 16, 2012)............................................................................9

*Penske Media Corp. v. Shutterstock, Inc.*,
   548 F. Supp. 3d 370 (S.D.N.Y. 2021)........................................................................................4

*Pilgrim v. Universal Health Card, LLC*,
   2010 WL 1254849 (N.D. Ohio Mar. 25, 2010), *aff'd*, 660 F.3d 943 (6th Cir. 2011)................6

*Presser v. Key Food Stores Coop., Inc.*,
   218 F.R.D. 53 (E.D.N.Y.2003) .................................................................................................6

*Religious Tech. Ctr. v. Netcom On-Line Comms. Servs.*,
   907 F. Supp. 1361 (N.D. Cal. 1995) .........................................................................................5

*Russell v. Tyson Farms, Inc.*,
   2020 WL 3051241 (N.D. Ala. June 8, 2020)............................................................................9

*Schneider v. YouTube, LLC*,
   2023 WL 3605981 (N.D. Cal. May 22, 2023).....................................................................9, 10

*Sheldon v. Plot Commerce*,
   2016 WL 5107072 (E.D.N.Y. Aug. 26, 2016).......................................................................1, 2

*Spagnola v. Chubb Corp.*,
   264 F.R.D. 76 (S.D.N.Y. 2010) ................................................................................................6

*Steinmetz v. Shutterstock, Inc.*,
   629 F. Supp. 3d 74 (S.D.N.Y. 2022)......................................................................................1, 2

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ....................................................................................................4

*Viacom Int'l, Inc. v. YouTube, Inc.*,
    676 F.3d 19 (2d Cir. 2012) ...................................................................................................10

*Wang v. Tesla, Inc.*,
    338 F.R.D. 428 (E.D.N.Y. 2021) .............................................................................................6

*Wu v. Pearson Educ. Inc.*,
    2012 WL 6681701 (S.D.N.Y. Dec. 21, 2012) .........................................................................7

*Young v. Nationwide Mut. Ins. Co.*,
    693 F. 3d 532 (6th Cir. 2012) ..................................................................................................8

*Zuma Press, Inc. v. Getty Images (US),* Inc., 349 F. Supp. 3d 369 (S.D.N.Y. 2018) ......................3

**Federal Statutes**

17 U.S.C.
    § 512(c) ...................................................................................................................................1

26 U.S.C.
    § 1202 ............................................................................................................................ *passim*
    § 1202(a) .................................................................................................................................1

**Rules**

Federal Rules of Civil Procedure
    Rule 23 .....................................................................................................................................5
    Rule 23(a) ................................................................................................................................9
    Rule 23(b)(3) .......................................................................................................................7, 10

There is much less to Plaintiff's complaint than meets the eye. She concedes that Shutterstock's practice is to suspend display and licensing of an image when it receives a takedown notice, and does not allege that anything other than that happened with regard to the image here.[1] She bases her §1202(a) claim on utterly implausible allegations of false CMI, knowledge and intent and a novel legal theory (in this Circuit) of secondary liability. Even more audaciously, she seeks to bootstrap her paper-thin allegations into a class action, glossing over fatal shortcomings of ascertainability, commonality and typicality with a mantra of "it's premature to dismiss…" It is *not* premature. Plaintiff fails to make plausible allegations in support of her §1202(a) claim and class certification, and therefore both must be rejected at this stage.

## I. THE COMPLAINT DOES NOT PLEAD A VIOLATION OF SECTION 1202(A)

### A. The Shutterstock Watermark is Not False CMI[2]

Plaintiff states correctly that watermarks "can" be false CMI for purposes of a §1202 violation.[3] But where, as here, a watermark identifies a licensor, and indeed is used to deter copyright infringement, it is not CMI. *See Steinmetz v. Shutterstock, Inc.*, 629 F. Supp. 3d 74, 85 (S.D.N.Y. 2022). This Court can so hold on the information properly before it on this motion.

The record shows unequivocally that, here, the watermark does not show ownership. First,

---

[1] We say "image" rather than "images" because the complaint only alleges that Plaintiff sent a takedown notice as to the Plover Photograph, not the Egret Photograph. In any event, while not in the record and not material for this motion, Shutterstock will show that it removed both promptly. In other words, Shutterstock does not "admit" infringement and discovery will show that it is protected from such liability under the DMCA safe harbor, 17 U.S.C. § 512(c).
[2] Accepting the allegations as true at this stage, Defendant does not challenge the allegation that the *contributor name* was false CMI. However, the §1202 claim fails with respect to that CMI on the grounds set forth *infra*.
[3] Plaintiff's cases merely support its general proposition that a watermark *can* be CMI where it denotes ownership or authorship. For example, in *Michael Grecco Prods., Inc. v. Alamy, Inc.*, the court distinguished between watermarked corporate names and symbols that "may refer to the author or copyright owner," which could constitute CMI, with those where the watermark "did not constitute a claim to be the author or copyright owner" and the at-issue website "expressly state[s] that [it] is not copyright holder of the images." 372 F. Supp. 3d 131, 138 (E.D.N.Y. 2019). *See also Sheldon v. Plot Commerce*, 2016 WL 5107072, at *15-16 (E.D.N.Y. Aug. 26, 2016) (explaining that "Section 1202(a) prohibits the addition of copyright information that *falsely represents the ownership of the copyright*") (emphasis added); *McGucken v. Chive Media*, 2018 WL 3410095, at *4 (C.D. Cal. July 11, 2018) (finding that removal of a watermark that "act[ed] to identify Plaintiff and his brand *as the author and owner* of the Subject Photographs" constituted a DMCA violation) (emphasis added). As explained herein, this is plainly not the case here.

1

Shutterstock nowhere states or suggests that its watermark is meant to show copyright ownership, say by placing its name next to a copyright symbol or date.  Second, as shown in the screenshot included in Paragraph 50 of the Complaint, the photo page clearly lists the *contributor* in the bottom righthand corner, acknowledging that Shutterstock is *not* the author or copyright owner. Third, Shutterstock's website expressly states that it is not the copyright holder of any image: "The copyrights in all Content remain with the copyright owner, and nothing in the TOS shall be construed as a transfer of copyright to Shutterstock, subject to the licenses granted to Shutterstock and Shutterstock's sublicensees." Shutterstock Contributor Terms of Service, https://submit.shutterstock.com/legal/terms.  *See also, e.g.*, How can I contribute my work to Shutterstock?, ("All content is royalty-free, so **you retain the copyright to your work**") (emphasis added); Contributor Account and Content Submission Guidelines, https://support.submit.shutterstock.com/s/article/Submission-and-Account-Guidelines?language=en_US ("Do not embed your own watermark, website name, or copyright notice in your content.  We protect **your content** with our own watermark, which is applied when your content is accepted to our site.") (emphasis added).[4]

Thus, examining these very facts, this Court held that the Shutterstock watermark was ***"not false [CMI] because it designates the source of the photograph if accessed or distributed from [Shutterstock's] website."*** *Steinmetz*, 629 F. Supp. 3d at 77 (emphasis added).  It should make the same ruling here, on this motion.[5]

---

[4] Defendant erred in citing a declaration, but correctly stated that the relevant documents are properly before the Court based on their express incorporation to the complaint and judicial notice.  *See* Mot. at nn.2-3.  And contrary to Plaintiff's argument (Opp. at 24-25), Shutterstock's Terms, which are available on its site, are being offered for "what" they contain, not to prove the truth of their contents, *e.g.*, for the fact that they contain a representation of ownership, not that that representation is true (Mot. at 2).

[5] By contrast, Plaintiff cites cases where a watermark was added *in place of* some other CMI – enabling infringement rather than deterring it as Shutterstock seeks to do.  *See, Bus. Casual Holdings, LLC v. TV-Novosti*, 2023 WL 1809707 at *7 (S.D.N.Y. 2023); *McGucken*, 2018 WL 3410095, at *4 *Sheldon*, 2016 WL 5107072, at *13.  Indeed, a ruling that the watermark here is false CMI would also have the perverse effect of undermining Shutterstock's (and every

B.     The Complaint does Not Allege "Double Scienter"

As Plaintiff acknowledges, to sustain a §1202 claim she must plausibly allege Shutterstock "knowingly" provided or distributed false CMI *and* did so with the "intent to induce, enable, facilitate, or conceal an infringement." Opp. at 8.  Plaintiff cannot make either showing.

With respect to Shutterstock's watermark, Plaintiff's claim that false CMI was added knowingly collapses based on the fact that there is nothing "false" about it; it accurately represents Shutterstock as the host of the image for the contributor.  *See supra* p.1-2.

With respect to the false contributor's name, the allegations fare no better.  Critically, there are no allegations that, when "MTKhaledMahmud" appeared as the contributor's name for this image, Shutterstock knew that this user was not the copyright owner.  To the contrary, pursuant to the Contributor Terms of Service, contributors must represent and warrant that the content submitted "does not infringe the copyright or any other rights of any third party."  *See* https://submit.shutterstock.com/legal/terms; *see also Zuma Press, Inc. v. Getty Images (US), Inc.*, 349 F. Supp. 3d 369, 376 (S.D.N.Y. 2018) (defendant lacked scienter where  it had the "reasonable assumption that the images [at issue] were owned by [someone other than plaintiff] and licensed to Getty.").  And, as Plaintiff concedes, after she provide her take-down demand to Shutterstock, it "t[ook] down . . . the photo from its system." Opp. at 9.

Plaintiff also argues that Shutterstock "continues to act knowingly" because it has permitted "customers (the unauthorized licensees)" to continue to "copy, display and distribute the copyrighted photos" after it received notice.  Opp. at 9.  First, this is one of multiple places where she generalizes to the plural based on a *single* allegation of a single licensee's (CRC) continued use after a *single* notice.  *See also id.* at 3, 8, 12.  Second, while CRC's textbook still attributes the

---

other licensor's) efforts to deter infringement of its contributors' copyrights in every photo on its site.

photograph to MTKhaledMahmud, Plaintiff cites no authority holding that a *licensor* distributes false CMI knowingly and with the intent to induce infringement based on a *licensee's* continued use after the licensor receives notice (and removes the image). Unlike the defendant in Plaintiff's cited case, *Mango v. Buzzfeed*, 970 F.3d 167 (2nd Cir. 2020), Plaintiff does not allege that Shutterstock itself continued to distribute the photograph after it "knew" the credit to be allegedly false. Similarly, *Penske Media Corp. v. Shutterstock, Inc.*, *Agence France Presse v. Morel*, and *Aaberg v. Francesca's Collections, Inc.* are inapposite because in all three cases, unlike here, the defendants continued to license, distribute, or sell the works at issue *after* they had knowledge or received notice of infringement. *See* 548 F. Supp. 3d 370, 381-82 (S.D.N.Y. 2021); 769 F. Supp. 2d 295, 306 (S.D.N.Y. 2011); 2018 WL 1583037, at * 9 (S.D.N.Y. Mar. 27, 2018) respectively. Here, the allegation is merely that Plaintiff gave knowledge to Shutterstock through its notice regarding "Snowy Plover," at which point – unlike in Plaintiff's cited cases – Shutterstock removed the image and stopped licensing it.

## C. There is No Secondary Liability Under Section 1202

Because Plaintiff does not adequately allege that the textbook publisher (or anyone else) listed false CMI with knowledge or intent, it fails to allege a primary violation on which secondary liability can be based.

But even if Plaintiff had plausibly alleged direct liability, it could not sustain its claim for secondary liability. As Plaintiff concedes, there is *no* Second Circuit precedent holding that secondary liability is a viable claim under §1202. As explained in Shutterstock's opening brief, the statute does not provide for any secondary liability, and this silence is dispositive. Mot. at 9-10. In addition, secondary liability is inconsistent with the legislative history of the statute, which makes clear that §1202's provisions "do not apply to those who act innocently." *Stevens v.*

4

*Corelogic, Inc.*, 899 F.3d 666, 675 (9th Cir. 2018) (quoting *WIPO Copyright Treaties Implementation Act, and Online Copyright Liability Limitation Act: Hearing Before H. Subcomm. on Courts and Intellectual Property of the H. Comm. on the Judiciary*, 105th Cong. 51 (1997)). Plaintiff's theory of secondary liability would hold Shutterstock responsible for the textbook publisher's use of a photograph that was licensed prior to any knowledge of alleged false CMI. That is, Shutterstock would be held liable despite "act[ing] innocently." This Court should decline to sanction a new theory of secondary liability in this Circuit.[6]

## II. PLAINTIFF'S PROPOSED CLASSES ARE IMPROPER AND HER CLASS ALLEGATIONS MUST BE STRICKEN

Plaintiff argues that motions to strike class claims at the motion to dismiss stage are generally disfavored. This is true, but it does not relieve Plaintiff of her obligation to "plausibly allege[] sufficient facts to support a reasonable inference that she could meet the requirements of Rule 23, should her claim proceed to discovery." *Haymount Urgent Care PC v. GoFund Advance, LLC*, 635 F. Supp. 3d 238, 240 (S.D.N.Y. Oct. 12, 2022); Mot. at 10-13. As Shutterstock has set forth, Plaintiff has not met and cannot meet the plausibility standard.

Largely ignoring this basic pleading standard, Plaintiff instead argues that striking class allegations at the pleading stage is proper only if "it would be impossible to certify the alleged class regardless of the facts the plaintiffs may be able to obtain during discovery," and that, if the Complaint currently fails to plausibly allege class treatment is possible, leave to amend should be granted. Opp. at 15. Yet Plaintiff never identifies *any* facts that could be discovered that would

---

[6] Plaintiff cites to out-of-circuit cases that held, or assumed without deciding, that the plaintiff could bring a secondary liability claim. Opp. at 11 n.7. Most of these cases rely on *Gordon v. Nextel Communications & Mullen Advertising, Inc.*, 345 F.3d 922 (6th Cir. 2003). (The only exception is *Religious Tech. Ctr. v. Netcom On-Line Comms. Servs.*, 907 F. Supp. 1361 (N.D. Cal. 1995), which predated the DMCA and is therefore inapposite.) This Court should decline to follow *Gordon*. In applying the traditional copyright infringement vicarious liability rubric to §1202 claims, *Gordon* explained that a "[l]ack of knowledge of the infringement is irrelevant" to the analysis. *Id.* at 925. Adopting *Gordon*, therefore, undermines the scienter requirement imposed by §1202. This is particularly disconcerting given the statute's requirement that a plaintiff establish two layers of scienter to prevail on its claim.

5

cure the deficiencies highlighted by the many courts that have denied class certification in copyright class actions under virtually identical facts or explains *how* the deficiencies in her proposed definitions could be cured through amendment. *See* Mot. at 12-13.

### A.     Plaintiff's Proposed Classes Are Unascertainable.

#### 1.     Plaintiff Fails to Allege an Administratively Feasible Way to Determine Who Should Be Part of the Proposed Class

Plaintiff's proposed classes are not ascertainable because determining who owns the copyright to a particular work, and whether a contributor had a "lawful license" or "express authority" to make it available for distribution and display, requires significant factual development. *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 97 (S.D.N.Y. 2010) ("Class membership must be readily identifiable such that a court can determine who is in the class and bound by its ruling without having to engage in numerous fact-intensive inquiries"). Shutterstock would not have records establishing who owns copyrights in third-party works submitted to it nor records related to any "authorization to exploit any class members' copyrighted work," *cf.* Compl. ¶ 113, and asking putative class members to identify themselves is unfair and unworkable. Mot. at 16. Plaintiff does not address these arguments at all, except to say that Shutterstock's cases are inapposite because they were decided at the certification stage. Opp. at 16. That is not true of all of the cases Shutterstock cited,[7] but even if it were, it would be of no consequence, because Plaintiff has not identified *any* discovery that would allow the court to determine who should be

---

[7] *E.g., Wang v. Tesla, Inc.*, 338 F.R.D. 428, 443, 439 (E.D.N.Y. 2021) (denying motion to amend as futile because proposed class would be unascertainable; "[d]etermining whether a particular individual fit within this class definition would require a hearing"). *See also Presser v. Key Food Stores Coop., Inc.,* 218 F.R.D. 53, 56 (E.D.N.Y.2003) (denying in part motion to amend complaint to include sub-class where plaintiff failed to prove commonality requirement and amendment was therefore futile); *Luedke v. Delta Air Lines, Inc.,* 1993 WL 313577, at *1, 8 (S.D.N.Y. Aug. 10, 1993) (denying motion to amend as futile where plaintiffs failed to prove commonality requirement and present objective, administratively feasible method to determine members of proposed class); *Pilgrim v. Universal Health Card, LLC*, 2010 WL 1254849, at *4 (N.D. Ohio Mar. 25, 2010), *aff'd*, 660 F.3d 943 (6th Cir. 2011) (striking class claims at motion to dismiss stage for lack of ascertainability).

part of the class in an administratively feasible way. *E.g.*, *Wu v. Pearson Educ. Inc.*, 2012 WL 6681701, at *7 (S.D.N.Y. Dec. 21, 2012) (decertifying copyright class because "layers of individually negotiated contractual arrangements and courses of dealing—as between the rights holder and the photo agency and between the photo agency and the particular Pearson division—prevent a class-wide proceeding from supplying a common answer to any common question").

### 2. Plaintiff's Class Definitions Create Improper Fail-Safe Classes

Plaintiff concedes that her proposed definitions *may* create improper fail-safe classes because they hinge on whether photographs were distributed with a "lack of express authority" or "lawful license." Opp. at 18. Rather than substantively addressing this fatal flaw, she argues the Court should wait to decide this issue until class certification because other courts have done so, and, even then, should permit leave to amend. *Id.* at 18-19. But Plaintiff fails to explain how discovery could resolve this core issue and fails to provide any alternative class definition that would not present the same issue.[8] The class allegations should be stricken for this reason alone.

Plaintiff's effort to show why defining her classes in part by reference to copyright ownership does not create fail-safes fares just as poorly. Relying on *Allen v. Holiday Universal*, 249 F.R.D. 166 (E.D. Pa. 2008), she argues that "so long as the ownership issue 'is a question of fact not central to the question of liability and easily answered through further discovery,' the Court need not reach any 'fail/safe' determination." Opp. at 17. In *Allen*, the plaintiff sought to certify a class of "all persons who…entered into a contract for health club services with health

---

[8] Plaintiff implies she could cure the fail-safe issue by removing "without a license or authorization to do so" from the class definitions. Opp. at 19 n.10. Without those qualifiers, however, the proposed 23(b)(2) class would include every person whose copyrighted work has been made available for distribution and display, divorced from any allegations of wrongdoing. Compl. ¶ 113. The proposed Rule 23(b)(3) class also would be overbroad, because it would include anyone who sent Shutterstock a takedown request and whose work was licensed, without any requirement that infringement actually occurred. Mot. at 14-15. *See also Allen v. Holiday Universal*, 249 F.R.D. 166, 171 (E.D. Pa. 2008) (putative class fatally overbroad where it "encompassed persons who had not suffered any injury").

7

clubs located in Pennsylvania and *owned by* The Health Clubs that required the payment of a membership fee in excess of $100.00." *Id.* at 170 (emphasis added). Allen claimed that, because ownership of certain clubs was in dispute, the definition created an improper fail-safe. The court disagreed, because ownership of the clubs "is a question of fact not central to the question of liability," which centered around excessive membership fees. *Id.* at 175. That could not be further from this case, where ownership is an *element* of an infringement claim, which will have to be determined on an individualized basis for every single putative class member.[9]

Plaintiff's last argument on this issue is a classic strawman. She claims that the proposed class is proper because "notions of falsity… do not necessarily create" improper fail-safes. Opp. at 19. That, however, is not what the §1202 claim does; it bases inclusion in the class on Shutterstock's distribution of works "which contain *false copyright management information*." Compl. ¶ 113 (emphasis added). Because false copyright management information *is* a legal conclusion (unlike pure falsity), the definition creates a class made up of "*only* those who are *entitled* to relief." *Young v. Nationwide Mut. Ins. Co.,* 693 F. 3d 532, 538 (6th Cir. 2012). This case is therefore very similar to *Brazil v. Dell Inc.,* 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008), cited by Plaintiff, in which the Court found an improper fail-safe based on a class defined as "persons or entities who purchased Dell computer products that 'Dell falsely advertised,'" because it would require "the court to reach a legal determination that Dell had falsely advertised" to "determine who should be a member of" the proposed classes. *Id.* at 1167. Here the Court likewise

---

[9] Plaintiff's last argument on this point, that "[e]ven when ownership is 'central to the question of liability,' Courts have certified or elected not to strike class allegations," Opp. at 18, similarly can be ignored because none of the cases cited in support involve ownership as a *legal element* of the underlying claim. *E.g., Mod. Holdings, LLC v. Corning Inc.*, 2015 WL 1481459, at *5 (E.D. Ky. Mar. 31, 2015) (defining class in part by reference to ownership of property within a certain distance of pollutant). In the other cases cited, the defendant did not argue that the fail-safe resulted from the inclusion of property ownership in the class definition. *See Greene v. Will,* 2013 WL 11233976, at *3 (S.D. Ind. Apr. 16, 2013); *Ostler v. Level 3 Communications,* 2002 WL 31040337, at *3 (S.D. Ind. Aug. 27, 2002); *Grundy v. FCA US LLC*, 2020 WL 7353515, at *4 (E.D. Mich. Dec. 15, 2020). Shutterstock could not locate a case with the citation *H&T Fair Hills, Ltd. v. Alliance Pipeline L.P.,* 2021 WL 5256737, at *11 (D. Minn. June 21, 2021).

will need to reach a legal determination that the Shutterstock watermark is false CMI to determine who should be a member of the proposed class.[10]

### B. No Class Discovery Will Allow Plaintiff To Satisfy Rule 23(a)'s Commonality or Typicality Requirements

Class discovery will not aid Plaintiff's case because an analysis of each class member's claims will require individual, fact-specific inquiries on (1) sufficiency of the takedown notice and Shutterstock's response; (2) whether Shutterstock could have prevented the claimed infringement by exercising control over it; (3) whether Shutterstock received revenue related to the alleged infringement; (4) whether the class member owns a valid copyright; and (5) whether Shutterstock engaged in unauthorized copying of the photo. *Football Ass'n Premier League*, 297 F.R.D. 64, 66 (S.D.N.Y. 2013) (determining sufficiency of takedown notices "requires individualized evidence"); *Schneider v. YouTube, LLC*, 2023 WL 3605981, at *15 (N.D. Cal. May 22, 2023) (copyright infringement and ownership each require "individualized proof" on a work-by-work basis); *Palmer Kane LLC v. Scholastic Corp.*, 2012 WL 2952898, at *7 (S.D.N.Y. July 16, 2012) (licensing issues "necessarily involve, and depend upon, inquiries into a multitude of individual relationships and interactions" such that "common questions of law or fact do not predominate"); *Blackman v. Teespring, Inc.*, 2019 WL 7832600, at *2 (N.D. Cal. July 12, 2019) ("each claim of infringement will have to be resolved upon facts which are particular to that single claim of infringement and separate from all the other claims").

Plaintiff's response to Shutterstock's extensive showing on this, Mot. at 19-24, is to argue that the Court can examine takedown notices putative class members sent and determine whether

---

[10] Plaintiff argues that because a §1202 claim also requires proof of scienter, her class cannot be fail-safe. Opp. at 19, n.11. But a class definition need not include all elements of the alleged cause of action to be considered fail-safe. *See Russell v. Tyson Farms, Inc.*, 2020 WL 3051241, at *2 (N.D. Ala. June 8, 2020). Including false CMI in the class definition raises a question of ultimate liability giving rise to a fail-safe class because class members could avoid being bound to an adverse judgment if the CMI is found not to be false.

9

Shutterstock "fail[ed] to terminate or void unauthorized licenses" after taking content down, because "[w]hen Shutterstock makes the decision to take down an infringing work after receiving notice, it has effectively admitted the infringement occurred." Opp. at 21-22. Putting aside the individualized factual issues that will go to the sufficiency of the takedown requests, licensing history, authorization, scienter, and revenue resulting from the alleged infringement, this theory is fatally flawed, because "the takedown of content in response to a DMCA notice is miles away from substantive proof of copyright ownership or infringement." *Schneider*, 2023 WL 3605981, at *8. Service providers take down content in response to takedown requests for a variety of reasons, including because "they are required to…in order to claim the benefit of the safe harbor." *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 37 (2d Cir. 2012).[11]

Plaintiff also seeks to distinguish the "more than a dozen cases" Shutterstock cited on these points on the ground that they do not arise at the motion to strike stage. Opp. at 23. But, again, she provides no explanation of how class discovery will change the circumstances of this case, and no reason to believe the analysis will be any different at the certification stage. The Court should decline Plaintiff's offer to embark on a pointless, but costly, fishing expedition.

### C. A Class Action is Not Superior to Other Methods of Resolving This Conflict

Rule 23(b)(3)'s superiority requirement also will not be served by class treatment because a case-by-case determination of liability will be required; entitlement to and amount of damages will vary by class member; and availability of statutory damages also cuts against a superiority argument. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 747 (5th Cir. 1996); Mot. at 24-25. Rather than meaningfully engage with any of these points, Plaintiff simply again claims that the analysis is premature, and in conclusory fashion cites the subparts of Rule 23(b)(3). Opp. at 24.

---

[11] Plaintiff's reliance on the takedown requests also fails because the proposed class is not limited to those who sent takedown notices: it includes those whose works were provided "without authorization." Compl. ¶ 113.

10

Dated: August 31, 2023

                                                   Respectfully submitted,

                                                   DAVIS WRIGHT TREMAINE LLP

                                                   By: */s/ James Rosenfeld*

                                                   James Rosenfeld
                                                   Hilary Oran
                                                   1251 Avenue of the Americas, 21st Floor
                                                   New York, New York 10020
                                                   Phone: (212) 489-8230
                                                   Fax:    (212) 489-8340
                                                   jamesrosenfeld@dwt.com
                                                   hilaryoran@dwt.com

                                                   Sean Sullivan (pro hac vice)
                                                   Sarah E. Burns (pro hac vice forthcoming)
                                                   865 S Figueroa Street, Suite 2400
                                                   Los Angeles, CA 90017
                                                   Phone: (213) 633-8644
                                                   Fax:  (213) 633-6899
                                                   seansullivan@dwt.com
                                                   saraburns@dwt.com

                                                   *Attorneys for Defendant Shutterstock, Inc.*

## **CERTIFICATE OF SERVICE**

I, James Rosenfeld, hereby certify that on August 31, 2023, a copy of the foregoing document was filed electronically and served by e-mail to all parties of record via ECF.

*/s/ James Rosenfeld*

James Rosenfeld
