UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

.......................................................................

CYNTHIA HERRICK, Individually and On         :
Behalf of All Others Similarly Situated,      :      1:23-cv-03191-JPC
                                              :
                         Plaintiff,           :      **ANSWER TO COMPLAINT**
                                              :
            - against -                       :
                                              :
SHUTTERSTOCK, INC.,                           :
                                              :
                         Defendant.           :

.......................................................................

  Defendant Shutterstock, Inc. ("Shutterstock"), by and through its undersigned attorneys,

hereby files its Answer and Affirmative Defenses to Plaintiff Cynthia Herrick's ("Plaintiff")

Class Action Complaint For Damages Based On Copyright Infringement (the "Complaint")

using the same headings and paragraph numbers employed by Plaintiff.  To the extent that the

headings assert allegations of act, Shutterstock denies those allegations.

## I. INTRODUCTION AND OVERVIEW

  1. Paragraph 1 contains conclusions of law to which no response is required.  To the

extent that such allegations are deemed to be allegations of fact, Shutterstock admits that

Plaintiff purports to assert claims for violation of the Copyright Act.  Shutterstock affirmatively

alleges that this Court dismissed Plaintiff's claim for falsification of copyright management

information and that Plaintiff chose not to amend the Complaint in response.  Shutterstock denies

the remaining allegations in Paragraph 1.

  2. Paragraph 2 contains conclusions of law to which no response is required.  To the

extent that such allegations are deemed to be allegations of fact, Shutterstock denies the

allegations.  Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for

falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.  Shutterstock otherwise denies the remaining allegations in Paragraph 2.

3.      Paragraph 3 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that Plaintiff purports to sue for money damages on behalf of herself and a class for a period from three years to the filing of the Complaint.  Shutterstock otherwise denies the remaining allegations in Paragraph 3, and specifically denies that any class should be certified in this case.[1]

4.      Paragraph 4 contains conclusions of law to which no response is required.

5.      Paragraph 5 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.  Shutterstock otherwise denies the remaining allegations in Paragraph 5, and specifically denies that any class should be certified in this case.

6.      Paragraph 6 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

7.      Paragraph 7 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that some contributors have submitted photographs for which they lack copyright ownership or a license, affirmatively alleges that when Shutterstock becomes aware of such situations it takes

---

[1] Footnote 1 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that contributors submit copyrighted works to Shutterstock which Shutterstock licenses to others.  It further admits that Shutterstock pays contributors a portion of the fee it charges and retains the remainder of the fee.  Shutterstock otherwise denies the remaining allegations in Footnote 1.

appropriate steps to avoid unauthorized licensing, and denies the remaining allegations in Paragraph 7.

8.      Paragraph 8 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to whether a contributor "copied [and] uploaded [Plaintiff's] copyrighted works to the Shutterstock platform," and therefore denies that allegation, and denies the remaining allegations in Paragraph 8.

9.      Shutterstock admits that it filed a form 10-K for the year ending December 31, 2022, and otherwise refers to the 10-K for a recitation of the contents thereof.

10.      Paragraph 10 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

11.      Paragraph 11 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.

## II.      JURISDICTION AND VENUE

12.      Paragraph 12 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that Plaintiff purports to bring claims for violation of the Copyright Act.  Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.  Shutterstock denies the remaining allegations in Paragraph 12.

13.     Paragraph 13 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that the Court has subject matter jurisdiction.

14.     Paragraph 14 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that the Court has personal jurisdiction over it.  Shutterstock denies the remaining allegations in Paragraph 14.

15.     Paragraph 15 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that venue is proper.  Shutterstock denies the remaining allegations in Paragraph 15.

16.     Paragraph 16 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that venue is proper.  Shutterstock denies the remaining allegations in Paragraph 16.

17.     Paragraph 17 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that its principal place of business is 350 Fifth Avenue, 20th Floor, New York, New York 10118.  It further admits that venue is proper.  Shutterstock denies the remaining allegations in Paragraph 17.

### III.   PARTIES

18.     Paragraph 18 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations about Ms. Herrick's residency or ownership of any copyrights and therefore denies those allegations.  Shutterstock denies the remaining allegations in Paragraph 18.

4

19.     Shutterstock admits the allegations in Paragraph 19.

20.     Paragraph 20 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.

## IV.     FACTUAL ALLEGATIONS

**A.     The Importance of US Copyright and Bundle of Rights.**

21.     Paragraph 21 contains conclusions of law to which no response is required.

22.     Paragraph 22 contains conclusions of law to which no response is required.

23.     Paragraph 23 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations.

24.     Paragraph 24 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations.

25.     Paragraph 25 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations.

26.     Paragraph 26 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations.

27.     Paragraph 27 contains conclusions of law to which no response is required.

28.     Paragraph 28 contains conclusions of law to which no response is required.

29.     Paragraph 29 contains conclusions of law to which no response is required.

30.     Paragraph 30 contains conclusions of law to which no response is required.
Shutterstock admits that a plaintiff must have a registered copyright in order to bring suit under
the Copyright Act.

31.     Paragraph 31 contains conclusions of law to which no response is required.
Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of
copyright management information and that Plaintiff chose not to amend the Complaint in
response.

**B.     Copyright Infringement of Plaintiff's Work Via Shutterstock.**

32.     Paragraph 32 contains conclusions of law to which no response is required.  To
the extent that such allegations are deemed to be allegations of fact, Shutterstock denies
knowledge or information sufficient to form a belief as to whether Plaintiff is a wildlife
photographer; whether she owns any copyrights; whether any photographs for which she owns a
copyright were displayed or licensed by Shutterstock without her permission; and whether any
licensing revenue was generated from any such licensing.  Shutterstock affirmatively alleges that
when Shutterstock becomes aware that contributors have submitted photographs for which they
lack copyright ownership or a license it takes appropriate steps to avoid unauthorized licensing.

33.     Paragraph 33 contains conclusions of law to which no response is required.  To
the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that the
referenced photograph appeared on a contributor account under the user name MTKhaled
mahmud and denies knowledge or information sufficient to form a belief as to the remaining
allegations in Paragraph 33.

34.     Paragraph 34 contains conclusions of law to which no response is required.  To
the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that a
contributor with the username MTKhaled mahmud uploaded a photo that was assigned ID

1726619095.  Shutterstock further admits that it received an email from someone identifying themself as Cynthia Herrick on January 24, 2022 to the infringementclaims@shutterstock.com email address, and refers to that email for a true and complete recitation of the contents thereof.

35.     Paragraph 35 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that the help@shutterstock.com email address received an email from someone identifying themself as Cynthia Herrick on January 25, 2022, and refers to that email for a true and correct recitation of the contents thereof.

36.     Shutterstock admits that the infringementclaims@shutterstock.com and help@shutterstock.com email addresses received two emails from someone identifying themself as Cynthia Herrick on January 24, 2022 and January 25, 2022 and refers to those emails for a true and correct recitation of the contents thereof.

37.     Shutterstock admits that the infringementclaims@shutterstock.com and help@shutterstock.com email addresses received two emails from someone identifying themself as Cynthia Herrick on January 24, 2022 and January 25, 2022, and refers to those emails for a true and correct recitation thereof.  It further admits that the Shutterstock website identified the photo assigned ID 1726619095 with a "high usage" designation at some point.

38.     Shutterstock admits that the photo assigned ID 1726619095 was licensed to CRC Press.  Shutterstock denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 38.

39.     Paragraph 39 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations.  Shutterstock

Answer to Complaint 4881-9329-1713 v.10
4881-9329-1713v.10 0108871-000012

affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

40.     Paragraph 40 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits it has not provided Plaintiff with an accounting or compensation for licensing fees related to the photo assigned ID 1726619095, and denies the remaining allegations in Paragraph 40.

41.     Paragraph 41 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 41.

42.     Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 42.

43.     Paragraph 43 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations concerning Shutterstock and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 43.  Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

44.     Paragraph 44 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.

45.     Paragraph 45 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the

Answer to Complaint 4881-9329-1713 v.10
4881-9329-1713v.10 0108871-000012

allegations and specifically denies that it did not terminate or void CRC Press's license for use of the photo assigned ID 1726619095.

46.     Paragraph 46 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.  Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

47.     Paragraph 47 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.

48.     Paragraph 48 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits it has not provided Plaintiff with the names of licensees or an accounting of licensing fees related to the photo assigned ID 1726619095 and denies the remaining allegations in Paragraph 48.

49.     Paragraph 49 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's ownership of a copyright in "Snowy Flowy Egret".  Shutterstock otherwise denies the allegations.

50.     Paragraph 50 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that the referenced photograph was uploaded to the Shutterstock platform by a contributor under the user

name MTKhaled mahmud.  Shutterstock denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 50.

51.     Paragraph 51 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that it received a fee for licensing the use of the photo assigned ID 1726619095 to CRC Press and for licensing the photograph referenced in Paragraph 51.  Shutterstock otherwise denies the remaining allegations in Paragraph 51.

52.     Paragraph 52 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that it received a fee for licensing the use of the photo assigned ID 1726619095 to CRC Press. Shutterstock denies the remaining allegations in Paragraph 52.

53.     Paragraph 53 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

**C.     Additional Factual Allegations Common to the Class.**

54.     Paragraph 54 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations, and specifically denies that any class should be certified in this case.

55.     Paragraph 55 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations, and specifically denies that any class should be certified in this case.

56.     Paragraph 56 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.

57.     Paragraph 57 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

58.     Paragraph 58 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.

59.     Paragraph 59 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.

**D.     Shutterstock's Business Model, Knowledge of Infringement and Retention of Ill-Gotten Gains.**

60.     Paragraph 60 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits it markets and sells photography and video licenses through subscription packages and individual licenses.  It further admits that sometimes those sales are made via its online archive and through approved contributors.  It otherwise denies the allegations.

61.      Shutterstock admits that it offers licenses and subscription packages for customers.

62.     Shutterstock admits that it offers packages that allow customers to license a certain amount of content per month or year.  Shutterstock otherwise denies the allegations in Paragraph 62.

63.     Shutterstock denies that its portfolio is "highly curated."  Shutterstock denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 63.

64.     Shutterstock admits that it offers limited indemnification for customers in some circumstances.  Paragraph 64 purports to describe Shutterstock advertisements without attaching them.  Because no particular advertisement is identified, Shutterstock denies knowledge or information sufficient to form a belief as to whether the allegations accurately describe any particular advertisement.

65.     Shutterstock admits the allegations in Paragraph 65.

66.     Shutterstock admits that the 10-K form referenced in Paragraph 66 and footnote 4 refers to a "content review process" but refers the Court to that document for its true and correct content.  Shutterstock otherwise denies the allegations.

67.     Shutterstock admits Paragraph 67 accurately quotes a portion of the 10-K form linked in footnote 5, but denies Paragraph 67's characterization of the text and refers the Court to that document for its true and correct content.  Shutterstock otherwise denies the allegations.

68.     Shutterstock admits Paragraph 68 accurately quotes a portion of the 10-K form linked in footnote 5, but refers the Court to that document for its true and correct content. Shutterstock otherwise denies the allegations.

69.     Shutterstock admits Paragraph 69 accurately quotes a portion of the 10-K form linked in footnote 5, but denies Paragraph 69's characterization of the text and refers the Court to that document for its true and correct content.

70.     Shutterstock admits that some of its photographs and videos are sourced from a global community of contributors who upload images and videos to its platform, and some

contributors are recruited by Shutterstock.  Shutterstock denies the remaining allegations in Paragraph 70.

71.      Shutterstock admits that is has a process by which it reviews contributors' credentials before allowing them to contribute photographs or videos of events like concerts, sporting events, concerts and other ticketed events that typically require permission to film or photograph.  Shutterstock otherwise denies the allegations in Paragraph 71.

72.      Shutterstock admits that photographs and videos are reviewed before they become available on Shutterstock's contributor platform.  Shutterstock denies the remaining allegations in Paragraph72.

73.      Shutterstock admits that photographs and videos are reviewed before they become available on Shutterstock's website.  Shutterstock denies that it reviews photographs for "commercial appeal" before they become available on Shutterstock's website and denies that it uses "discretion" in any such process.  It further denies that it uses discretion in conducting a review for technical quality.  Shutterstock denies the remaining allegations in Paragraph 73.

74.      Paragraph 74 purports to quote a Shutterstock document, but does not identify or attach the document.  Shutterstock therefore denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 74.

75.      Shutterstock admits that reviewers can escalate questions to review coordinators, who oversee reviewers.  Shutterstock denies the remaining allegations in Paragraph 75.

76.      Shutterstock admits that it typically reviews some metadata associated with contributor submissions.  Shutterstock denies the remaining allegations in Paragraph 76.

77.      Shutterstock denies the allegations in Paragraph 77.

78.     Paragraph 78 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.

79.     Paragraph 79 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that its licenses have specific license terms and otherwise denies the allegations in Paragraph 79.

80.     Paragraph 80 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations.

81.     Paragraph 81 contains conclusions of law to which no response is required.

82.     Paragraph 82 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that it employs a review process for photographs and videos submitted by contributors and that works can be offered for commercial or editorial use.  Shutterstock denies the remaining allegations in Paragraph 82.

83.     Paragraph 83 purports to quote a Shutterstock document, but the link it references in footnote 6 does not work and the Complaint does not otherwise identify or attach the quoted document.  Shutterstock therefore denies knowledge or information sufficient to form a belief as to the allegations.

84.     Shutterstock denies the allegations in Paragraph 84.

85.     Paragraph 85 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that it

operates an online photo licensing platform.  Shutterstock denies the remaining allegations in Paragraph 85.

86.     Shutterstock denies the allegations in Paragraph 86.

87.     Shutterstock admits that it makes contributor works available on its website and markets some of the works on the website.  It further admits that some works are given a "high usage" designation.  Shutterstock denies the remaining allegations in Paragraph 87.

88.     Paragraph 88 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations.

89.     Paragraph 89 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that footnote 8 accurately quotes an answer on the Shutterstock website linked in footnote 8, but denies Paragraph 89's characterization of the text and refers the Court to that document for its true and correct content.  Shutterstock denies the remaining allegations in Paragraph 89.

90.     Paragraph 90 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 90.

91.     Paragraph 91 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 91.

92.     Paragraph 92 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 92, and specifically denies that any class should be certified in this case.

Answer to Complaint 4881-9329-1713 v.10
4881-9329-1713v.10 0108871-000012

93.     Paragraph 93 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies that it reviews images for "aesthetics."  Shutterstock denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 93, and specifically denies that any class should be certified in this case.

94.     Paragraph 94 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 94, and specifically denies that any class should be certified in this case.

95.     Paragraph 95 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 95, and specifically denies that any class should be certified in this case.

96.     Paragraph 96 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 96, and specifically denies that any class should be certified in this case.

97.     Paragraph 97 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that it entered into agreements with TinEye, HelloRF, and StockFresh to integrate the Shutterstock API so those platforms can display images from the Shutterstock library.  Shutterstock denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 97, and specifically denies that any class should be certified in this case.

98.     Paragraph 98 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that it entered into agreements with TinEye, HelloRF, and StockFresh to integrate the Shutterstock API so those platforms can display images from the Shutterstock library.  It further admits that those sites sometimes advertise Shutterstock licenses and direct customers to the Shutterstock platform.  Shutterstock otherwise denies the allegations in Paragraph 98.

99.     Paragraph 99 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that it entered into agreements with TinEye, HelloRF, and StockFresh to integrate the Shutterstock API.  Shutterstock denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 99, and specifically denies that any class should be certified in this case.

100.    Paragraph 100 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that it works with partner sites.  It otherwise denies the allegations.

101.    Paragraph 101 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock refers the Court to its API terms for their true and correct content.

102.    Paragraph 102 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits it partners with the referenced companies and denies knowledge or information sufficient to form a belief as to the actions of the companies.

103.    Paragraph 103 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock admits that it works with partner sites.  It otherwise denies the allegations.

104.    Paragraph 104 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 104, and specifically denies that any class should be certified in this case.

105.    Paragraph 105 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies that it always receives a financial benefit from the licensing of works from contributor accounts. Shutterstock further denies that the fee splits described in this paragraph apply to all licenses. Shutterstock denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 105.

106.    Paragraph 106 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Paragraph 106 purports to be based on a Shutterstock document, but does not identify or attach the document.  Shutterstock therefore denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 106.

107.    Paragraph 107 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 107, and specifically denies that any class should be certified in this case.

108.     Paragraph 108 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 108, and specifically denies that any class should be certified in this case.

109.     Paragraph 109 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 109, and specifically denies that any class should be certified in this case.  Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

110.     Paragraph 110 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 110, and specifically denies that any class should be certified in this case.  Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

## V.     TOLLING OF THE STATUTE OF LIMITATIONS

111.     Paragraph 111 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 111, and specifically denies that any class should be certified in this case.

112.     Paragraph 112 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the

allegations in Paragraph 112, and specifically denies that any class should be certified in this case.

## VI.    CLASS ACTION ALLEGATIONS

113.    Paragraph 113 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

114.    Paragraph 114 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

115.    Paragraph 115 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

116.    Paragraph 116 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

117.    Paragraph 117 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

118.    Paragraph 118 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

119.    Paragraph 119 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

120.     Paragraph 120 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

121.     Paragraph 121 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

122.     Paragraph 122 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

123.     Shutterstock denies the allegations in Paragraph 123, and specifically denies that any class should be certified in this case.

124.     Paragraph 124 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations, and specifically denies that any class should be certified in this case.

## VII.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Infringement of Copyrights (17 U.S.C. §§ 106, 501)

125.     No answer is required to Paragraph 125.  To the extent an answer is required, Shutterstock incorporates by reference its answers contained in Paragraphs 1 through 124, inclusive.

126.     Paragraph 126 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 126.

127.     Paragraph 127 contains conclusions of law to which no response is required.

128.     Paragraph 128 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 128, and specifically denies that any class should be certified in this case.

129.     Paragraph 129 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 129, and specifically denies that any class should be certified in this case.

130.     Paragraph 130 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 130, and specifically denies that any class should be certified in this case.

131.     Paragraph 131 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 131, and specifically denies that any class should be certified in this case.

132.     Paragraph 132 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 132, and specifically denies that any class should be certified in this case.

133.     Paragraph 133 contains conclusions of law to which no response is required.

134.     Paragraph 134 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the

allegations in Paragraph 134, and specifically denies that any class should be certified in this case.

135.     Paragraph 135 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as t the allegations in Paragraph 135, and specifically denies that any class should be certified in this case.

136.     Paragraph 136 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 136, and specifically denies that any class should be certified in this case.

137.     Paragraph 137 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 137, and specifically denies that any class should be certified in this case.

138.     Paragraph 138 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 138.

### **SECOND CLAIM FOR RELIEF**

### **Vicarious and/or Contributory Copyright Infringement**

139.     No answer is required to Paragraph 139.  To the extent an answer is required, Shutterstock incorporates by reference its answers contained in Paragraphs 1 through 138, inclusive.

140.     Paragraph 140 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the

allegations in Paragraph 140, and specifically denies that any class should be certified in this case.

141.    Paragraph 141 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 141, and specifically denies that any class should be certified in this case.

142.    Paragraph 142 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 142.

143.    Paragraph 143 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 143, and specifically denies that any class should be certified in this case.

144.    Paragraph 144 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 144, and specifically denies that any class should be certified in this case.

145.    Paragraph 145 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 145

146.    Paragraph 146 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the

allegations in Paragraph 146, and specifically denies that any class should be certified in this case.

147.    Paragraph 147 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 147, and specifically denies that any class should be certified in this case.

148.    Paragraph 148 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 148, and specifically denies that any class should be certified in this case.

149.    Paragraph 149 contains conclusions of law to which no response is required.  To the extent that such allegations are deemed to be allegations of fact, Shutterstock denies the allegations in Paragraph 149.

## THIRD CLAIM FOR RELIEF

## Violations of Copyright Management Information (17 U.S.C. §§ 1202 & 1203)

150.    No answer is required to Paragraph 150.  To the extent an answer is required, Shutterstock incorporates by reference its answers contained in Paragraphs 1 through 149, inclusive.  Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

151.    Paragraph 151 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

152.     Paragraph 152 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

153.     Paragraph 153 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

154.     Paragraph 154 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

155.     Paragraph 155 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

156.     Paragraph 156 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

157.     Paragraph 157 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of

copyright management information and that Plaintiff chose not to amend the Complaint in response.

158.     Paragraph 158 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

159.     Paragraph 159 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

160.     Paragraph 160 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

161.     Paragraph 161 contains conclusions of law to which no response is required. Shutterstock affirmatively alleges that this Court dismissed Plaintiff's claim for falsification of copyright management information and that Plaintiff chose not to amend the Complaint in response.

## VIII.   <u>PRAYER FOR RELIEF</u>

Shutterstock denies the allegations set forth in the Prayer for Relief on the grounds that it contains legal conclusions to which no response is required, and avers that Plaintiff is not entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

Shutterstock asserts the following affirmative defenses based upon information presently available and reserves the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available.

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim for which the relief sought may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims and/or the claims of others alleged to be members of the putative class are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.      Without admitting the use of any copyrighted material allegedly owned by Plaintiff and/or others alleged to be members of the putative class, the conduct complained of in the Complaint was impliedly and/or expressly licensed.

### FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint, and each and every cause of action therein, is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's and/or others alleged to be members of the putative class's claims are barred by the safe harbors provided by the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's and/or others alleged to be members of the putative class's claims and/or the remedies Plaintiff and/or others alleged to be members of the putative class seek are barred by her and/or their failure to comply, or timely comply, with the Copyright Act of 1976

§§ 101 *et seq*, including but not limited to 17 U.S.C. §§ 401, and 407 through 412, and each of them.

### SEVENTH AFFIRMATIVE DEFENSE

7.      This action is not properly maintainable as a representative action because Plaintiff's claims or defenses are unique to Plaintiff and/or Plaintiff is not capable of adequately representing the putative class members.

### EIGHTH AFFIRMATIVE DEFENSE

8.      This action is not properly maintainable as a class action, because Plaintiff cannot establish all the elements necessary for class certification.  In particular: (a) the types of claims alleged by the named Plaintiff on behalf of herself and the putative class members (the existence of which Shutterstock expressly denies) are matters in which individual questions predominate and, accordingly, are not appropriate for class action treatment; (b) Plaintiff fails to meet legal numerosity requirements; (c) the claims alleged by Plaintiff are neither common to nor typical of those, if any, of the putative class members Plaintiff purports to represent; (d) Plaintiff is not "similarly situated" to other putative class members, and therefore cannot pursue a class action lawsuit against Shutterstock; and (e) Plaintiff is not an adequate representative of the putative class members.

### NINTH AFFIRMATIVE DEFENSE

9.      If Plaintiff and/or any of the putative class members sustained any damages, which Shutterstock denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff, putative class members, and/or third parties, or Plaintiff, putative class members and/or third parties otherwise were at fault.  Plaintiff and/or any of the putative class members are therefore not entitled to any relief under the Complaint or under any cause of

action purported to be alleged against Shutterstock therein, or Plaintiff and/or any of the putative

class members' recovery, if any, should thereby be reduced in proportion to Plaintiff's fault, or

the fault of putative class members or third parties.

## TENTH AFFIRMATIVE DEFENSE

10.     To the extent Plaintiff and/or others alleged to be members of the putative class

seek relief on behalf of purported class members who have not suffered any damages, the

Complaint and each of its claims for relief violate Shutterstock's due process rights under the

United States Constitution and also Rule 23.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Without in any way admitting any infringement, which is denied, Plaintiff's

and/or others alleged to be members of the putative class's damages, if any, are limited because

the alleged infringement was innocent.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's and/or others alleged to be members of the putative class's request for

injunctive relief is barred by the lack of any irreparable harm from the alleged conduct by

Shutterstock.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's and/or others alleged to be members of the putative class's request for

injunctive relief is barred because Plaintiff and/or others alleged to be members of the putative

class have an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's and/or others alleged to be members of the putative class's claims are

barred because Shutterstock has not reaped any profits attributable to any alleged

infringement(s).

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff is not entitled to costs, attorneys' fees and/or statutory damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff and/or others alleged to be members of the putative class have not suffered any actual damages.

## ADDITIONAL DEFENSES

Shutterstock reserves the right to assert additional separate defenses as discovery proceeds in this case.  Shutterstock further reserves the right to supplement, amend, or modify each of these separate and additional defenses, as appropriate, based on information obtained during the litigation.

## RELIEF REQUESTED

WHEREFORE, Shutterstock respectfully requests the following relief:

(a)     Plaintiff's Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of Shutterstock;

2.     Plaintiff takes nothing by reason of its Complaint;

3.     Shutterstock be awarded its costs of suit, including reasonable attorneys' fees and costs to the extent permitted by law; and

4.     The Court award such other and further relief as the Court deems just and proper.

Dated: New York, New York
        June 3, 2024

                                Respectfully submitted,

                                /s/ James Rosenfeld

                                DAVIS WRIGHT TREMAINE LLP

                                    James Rosenfeld
                                    1251 Avenue of the Americas, 21st Floor
                                    New York, New York 10020
                                    Phone:     (212) 489-8230
                                    Fax:         (212) 489-8340
                                    jamesrosenfeld@dwt.com

                                    Sean Sullivan (pro hac vice pending)
                                    Sarah E. Burns (pro hac vice forthcoming)
                                    865 S Figueroa Street, Suite 2400
                                    Los Angeles, CA 90017
                                    Phone: (213) 633-8644
                                    Fax:  (213) 633-6899
                                    seansullivan@dwt.com
                                    saraburns@dwt.com

                                    Attorneys for Defendant Shutterstock, Inc.
                                    *Attorneys for Shutterstock, Inc.*

Answer to Complaint 4881-9329-1713 v.10
4881-9329-1713v.10 0108871-000012