**Davis Wright Tremaine LLP**

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**James Rosenfeld**
(212) 603-6455 tel
(212) 489-8340 fax

jamesrosenfeld@dwt.com

July 9, 2024

**ECF**

Hon. John P. Cronan
United States Courthouse
Southern District of New York
500 Pearl St.
New York, NY 10007-131

**Re:** *Cynthia Herrick et al. v. Shutterstock, Inc.*, 1:23-cv-03191-JPC

Dear Judge Cronan:

Pursuant to the Court's Order dated June 6, 2024 (Dkt. No. 40), Plaintiff Cynthia Herrick ("Plaintiff") and Defendant Shutterstock, Inc. ("Shutterstock"), respectfully submit this joint letter to the Court in connection with the initial pretrial conference, currently scheduled for July 16, 2024 at 3:00 P.M.

1. **A brief statement of the nature of the action and the principal defenses thereto**
   **Plaintiff's position:**

Plaintiff, individually, alleges that her copyrighted photo was infringed by Shutterstock, the world's largest stock photo licensing agency. While Shutterstock may enjoy immunity from liability for its pre-takedown notice activity, Plaintiff is focused on liability after the takedown notice is sent.  Despite a takedown notice sent to Shutterstock and despite Shutterstock not having a valid license to exploit Plaintiff's photo, Shutterstock took down Plaintiff's photo from its licensing platform, but Plaintiff alleges that Shutterstock failed to void any purported licenses it had granted to its "licensees" before receiving Plaintiff's request and retained fees it collected from those "licenses" it sold to its customers.  Plaintiff, on behalf of herself, and those similarly situated, seeks to certify a class of copyright holders pursuant to Federal Rule of Civil Procedure 23(a) and Federal Rules 23(b)(2) and 23(b)(3), which consists of:

> "All persons and entities whose copyrighted work was licensed by Shutterstock, who sent Shutterstock a notice to take down copyrighted works, and from which Shutterstock generated and retained licensing revenue from a Shutterstock contributor who did not have authorization to exploit any class members' copyrighted work, from three years before the date of filing of this Complaint to the present ("the Class"). The Class also includes all persons and entities whose copyrighted work was licensed by Shutterstock from a Shutterstock contributor who did not have authorization to exploit any class members' copyrighted work and unauthorized licensees who continued to distribute the copyrighted works which contain false copyright management information."

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

4853-8842-4910v.3 0108871-000012

Hon. John P. Cronan
July 9, 2024
Page 2

Plaintiff may seek to expand the time frame beyond three years to when Shutterstock first operated under *Warner Chappell Music, Inc. v. Nealy*, 144 S. Ct. 1135 (2024).

**Shutterstock's position:**

Shutterstock asserts that Plaintiff's claims and the claims of any putative class are barred by the safe harbors provided by the Digital Millennium Copyright Act, 17 U.S.C. § 512. Shutterstock also asserts that Plaintiff's claims are barred by the relevant statute of limitations; that Plaintiff has not suffered damages; and that the claims are barred by the Copyright Act of 1976 §§ 101 *et seq*, including but not limited to 17 U.S.C. §§ 401, and 407 through 412, among other defenses. It will also oppose any motion Plaintiff brings to certify a class on the grounds that the putative classes are improper fail-safe classes; the classes are not ascertainable; and Plaintiff cannot show that common issues will predominate among putative class members.

2. **A brief explanation of why jurisdiction and venue lie in this Court**

This Court has original and exclusive subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyright). This Court has personal jurisdiction over Defendant because Defendant availed itself of the privileges of conducting business in this District and in the State of New York and has obtained a direct benefit from such infringements. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant may be found in this District and Shutterstock maintains its principal place of business in this District at 350 Fifth Avenue, 20th Floor, New York, New York 10118.

3. **A brief description of all outstanding motions and/or all outstanding requests to file motions**

The parties intend to submit a stipulated protective order. Plaintiff also may seek to amend the class definition to reflect the change in damages that go back to the date of all takedowns sent since Shutterstock began operating. *See Warner Chappell Music, Inc. v. Nealy*, 144 S. Ct. 1135 (2024).

Shutterstock previously filed a motion to dismiss Plaintiff's claim for distribution of false CMI under DMCA Section 1202. It simultaneously moved to strike Plaintiff's class claims on the ground that the Complaint failed to plausibly plead that her proposed classes met the requirements of Rule 23. On March 29, 2024 (Dkt. 33), the Court dismissed Plaintiff's claim for falsification of copyright management information. The Court denied the motion to strike as premature. Plaintiff chose not to amend the Complaint in response.

4. **A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations;**

No discovery has taken place. Plaintiff intends to seek information related to 1) all takedown notices that Shutterstock received from copyright holders (or those that have a right to pursue copyright claims) 2) that Shutterstock accepted and took down all photos from their

Hon. John P. Cronan
July 9, 2024
Page 3

licensing platform 3) and received licensing fees for those photos and 4) all licensing fees that were subject to an accepted takedown, including the names of the "licensees"; 5) and generally documents that show the procedure, policies, factors, standards, laws and regulations applied when Shutterstock determines that a photo is to be taken down and what, if any, communications are made to its customers that purchased a license to a photo that was subject to a takedown notice. Before engaging in settlement discussions, Shutterstock will seek information to related to Ms. Herrick's (and if a class is certified, other class members') prior licensing of the subject photographs and comparable photographs.

5. **A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any**

    Counsel briefly discussed settlement during the Rule 26(f) call on June 24, 2024.

6. **The estimated length of trial**

    The parties estimate that trial of Plaintiff's case is likely to require 2 to 3 days. If the case proceeds as a class action, trial on the class claims is likely to require at least 5 to 10 days.

7. **Any other information that the parties believe may assist this Court in resolving the action.**
    a. **Plaintiff**

    With regard to the written discovery and depositions that Plaintiff intends to conduct, Plaintiff respectfully submits that no limitations or phases be imposed on conducting discovery. Plaintiffs do not believe that discovery should be bifurcated into "class" and "merits" fact discovery, including expert discovery. All experts should be disclosed with respect to both merits and class issues, and all expert discovery on merits and class issues (and any Daubert briefing) should be conducted prior to class certification proceedings. It makes logical and economic sense for all expert disclosures and discovery to occur promptly following the closure of fact discovery.

    a. **Defendant Shutterstock**

    Shutterstock intends to ask for bifurcation of discovery with discovery initially limited to plaintiff's individual claim and to issues relevant to class certification. *See* Fed. R. Civ. P. 26(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Shutterstock believes class-wide merits discovery should be held in abeyance unless and until the Court certifies Plaintiff's proposed class. Plaintiff opposes. Plaintiff has shared electronically stored information (ESI) issues Plaintiff anticipates may arise in discovery.

Hon. John P. Cronan
July 9, 2024
Page 4

  The parties are willing to submit letter briefs on the bifurcation issue if it would assist the Court.

  Thank you for the Court's attention to this matter.

           Respectfully submitted,

           *James Rosenfeld*

           James Rosenfeld

Cc: Counsel of record via ECF

4853-8842-4910v.3 0108871-000012