# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CYNTHIA HERRICK, Individually and On Behalf of All Others Similarly Situated,** )<br>)<br>)<br>)<br>*Plaintiff* )<br>)<br>**v.** )<br>)<br>**SHUTTERSTOCK, INC.** )<br>)<br>*Defendant.* ) | **Case. No. 1:23-cv-03191-JPC** |

**PLAINTIFF HERRICK'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SHUTTERSTOCK, INC.**

1

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Herrick herby requests that Defendant Shutterstock, Inc. ("Shutterstock") produce all documents and things described below for examination, inspection, and copying, in accordance with the definitions and instructions that follow.  Defendant shall serve a written response to these requests and produce responsive documents at the offices of Cera LLP, 201 California Street, Suite 1240, San Francisco, CA 94111, within 30 days of service, in accordance with the definitions and instructions that follow.

These Requests are continuing in nature and all responses must be supplemented in accordance with Federal Rule of Civil Procedure 26(e).

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

The definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York are expressly incorporated by reference and shall apply to these document requests.

1.    "All," "any," and "each" shall each be construed as encompassing any and all.

2.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    "**Complaint**" is Plaintiff's Class Action Complaint For Damages Based On Copyright Infringement filed in this action, Case. No. 1:23-cv-03191-JPC on April 17, 2024 (Doc. 1), and any subsequently filed amended complaints.

4.    "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.    "**Defendant**" refers to Shutterstock, Inc., and documents it has access to or control

2

over, and any of its subsidiaries, heirs, administrators, successors, predecessors, licensors, licensees, publishers, sub-publishers, assigns, executives, officers, managers, directors, employees, interns, partners, subordinates, affiliates, agents, representatives, consultants, customers, shareholders and their members, both collectively and individually, and any and all other persons, corporations, or other entities acting under the supervision, direction, control, or on behalf of any of the foregoing.

6.    "**Shutterstock's Answer**" means Defendant Shutterstock's Answer filed in this action, Case. No. 1:23-cv-03191-JPC on June 30, 2024 (Doc. 38).

7.    As used herein, the terms "**Document**" or "**Documents**" are to be construed in the broadest possible manner and include all electronically stored information, originals and all copies of correspondence, memoranda, notes, records, stenographic records, recordings, schedules, tabulations, tables, charts, reports, lists, agreements, files, dossiers, curriculum vitae, diaries, calendars, studies, summaries, synopses, analysis of electronic or mechanical recordings, telegrams, graphs, books, log sheets, ledgers, accounting statements, invoices, vouchers, orders, order forms, receipts, transcripts and messages (including report of telephone conversation and conferences), minutes and transcripts of meetings, inter and intra-office **Communications**, microfilm, microfiche, computer printouts, databases and documents or information stored in electronic media, such as data stored on a computer, network, server, backup, archive or other storage media, email messages, voicemails, instant messages, text messages, Facebook messages, Instagram messages, Whatsapp messages, Slack, iMessage, Signal, mms, mms, electronic calendars, audio files, data on handheld devices, animation, metadata, graphics, photographs, databases, spreadsheets, websites, drawings and all other types of digital data stored in any format, photographs, photographic negatives, movies, videotapes, sketches, sketches, diagrams, blue and

black line prints, drawings, drafts of writings and all other written, printed, stored or recorded material of any kind. Where any of the "**Documents**" were transmitted by means of electronic or telephonic transmission (i.e., fax), any cover sheet accompanying the document and all attachments are included in this definition.

8.     "**Identify**" or "**Specify**" means:

a.     When used in reference to a person, to state his/her full name, present or last known address, present or last known telephone number, and when referring to a natural person, additionally, the present or last known place of employment.

b.     When used in reference to a **Document**, state the type of **Document**, general subject matter, date of the **Document**, author(s), addressee(s), recipient(s), and the present or last known location and custodian of the original of the **Document** and any copies thereof. If any such **Document** was, but is no longer, in **Your** possession or custody or subject to **Your** control, state what disposition was made of it, the date, by whom, and at whose direction;

c.     When used in reference to a **Communication**, state the type of **Communication** (e.g., letter, personal conversation, meeting, etc.), and whether the **Communication** was oral or in writing. If the **Communication** was oral, state the date of the **Communication**, the parties thereto, the place and approximate time thereof, the substance of what was said by each party, and the **Identity** of all other persons present; if the **Communication** was written, produce the writing;

d.     When used in reference to an act, fact, or event, to state the substance of the

act or event, the date, time, and place of performance, and the identity of the actor and/or all other persons present; and

e.    When used in reference to an omission, to state the substance of the act which **You** contend should or would have been performed, the time and date when such act should or would have been performed, and the person who should or would have performed such act.

9.    "**Income**" shall mean wages, revenue earnings, interest, profits (or loss), gains or any other return of money or other remuneration received or owed to **You**, or paid by **You**, in exchange for labor, services, licensing fees, sale, or lease of goods or invested capital or any combination thereof.

10.    "**Person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.    "**Subject Photograph/Plover"** is defined as one of Plaintiff's photograph at issue in the **Complaint,** a copy of which is attached as Exhibit A to the **Complaint**, and the name of the work is "Snowy Plover Baby's First Step," bearing U.S. Copyright Registration Number VA 2-291-805.

12.    "**Subject Photograph/Egret"** is defined as one of Plaintiff's photograph at issue in the **Complaint**, a copy of which is attached at Exhibit B to the **Complaint**, and the name of the work is "Snowy Flowy Egret," bearing U.S. Copyright Registration Number VAu 1-461-254.

13.    **Subject Photographs** is defined as both **Subject Photograph/Plover** and **Subject Photograph/Egret.**

5

14.     Shutterstock Inc. also means its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, agents, management, representatives, contractors, employees, and/or any other **Persons** acting or purporting to act on its behalf.

15.     References to the feminine shall include the masculine or any other pronoun used by a **Person**; references to the masculine shall include the feminine or any other pronoun used by a **Person**.

16.     References to the plural shall include the singular; references to the singular shall include the plural.

17.     "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same." If **You** limit the information provided because **You** use another interpretation of the word "similar," please state the interpretation **You** are using and reveal the nature of the information withheld.

18.     "**Relates To**" means evidences, supports, concerns, constitutes, contains, records, discusses, describes, summarizes, analyzes, discloses, and/or refers to, in whole or in part.

19.     "**Take Down Notice**" or "**Cease-and-Desist Notice**" or "**DMCA Notice**" or "**DMCA Notification**" refers to any **Communication** regarding the removal of copyrighted works due to alleged infringement. This includes **Documents** that constitute, show, or reflect **DMCA Notifications** received, the identities of designated copyright agents who received takedown notices, **Communications** with customers who purchased licenses for photographs subjected to takedown notices, policies, procedures, handling of licenses, and actions taken by Shutterstock upon receiving such notices This definition does not include internal policies and

6

procedures unrelated to specific takedown notices.

20.    "**Licensee Customer**" refers to customers of Shutterstock or its partners, subsidiaries, affiliates, agents, representatives, assigns, or any other **Persons** or entities authorized to act on its behalf, who licensed a photograph from the Shutterstock database or through its website, such as CRC Press (TAYLOR & FRANCIS GROUP, LLC) as plead in as an example from Plaintiff's **Complaint**.

21.    "**You**," "**Your**," or "**Yourself**" refers to Defendant Shutterstock, Inc. and its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, agents, management, representatives, employees, shareholders and their members, both collectively and individually, attorneys, and/or any other **Persons** acting or purporting to act on its behalf.

22.    With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

23.    The Class definition, as alleged in the **Complaint**, and subject to this discovery include all **Persons** and entities (the "**Class**") whose copyrighted work were licensed by Shutterstock, and who sent Shutterstock a notice to take down copyrighted works, and from which Shutterstock generated and retained licensing revenue from a Shutterstock contributor who did not have authorization to exploit any class members' copyrighted work, from the date Shutterstock was formed before the date of filing of this **Complaint** to the present ("the Class") until the present, unless otherwise limited.

<u>**DOCUMENTS REQUESTED**</u>

<u>**DOCUMENT REQUEST NO. 1**</u>

All **Documents**, electronically stored information, and tangible things that **You** have in **Your** possession, custody, or control and may use to support Shutterstock's defenses as alleged in **Shutterstock's Answer**.

<u>**DOCUMENT REQUEST NO. 2**</u>

All **Documents**, electronically stored information, and tangible things that **You** have in **Your** possession, custody, or control **You** expect, intend, or anticipate offering into evidence during the trial or relying on in any motions or hearings of this matter.

<u>**DOCUMENT REQUEST NO. 3**</u>

All **Documents**, electronically stored information, and tangible things provided to any **Person** who may or will offer expert testimony on **Your** behalf and/or upon which any expert will rely for his or her testimony on **Your** behalf.

<u>**DOCUMENT REQUEST NO. 4**</u>

All **Communications** between **You** and any **Person** who may or will offer expert testimony on **Your** behalf.

<u>**DOCUMENT REQUEST NO. 5**</u>

All witness statements recorded or transcribed or made in writing between **You** and any Class **Person** who may or will offer testimony.

<u>**DOCUMENT REQUEST NO. 6**</u>

All **Documents** that show a license or sublicense contract related to Plaintiff's **Subject Photographs**.

//

8

**DOCUMENT REQUEST NO. 7**

All **Communications** relating to Plaintiff's **Subject Photographs**, including those between any Shutterstock customer, and including but not limited to TAYLOR & FRANCIS GROUP, LLC.

**DOCUMENT REQUEST NO. 8**

All **Documents** which constitute, show, or reflect Shutterstock's knowledge of Plaintiff's intellectual property rights relating to Plaintiff's **Subject Photographs**.

**DOCUMENT REQUEST NO. 9**

All **Documents** that show all **Income** generated from any source related to Plaintiff's **Subject Photographs**.

**DOCUMENT REQUEST NO. 10**

All **Documents** which refer or relate to Shutterstock contributor "MTKhaledMahmud," including but not limited to any photos this contributor uploaded to Shutterstock (whether or not the photo was ultimately approved by Shutterstock), any licenses issued to **Licensee Customers** for photos uploaded to this contributor's account, or any **Communications** it sent or received from this contributor.

**DOCUMENT REQUEST NO. 11**

All **Documents** which constitute, show, or reflect all actions that Shutterstock took upon receiving notice that Shutterstock was allegedly infringing Plaintiff's **Subject Photographs**.

**DOCUMENT REQUEST NO. 12**

All **Documents** which constitute, show, or reflect any entities or sources from which **You** received Plaintiff's **Subject Photographs**, including any licensing, assignment, transfer, or distribution of the **Subject Photographs** to **You** by any other entity.

**DOCUMENT REQUEST NO. 13**

All **Documents** which constitute, show, or reflect any agreements between **You** and Plaintiff concerning the **Subject Photographs**.

**DOCUMENT REQUEST NO. 14**

All **Documents** which constitute, show or reflect **Your** right to exploit the **Subject Photographs**.

**DOCUMENT REQUEST NO. 15**

All **Documents** which constitute, show, reflect, refer to, mention concern, or may provide evidence of **Your Communications** internally in connection with the use of photography that **You** do not own, including but not limited to the **Subject Photographs**.

**DOCUMENT REQUEST NO. 16**

All **Documents** which refer to or reflect the date(s) on which **You** first began copying, distributing, displaying or offering for sale:

      a.  **Subject Photograph/Plover**

      b.  **Subject Photograph/Egret**

**DOCUMENT REQUEST NO. 17**

All **Documents** which refer to or reflect the date(s) on which **You** first stopped copying, distributing, displaying or offering for sale:

      a.  **Subject Photograph/Plover**

      b.  **Subject Photograph/Egret**

**DOCUMENT REQUEST NO. 18**

All **Documents** which refer or reflect the date(s) on which **You** licensed:

      a.  **Subject Photograph/Plover**

      b.  **Subject Photograph/Egret**

10

**D**OCUMENT **R**EQUEST **N**O. 19

All **Documents** which refer or reflect all **Communications** with any **Licensee**

**Customers** of the **Subject Photographs** after **You** received a **Take Down Notice**.

**D**OCUMENT **R**EQUEST **N**O. 20

All **Documents** which refer to or reflect the date(s) on which **You** first removed from

**Your** customer facing website:

      a.  **Subject Photograph/Plover**

      b.  **Subject Photograph/Egret**

**D**OCUMENT **R**EQUEST **N**O. 21

All **Documents** which constitute, show, or reflect artist attribution to the author of:

      a.  **Subject Photograph/Plover**

      b.  **Subject Photograph/Egret**

**D**OCUMENT **R**EQUEST **N**O. 22

All **Documents** which constitute, show, or reflect all steps that **You** took upon receiving

notice that **You** were allegedly infringing Plaintiff's intellectual property rights.

**D**OCUMENT **R**EQUEST **N**O. 23

All **Documents** which constitute, show, reflect, refer to, mention, concern, or may

provide evidence of, any and all revenue **You** generated in connection with Plaintiff's **Subject**

**Photographs**.

**D**OCUMENT **R**EQUEST **N**O. 24

All electronically stored information, including without limitation, computer files and

archived records containing images of Plaintiff's **Subject Photographs**.

//

11

**DOCUMENT REQUEST NO. 25**

To the extent not produced in response to any request above, any **Document** that **Relates To** or references Plaintiff.

**DOCUMENT REQUEST NO. 26**

All **Documents** referenced in **Your** responses to Plaintiff's Interrogatories.

**DOCUMENT REQUEST NO. 27**

**Documents** sufficient to show **Your** corporate structure, especially any department related to **Take Down Notices** and Copyright ownership.

**DOCUMENT REQUEST NO. 28**

All **Documents** that refer to or reflect **Your** policies, effective as the date on which **You** published either **Subject Photograph/Plover** or **Subject Photograph/Egret**, which apply to **Your** use of the copyrighted material of third parties, including photographs like Plaintiff's **Subject Photographs** of "shutterstock.com."

**DOCUMENT REQUEST NO. 29**

All **Documents** which constitute, show reflect, refer to, mention, concern, or may provide evidence of, instructions, training, specifications, and/or guidelines provided by **You** and **Your** employees and/or third party independent contractors to prevent, avoid, and/or protect against both intentional and unintentional copyright infringement by **You** before and up to the filing of this lawsuit.

**DOCUMENT REQUEST NO. 30**

All **Documents** that constitute, show, or reflect **Your** procedure for handling, managing, or dealing with **DMCA Notifications**.

//

**DOCUMENT REQUEST NO. 31**

All **Documents** that constitute, show, or reflect **Your** procedure to confirm copyright ownership.

**DOCUMENT REQUEST NO. 32**

**Documents** sufficient to show the identity of any designated copyright agents who received any **Take Down Notices** during the Class Period from when Shutterstock was formed to the present.

**DOCUMENT REQUEST NO. 33**

All **Documents** referring or relating to Shutterstock's Segment tracking system's tracking of the photographs subject to **DMCA Notices** and viewers thereof of those photographs.

**DOCUMENT REQUEST NO. 34**

All **Documents** related to Shutterstock's handbooks, manuals, training, policies, procedures, guidelines, and/or written or video directives or instructions related to the handling of licenses sold to Shutterstock customers that were subject to a takedown notice by a copyright owner of a photo.

**DOCUMENT REQUEST NO. 35**

All **Documents** which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, instructions, training, specifications, and/or guidelines provided by Shutterstock to **Your** employees and/or third party independent contractors to prevent, avoid, and/or protect against both intentional and unintentional copyright infringement by Shutterstock before and up to the time of publication of the disputed uses of the photographs subject to the Class definition from when Shutterstock was formed until the present.

//

**DOCUMENT REQUEST NO. 36**

All **Documents** that refer to or reflect Shutterstock's policies, effective as of the date on which Shutterstock published the subject photos of the Class Definition (dated back to when Shutterstock was formed), which apply to Shutterstock's exploitation of the copyrighted works by third parties, including photographs on "shutterstock.com."

**DOCUMENT REQUEST NO. 37**

All **Documents** that constitute, show, or reflect Shutterstock's actions for handling, managing, and addressing **DMCA Notifications** and which Shutterstock did in fact take down a photograph that was subject to **DMCA Notifications** (a takedown notice) and which Shutterstock sold to its customer a license to a photograph and which photograph was later subject to a **DMCA Notification**.

**DOCUMENT REQUEST NO. 38**

All **Documents** related to **Your** handling (including **Your** policies and procedures) of **Cease-and-Desist Notices** from copyright holders.

**DOCUMENT REQUEST NO. 39**

All **Documents** related to Shutterstock's policies and procedures for voiding a **Licensee Customers'** use of a photo after determining that a **DMCA Notice** by the photo's copyright holder met the basic requirements under the DMCA.

**DOCUMENT REQUEST NO. 40**

**Documents** that show the circumstances under which Shutterstock has authority to terminate or void a license with its **Licensee Customer**.

//

//

14

**D**OCUMENT **R**EQUEST **N**O. **41**

All **Documents** concerning Shutterstock's DMCA policy as displayed to the public on its website.

**D**OCUMENT **R**EQUEST **N**O. **42**

**Documents** that show that Shutterstock's contributors do nothing more than upload and remove photos from their Shutterstock accounts, while Shutterstock handles the entire licensing process with its **Licensee Customers**.

**D**OCUMENT **R**EQUEST **N**O. **43**

All **Documents** related to Shutterstock's policies and procedures for distribution of photos to third parties, whether **Licensee Customers**, advertising affiliates, or resellers.

**D**OCUMENT **R**EQUEST **N**O. **44**

All **Documents** reflecting the **Identity** of all **Persons** who uploaded the subject photography as defined in the Class definition from when Shutterstock was formed to the present to Shutterstock's website.

**D**OCUMENT **R**EQUEST **N**O. **45**

All **Documents** which constitute, show, or reflect Shutterstock obtaining all photographic works from all proposed Class members from when Shutterstock was formed to the present.

**D**OCUMENT **R**EQUEST **N**O. **46**

All **Documents** that constitute, show, or reflect all **DMCA Notifications** received by Shutterstock concerning any and all of the **Persons** who uploaded photographs that are included in the Class definition to **Your** website from when Shutterstock was formed to the present.

//

//

**DOCUMENT REQUEST NO. 47**

All **Documents** which constitute, show, or reflect Shutterstock obtaining all photographic works that are subject to a **Takedown Notice** or **Cease-and-Desist Notice** from a Class member from when Shutterstock was formed to the present. In other words, produce all **Documents** which show a contributor to Shutterstock that copied, uploaded and represented to Shutterstock to that that contributor owned the copyright to a photograph that was later subject to a **Takedown Notice** for copyright infringement.

**DOCUMENT REQUEST NO. 48**

Copies of all licensing agreements between Shutterstock and its customers for photographs that were subject to takedown notice and consistent with the Class definition from when Shutterstock was formed to the present.

**DOCUMENT REQUEST NO. 49**

All **Communications** between **You** and any customer of Shutterstock's that purchased a license for a photograph that was subject to a **Takedown Notice.**

**DOCUMENT REQUEST NO. 50**

All **Documents** that refer to or reflect Shutterstock's **Communications** with any third party in connection with a photograph subject to a **Takedown Notice** and a license granted to a photograph subject to a **Takedown Notice**.

**DOCUMENT REQUEST NO. 51**

All **Documents** which show that Shutterstock voided or termianted any license to a photograph subject to **Takedown Notice** by a copyright holder.

//

//

16

**DOCUMENT REQUEST NO. 52**

All **Documents** that show Shutterstock receiving a copyright holder's **Takedown Notice** to Shutterstock and Shutterstock compensating that copyright holder with licensing fees it generated from licenses sold by Shutterstock to its customers.

**DOCUMENT REQUEST NO. 53**

All **Documents** which constitute, show, or reflect Shutterstock's knowledge of each Class definition member's exclusive copyright relating to their photographs from when Shutterstock was formed to the present.

**DOCUMENT REQUEST NO. 54**

All **Documents** showing **Income** generated from any source (including but not limited to advertising and licenses), from all Class **Persons** and entities (as defined by the Class) who sent Shutterstock a **Takedown Notice** for a copyrighted work and which Shutterstock generated **Income** (licensing revenue) that was originally copied, distributed, and displayed by Shutterstock from a Shutterstock contributor who did not have authorization to exploit any Class members' copyrighted work from the beginning of Shutterstock's formation the filing of this **Complaint** to the present ("the Class").

**DOCUMENT REQUEST NO. 55**

All **Documents** which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, any and all revenue generated by Shutterstock for the sale of licenses to the works subject to the Class Definition dated from when Shutterstock was formed until the present.

//

//

//

17

**DOCUMENT REQUEST NO. 56**

All **Documents** showing costs or expenses Shutterstock alleges it incurred related to all licenses sold subject to the Class Definition in the **Complaint** dated from when Shutterstock was formed until the present.

**DOCUMENT REQUEST NO. 57**

All **Documents** reflecting or incorporating **Your** profits and losses relating all photos that generated **Income** for Shutterstock subject the Class Definition that is the subject of the **Complaint**, including but not limited to, all **Income You** received from the sale of licenses and/or advertising inventory and all expenses and other costs **You** allege **You** incurred in licensing of any photos at issue subject to the Class Definition.

**DOCUMENT REQUEST NO. 58**

All **Documents** which constitute, show, or reflect revenues received by Shutterstock in connection with third party websites publishing, distributing, citing, referencing, discussing, or linking to the disputed exploitation of the photographs of the Class Definition from when Shutterstock was formed until the present and from the time of publication thereof to the present time.

**DOCUMENT REQUEST NO. 59**

Copies of all licenses for photos that were subject to the Class Definition.

**DOCUMENT REQUEST NO. 60**

All **Documents** relating to the continued display, reproduction, and/or distribution of any photo that is subject to the Class Definition dated from when Shutterstock was formed until the present.

//

18

**DOCUMENT REQUEST NO. 61**

All **Documents** reflecting the identities of any individuals, distributors, affiliates, resellers, or business partners, who used, copied, distributed and displayed the subject photographs under the Class definition from when Shutterstock was formed until the present. This includes but is not limited to Shutterstock's **Documents** indicating which photographs were licensed through the Shutterstock API, along with limitation on the scope of the licenses and copies of those licenses.

**DOCUMENT REQUEST NO. 62**

All **Documents** which constitute, show, or reflect any and all allegations of copyright infringement against Shutterstock, including without limitation **Cease-and-Desist Notices** and civil court complaints related to Shutterstock's selling licenses to copies of works in which the copyright holder did not provide authorization to Shutterstock to copy, distribute and/or display those works.

**DOCUMENT REQUEST NO. 63**

All **Documents** which constitute, show, or reflect any entities or sources from which Shutterstock received the works subject to the Class Definition from when Shutterstock was formed until the present, including any licensing, assignment, transfer, or distribution of the works subject to the Class Definition from when Shutterstock was formed until the present or by any other entity.

**DOCUMENT REQUEST NO. 64**

All **Documents** which constitute, show, or reflect all steps or actions that Shutterstock took upon receiving notice that Shutterstock was allegedly infringing a Class members' copyright from when Shutterstock was formed until the present

19

**DOCUMENT REQUEST NO. 65**

All **Documents** regarding instances where a photograph submitted by an "approved contributor," which Shutterstock had previously deemed to have met its "standards of quality and licensability" sufficient to be offered for licensing on its website, and was later subject to a DCMA takedown notice by a copyright holder, resulting in Shutterstock honoring the takedown notice and removing the photograph from its website.

**DOCUMENT REQUEST NO. 66**

All **Documents** showing that Shutterstock terminated or voided any license it issued to its **Licensee Customers** for an approved contributor's photograph after Shutterstock received a takedown notice from a person or entity claiming to be a copyright holder and Shutterstock did, in fact, take down the photo from its website.

**DOCUMENT REQUEST NO. 67**

All **Documents** showing Shutterstock's efforts to void or terminate or stop a **Licensee Customers**' use of a photo after determining that a **DMCA Notice** by the photo's copyright holder was legitimate.

**DOCUMENT REQUEST NO. 68**

All **Documents** related to Shutterstock notifying its advertising affiliates or resellers (such as HelloRF or StockFresh) that a particular photo had been inadvertently provided by Shutterstock without authorization from the copyright holder and which Shutterstock received Income from such photographs.

//

//

//

20

**DOCUMENT REQUEST NO. 69**

All **Documents** related to Shutterstock notifying its advertising affiliates or resellers (such as Tin Eye, HelloRF, or StockFresh) terminating that advertising affiliate or reseller's right to copy, distribute and display a particular photo, or otherwise instructing them to take it down.

**DOCUMENT REQUEST NO. 70**

All Shutterstock agreements related to photographs of infringing copies of Plaintiff and class members' works to third-party partner website companies including TinEye, HelloRF (which Shutterstock owns in part), and StockFresh.

**DOCUMENT REQUEST NO. 71**

All **Documents** which constitute, show, reflect, refer to, mention, concern, or may provide evidence of Shutterstock's safe harbor defense.

**DOCUMENT REQUEST NO. 72**

All **Documents** related to Shutterstock's adherence to a "repeat infringer" policy with regard to DMCA standards.

**DOCUMENT REQUEST NO. 73**

All insurance policies of any kind that does or may provide any indemnity or insurance coverage on behalf of Shutterstock, Inc. for the claims raised in the **Complaint** (whether it is **Your** policy or anyone else's policy, including: business, casualty, commercial, general, property and casualty, self-insured, insurance trusts, including insurance pools, excess, surplus or umbrella and other policies for damages alleged in this case) which show the name of insurer; policy number; limits of coverage; the declaration page; the name(s) of all insureds; insurance codes; whether Shutterstock, Inc. has self-retention or deductible (and the amount) and state whether any insurer has offered a defense under a reservation of rights or otherwise contested

coverage for the subject case.  This request is meant to apply to both underlying, primary,

surplus, umbrella, excess, self-insured, trusts and insurance pool policies of insurance.

Dated:  San Francisco, California
          August 16, 2024

                                        Respectfully submitted,

                                        By: *Thomas C. Bright*

                                        **CERA LLP**
                                        Solomon B. Cera (Pro Hac Vice)
                                        Thomas Bright (Pro Hac Vice Forthcoming)
                                        201 California Street, Suite 1240
                                        San Francisco, CA 94111
                                        Telephone: 415-977-2230
                                        scera@cerallp.com
                                        tbright@cerallp.com

                                        **DUNCAN FIRM, P.A.**

                                        James H. Bartolomei Esq.
                                        SDNY Bar JB7747
                                        Of Counsel at Duncan Firm, P.A.
                                        809 W. 3rd Street
                                        Little Rock, Arkansas 72201
                                        Telephone: 501-228-7600
                                        james@duncanfirm.com

                                        and

                                        **HOBEN LAW**
                                        Bryan D. Hoben, Esq.
                                        1112 Main Street
                                        Peekskill, New York 10566
                                        Telephone: 347-855-4008
                                        bryan@hobenlaw.com

                                        *Attorneys for Plaintiff*
                                        *and the Proposed Class*

22

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause via email at their respective business addresses and email addresses as disclosed by the pleadings of record herein and the Court's ECF, on August 16, 2024 and did not receive a notice that the documents was not received or was rejected.

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

By: */s/ Thomas C. Bright*

23