UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYNTHIA HERRICK, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

- against -

SHUTTERSTOCK, INC.,

    Defendant.

---

1:23-cv-03191-JPC

**PROPOSED PROTECTIVE ORDER**

**WHEREAS**, the parties, Plaintiff Cynthia Herrick and Defendant Shutterstock, Inc., having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

  1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is business, financial, strategic, proprietary, or otherwise sensitive non-public information, or a trade secret.  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."  (All such information and documents shall be referred to herein as "Confidential Information.")

  2. Counsel for any party may designate any document or information, in whole or in part, as highly confidential only if counsel determines, in good faith, that the document or information contains non-public and highly confidential business, financial, strategic, proprietary, or otherwise commercially sensitive information, trade secrets, or other similar

information not generally known and that, in the good faith judgment of counsel, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such disclosing party or its employees, customers, or clients if disclosed. Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL." (All such information and documents shall be referred to herein as "Highly Confidential Information.")

3. The Confidential Information and Highly Confidential Information produced will be held and used by the person receiving such information solely for use in connection with this action.

4. Confidential Information shall not be disclosed to any person, except:

 a. The requesting party and counsel, including in-house counsel;

 b. Employees of such counsel assigned to and necessary to assist in the litigation;

 c. Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

 d. Witnesses and deponents in this action who are shown the Confidential Information while testifying; and

 e. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Highly Confidential Information shall not be disclosed to any person, except:

 a. Counsel, including in-house counsel;

 b. Employees of such counsel assigned to and necessary to assist in the litigation;

 c. Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

 d. Witnesses and deponents in this action who are shown the Highly Confidential Information while testifying; and

  e. The Court (including any mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court).

  f. Defendant shall not designate communications Plaintiff submitted to Defendant Highly Confidential. This rule applies only to information Plaintiff has already seen; if a thread contains both a communication Plaintiff submitted to Defendant and additional information, the additional information is not affected by this rule and may be designated Highly Confidential.

6. Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any person, counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person (except the parties, counsel, their employees, and the Court) to sign an agreement to be bound by this Order in the form attached hereto.

7. In the event that a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. In the event the challenging party seeks resolution by the court, the burden of maintaining the confidentiality shall fall on the designating party. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information or Highly Confidential Information.

8. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate

such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Order.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall confer in good faith about any information that should be filed under seal, and shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of litigation, Confidential Information or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated as Confidential Information or Highly Confidential Information if otherwise required by law or

pursuant to a valid subpoena, provided that the party shall promptly notify the source of the information before such disclosure.

SO STIPULATED AND AGREED.

Dated: October 31, 2024

Respectfully submitted,

**DAVIS WRIGHT TREMAINE LLP**

By: */S/ James Rosenfeld*
James Rosenfeld
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
Telephone: 212-489-8230
jamesrosenfeld@dwt.com


Sean Sullivan (*pro hac vice*)
Sarah E. Burns (*pro hac vice*)
865 S Figueroa Street, Suite 2400
Los Angles, California  90017
Telephone: (213) 633-8644
seansullivan@dwt.com
saraburns@dwt.com
*Attorneys for Defendant Shutterstock, Inc.*

Dated: October 31, 2024

Respectfully submitted,

**CERA LLP**

By: /S/ Solomon B. Cera
Solomon B. Cera (admitted *pro hac vice*)
Thomas C. Bright (*pro hac vice*)
201 California Street, Suite 1240
San Francisco, California 94111
Telephone: 415-777-2230
scera@cerallp.com
pmarkert@cerallp.com

and

**DUNCAN FIRM, P.A.**
James H. Bartolomei, III
SDNY Bar JB7747
Of Counsel at Duncan Firm, P.A.
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: 501-228-7600
james@duncanfirm.com

and

**HOBEN LAW**
Bryan D. Hoben, Esq.
1112 Main Street
Peekskill, New York 10566
Telephone: 347-855-4008
bryan@hobenlaw.com

*Attorneys for Plaintiff Individually and on Behalf of All Others Similarly Situated*

**IT IS ORDERED** that the forgoing Stipulation is approved.

Dated: November 1, 2024

_____
The Hon. Sarah L. Cave
UNITED STATES MAGISTRATE JUDGE