**Davis Wright Tremaine LLP**

27th Floor
350 South Grand Avenue
Los Angeles, CA 90071-3487

**Sean Sullivan**
(213) 633-8644 tel
(213) 633-6899 fax

seansullivan@dwt.com

March 21, 2025

**ECF**

Hon. Sarah L. Cave
United States Courthouse
Southern District of New York
500 Pearl St.
New York, NY 10007-131

Re:  *Cynthia Herrick et al. v. Shutterstock, Inc.*, 1:23-cv-03191-JPC

Dear Judge Cave:

      Pursuant to Local Rule 37.2 and Section C.2 of the Court's Individual Practices in Civil Cases, Defendant Shutterstock, Inc. ("Shutterstock") respectfully requests a discovery conference with the Court regarding Plaintiff Cynthia Herrick's ("Plaintiff," and together with Shutterstock, the "Parties") objection to Shutterstock's plan to serve limited document discovery on 12 absent class members.

### Background and Meet and Confer Certification

      Plaintiff's lawsuit seeks to assert copyright claims on behalf of herself and two proposed classes under Federal Rule of Civil Procedure 23, one under Rule 23(b)(2) and one under 23(b)(3).  To proceed as to both her proposed classes, Plaintiff will be required in her certification motion to show that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representative are typical of the claims or defense of the class; and (4) the class representative will fairly and adequately protect the interests of the class.  Fed. R. Civ. Pro. 23(a).  With respect to Plaintiff's proposed Rule 23(b)(3) class, Plaintiff will also face the more stringent requirement of showing that questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 609 (1997).

      The Court previously denied Shutterstock's request to bifurcate discovery, such that the Parties have proceeded with discovery as to Plaintiff's individual claims and class wide discovery simultaneously.  Dkt. 52.  Shutterstock now seeks as part of class discovery to serve limited document requests on 12 absent class members.[1]  Because there will be no further discovery after Plaintiff moves to certify her proposed classes, Shutterstock's request is ripe.

---

[1] A true and correct copy of the subpoena Shutterstock seeks to serve on absent class members is attached here as **Exhibit A**.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

4901-4948-8171v.6 0108871-000012

Hon. Sarah L. Cave
March 21, 2025
Page 2

Shutterstock initially provided Plaintiff's counsel with the subpoena it seeks to serve on February 18, 2025. Following meet and confer, Shutterstock agreed to omit three of the eight document requests it originally proposed. The Parties conferred by telephone on March 21, 2025, at 2:30 p.m., for an hour. James Rosenfeld, Hilary Oran, and Sarah Burns appeared at the conference on behalf of Shutterstock. James Bartolomei, Bryan Hoben and Thomas Bright appeared on behalf of Plaintiff. During the conference, Plaintiff's counsel argued that the discovery is inappropriate because it would be burdensome for absent class members and could dissuade them from participating in the case. Counsel for Shutterstock informed Plaintiff's counsel during the conference that Shutterstock believed the parties to be at an impasse and that Shutterstock would be requesting a conference with the Court.

### **Argument**

The purpose of the document requests Shutterstock seeks to serve is to show that there are "[d]issimilarities within the proposed class[es]" which "have the potential to impede the generation of common answers" and certification. *Salon FAD v. L'Oreal USA, Inc.*, 2011 WL 4089902, at *5 (S.D.N.Y. Sept. 14, 2011). Courts allow discovery of absent class members for that purpose when "(1) the discovery is not sought for any improper purposes, to harass, or to alter the membership of the class; (2) it is narrowly tailored to subjects which are plainly relevant; and (3) it does not impose an undue burden given the need for the discovery at issue and the availability of the same or similar discovery from a party." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 71 (S.D.N.Y. 2020). "If there is no improper purpose…and if the burden on the third party is not particularly great… the showing of necessity need not be particularly strong." *Id.* at *71. *See also Laborers Loc. 17 Health & Ben. Fund v. Morris*, 1998 WL 241279, at *1 (S.D.N.Y. 1998) (permitting discovery of absent class members for information relevant to commonality analysis at class certification stage); *Clark v. City of New York*, 2023 WL 2429996, at *2 (S.D.N.Y. 2023) (permitting discovery of absent class members to show "whether there are differences among class members" relevant to class wide liability determination).

Here, Shutterstock is not seeking discovery for an improper purpose (and Plaintiff has never argued as much) and the likelihood of the discovery altering the membership of the class is very low, because Shutterstock seeks to subpoena just 12 members of the putative class, which Plaintiff during discovery has claimed could include owners of as many as 13,000 images. *E.g., Peloton*, 336 F.R.D at 71 (discovery unlikely to alter class where sought from a small percentage of overall class). It is also narrowly tailored to subjects which are plainly relevant to class certification. Shutterstock seeks just five categories of documents aimed at determining the licensing history, registration status, and ownership of proposed class members' photographs, each of which is relevant to whether Plaintiff can establish typicality and commonality. *Peloton*, 336 F.R.D. at 71 (allowing absent class member discovery where defendant argued it was necessary to show no commonality or typicality on causation and injury issues); *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 452 (S.D.N.Y. 1995) (discovery on absent class members proper for purposes of "calculate[ing] a reliable damages estimate").

The proposed discovery is not available from the Parties, and does not impose an undue burden. Shutterstock seeks documents only, rather than depositions, which are far more burdensome. *Laborers Loc. 17 Health & Ben. Fund v. Morris*, 1998 WL 241279, at *1 (S.D.N.Y. 1998) (reviewing cases and finding document requests "preferable to depositions of

Hon. Sarah L. Cave
March 21, 2025
Page 3

class members" as less burdensome).  Furthermore, the possible recovery per class member is potentially much greater here than in the standard class action, where absent third parties typically receive nominal awards.  Indeed, Plaintiff in the Complaint alleges she is entitled to statutory damages, which can be as much as $150,000 per alleged infringement.  17 U.S.C. § 504(c)(ii).  *See also Robertson v. Nat'l Basketball Assoc.*, 67 F.R.D. 691 (S.D.N.Y. 1975) allowing discovery of 75 absent class members of a 400 member class where class members had "not insubstantial claims").

        Thank you for the Court's attention to this matter.

                                        Respectfully submitted,

                                        Sean Sullivan

                                        seansullivan@dwt.com

                                        Attorneys for Shutterstock, Inc.


Cc:      Counsel of record via ECF