# EXHIBIT A

## **DEFINITIONS**

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1. "You" or "Your" means [name of absent class member], and any agents, attorneys, representatives or other persons or entities acting for or on behalf of You.

2. "Ms. Herrick" means Cynthia Herrick, the Plaintiff in the above-captioned action, and any agents, attorneys, representatives or other persons or entities acting for or on behalf of Ms. Herrick or in concert with Ms. Herrick.

3. "Shutterstock" means Shutterstock, Inc., the Defendant in the above-captioned action.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. "Concerning" means about, relating to, referring to, describing, evidencing or constituting.

6. "Document" is defined to be any paper document as well as all computer code, data or any other information stored in any machine-readable format.

7. When referring to Documents, "identify" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

8. "Ms. Herrick" and "Shutterstock" mean the party and, where applicable, its officers, directors, employees, attorneys, contractors, freelancers, accountants, partners, corporate

parent(s), subsidiaries, affiliates and all other persons acting or purporting to act on behalf of or under the control of the party or its counsel.

9. The term "Photograph" means the photograph assigned Shutterstock ID Number [], which is attached as the last page to this Exhibit.

10. "Defendant's website" shall refer to https://www.shutterstock.com/.

11. "Documents sufficient to show" means that You are to produce Documents sufficient to establish the subject of the Document request and does not necessarily mean all Documents relating to such a request.

12. The word "including" shall not be used to limit any general category or description that precedes it and shall mean "including without limitation" so as to be inclusive.

13. The present tense shall be construed to include the past tense and vice versa.

14. Defendant incorporates by reference any other definitions in Local Rule 26.3(d).

## INSTRUCTIONS

The following instructions are an integral part of this Subpoena and the accompanying Requests for the Production of Documents (the "Requests") and apply to each and every Request set forth herein.

1. Please produce all Documents requested below.

2. If there are no Documents or things responsive to a particular Request, please state that in writing.

3. If you object to any of the requests herein, You must state with specificity the grounds for objecting to any request, including the reasons. Any objection must state whether any responsive materials are being withheld on the basis of that objection. Any objection to part of a request must specify the part and permit inspection or production of the rest.

4. In the event that any responsive Document cannot be produced in its entirety, You shall produce the Document to the fullest extent possible, specifying the reasons for Your inability to produce the remainder and describing to the fullest extent possible the contents of the portion not produced.

5. If You claim that the attorney-client privilege or any other privilege is applicable to the response to any of these Requests, You shall state the following: (a) the nature of the privilege; (b) the type of Document; (c) the general subject matter of the Document; (d) the date of the Document; and (e) the author of the Document, the addressees of the Document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

6. In the event that any Documents or things that would have been responsive to these Requests have been destroyed, discarded or lost, please identify each such Document or thing, including: the nature of the Document or thing; the author(s) and addressee(s) of any Document; any indicated or blind copies of any Document; the Document's subject matter, number of pages and attachments or appendices; all Persons to whom the Document was distributed or Persons who have seen the thing; the date of destruction, discard, or loss; and, if destroyed or discarded, the reasons therefore and the identity of the Person(s) authorizing or carrying out any such destruction or discard.

7. If Documents and/or Communications are produced as electronically stored information, they shall be produced, if possible, in a searchable-text image format, such as a .tiff or .pdf file.

8. If any Request is ambiguous or unclear to You, please contact undersigned counsel as soon as possible so that the Request can be clarified to avoid unnecessary delays in discovery.

9. All Documents and things produced for inspection and copying shall be organized and labeled to correspond with the categories in the Request or shall be produced as they are kept in the normal course of business.

10. None of these definitions or instructions shall be interpreted to contradict the Local Rules for the Southern District of New York or the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1**

Documents sufficient to identify any customers or agents to or through which You have sold and/or licensed the Photograph.

**Request for Production No. 2**

All Documents and Communications relating to the value of the Photograph.

**Request for Production No. 3**

Documents sufficient to show how You acquired any copyright interest in the Photograph, if you were not the original copyright owner.

**Request for Production No. 4**

If You registered or attempted to register with any government or governmental entity a copyright or copyrights in the Photograph, please produce all applications to register, registrations, and correspondence regarding the registration or attempted registration.

**Request for Production No. 5**

All Documents referring or relating to the transfer or assignment of rights, title, or ownership of the copyrights in the Photograph, if any.

Dated: New York, New York
       March 21, 2025

**DAVIS WRIGHT TREMAINE LLP**

By: */s James Rosenfeld*
    James Rosenfeld
    1251 Avenue of the Americas
    21st Floor
    New York, NY 10020
    Tel: (212) 489-8230
    Fax: (212) 489-8340
    Email: jamesrosenfeld@dwt.com

*Attorneys for Defendant Shutterstock, Inc.*