UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA HERRICK, individually and on behalf of all others similarly situated,

                Plaintiff,

-v-

SHUTTERSTOCK, INC.,

                Defendant.

CIVIL ACTION NO.: 23 Civ. 3191 (JPC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

At a telephonic discovery conference held today, April 8, 2025 (the "Conference"), the Court and parties discussed (1) Shutterstock's request to issue subpoenas to absent class members (see ECF Nos. 73–74) and (2) the parties' oral motion for an extension of discovery deadlines in this matter. The Court addresses these issues in turn.

### I. Subpoenas to Absent Class Members

First, Shutterstock seeks permission to serve document subpoenas pursuant to Federal Rule of Civil Procedure 45 (the "Subpoenas") on at least twelve absent class members. (ECF No. 73 at 1). Plaintiff objects. (ECF No. 74). For the following reasons, Shutterstock's request is GRANTED IN PART and DENIED IN PART insofar as each party may issue seven (7) Subpoenas to absent class members of their choosing.

"[T]he most appropriate test" for considering a request to serve subpoenas on absent class members looks to whether the party seeking the discovery has:

> made a strong showing that: (1) the discovery is not sought for any improper purposes, to harass, or to alter the membership of the class; (2) it is narrowly tailored to subjects which are plainly relevant; and (3) it does not impose an undue

>  burden given the need for the discovery at issue and the availability of the same
>  or similar discovery from a party.

Fishon v. Peloton Interactive, Inc., 336 F.R.D. 67, 71 (S.D.N.Y. 2020).  Shutterstock has made this strong showing.

First, there is no evidence, and Plaintiff does not argue, that Shutterstock seeks information from absent class members for an improper purpose.  (ECF Nos. 73 at 2; 74 at 2).

Second, the five document requests in the Subpoenas are narrowly tailored to seek documents "aimed at determining the licensing history, registration status, and ownership of proposed class members' photographs," information that is relevant to the commonality and typicality prongs of class certification in this copyright infringement action.  See Peloton, 336 F.R.D. at 74 (finding that information from absent class members "would be helpful to the Court at the class certification stage"); accord Krueger v. N.Y. Tel. Co., 163 F.R.D. 446, 452 (S.D.N.Y. 1995).

Third, it is undisputed that the parties cannot supply the information the absent class members may have, and through the meet-and-confer process, Shutterstock agreed to limit the number of requests to five and agreed to seek only documents, not testimony.  (ECF No. 73 at 2).  As noted above, the information the Subpoenas request "is plainly relevant to [its] defense, see Fed. R. Civ. P. 26(b)(1), and cannot be obtained through other means."  Peloton, 336 F.R.D. at 73.  The Court also provided suggestions to the parties during the Conference to revised the instructions in the Subpoenas to facilitate timely responses from the absent class members.  The Court is also limiting the Subpoenas to seven per side—seven served by Plaintiff, seven served by Shutterstock—to minimize the burden on absent class members and mitigate any risk of "impermissibly alter[ing] the membership of the class or undermin[ing] the efficiencies sought to

be achieved by the class action." Id. at 71. Having limited the number of Subpoenas and their purpose—to obtain information relevant to class certification—"there is little risk that the [Subpoenas] will dramatically change the size of the class or send a message to absent class members that they should opt out (if a class is certified) in order to avoid onerous discovery obligations." Id.

Before issuing the Subpoenas, the parties shall meet and confer regarding revisions to the instructions in the Subpoenas and shall exchange any information—such as the names and addresses of recipients—required to permit Plaintiff to serve them. In addition, the parties shall provide each other with copies of the Subpoenas they issue as well as any information or documents they receive in response.

## II. Extension of Discovery Deadlines

For good cause shown during the Conference, the parties' request to extend discovery deadlines by 45 days is GRANTED, and discovery shall proceed as follows:

1. Fact Discovery Deadline: **Friday, June 13, 2025**

    a. Letter Certifying Close of Fact Discovery: **Friday, June 20, 2025**

2. Expert Discovery Deadline: **Monday, August 4, 2025**

    a. Plaintiff's Expert Disclosure Deadline: **Wednesday, May 21, 2025**

    b. Defendant's Expert Disclosure Deadline: **Friday, July 25, 2025**

    c. Letter Certifying Close of Discovery: **Monday, August 11, 2025**

A status conference is scheduled for **Tuesday, May 20, 2025 at 3:00 p.m.** on the Court's Webex platform. The parties are directed to call: 1-855-244-8681; Meeting Number: 2308-226-4654, at the scheduled time.

3

Dated:   New York, New York
         April 8, 2025

                              SO ORDERED.

                              _____
                              SARAH L. CAVE
                              United States Magistrate Judge

4