

Attorneys:
Phillip J. Duncan*
James H. Bartolomei III***
Richard L. Quintus **
Wm. Rob Pointer*
J. Reid Byrd*

*Licensed in AR
**Licensed in AR & FL
***Licensed in AR, CA, NY, FL, CT, & DC

Case Manager:
Wayne Duncan

809 West Third Street
Little Rock, AR 72201

Phone: 501-228-7600
Toll Free: 877-6-DUNCAN
Fax: 501-228-0415

www.DuncanFirm.com

August 1, 2025

**ECF**

Hon. Sarah L. Cave
United States Courthouse
Southern District of New York
500 Pearl St.
New York, NY 10007-131

Re: Cynthia Herrick et al. v. Shutterstock, Inc., 1:23-cv-03191-JPC-SLC

Dear Judge Cave:

    Pursuant to the Court's Individual Practices In Civil Cases, I.d. (Requests for Adjournments or Extensions of Time), Plaintiff Herrick seeks, and Defendant Shutterstock, Inc. does not object to, a stay of this action pending a decision on *McGucken v. Shutterstock,* Case No. 23-7652 (the "Appeal), before the U.S. Second Circuit Court of Appeals.

    This is the fourth request for an extension of time-related request. The three (3) prior extensions were granted for good cause. Good cause exists as described below.

1. The parties have been vigorously litigating this action and fact discovery concluded on July 14, 2025 with a few pending items to complete;
2. August 15, 2025 is the last day for Shutterstock to file its motion for summary judgment.
3. September 19, 2025 is the last day for Plaintiff to file her opposition to Shutterstock's MSJ ("Opposition").
4. October 17, 2025 is last day for Shutterstock to file a reply in support of its MSJ ("Reply").
5. A decision on the Appeal will likely have significant ramifications for this action, as this action, and the one on appeal, involve certain similar legal issues in dispute and arguments related to Shutterstock's liability, namely whether Shutterstock is an online service provider under the DMCA and whether Shutterstock has any liability for post-DMCA takedown notice activity with Shutterstock's customers who licensed works

subject to takedown notices.  The Appeal was submitted for decision on or about December 2, 2024.

6. The parties have met and conferred and Shutterstock does not object to a stay of this action pending the Appeal because a decision on Appeal will likely save both the Court and parties significant time and expenses going forward, as motions for summary judgment and class certification have yet to be brief and filed and because the parties will be need to address the outcome of the *McGucken* Appeal.

    "Courts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" *See UMG Recordings, Inc. v. Verizon Commc'ns Inc.,* No. 24-cv-05285 (MMG), Dkt. 52 (S.D.N.Y. July 28, 2025) (quoting *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22-CV-3256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022))   "A stay is proper even where the pending decision may not settle every question of fact and law before the court, but in all likelihood it will settle many and simplify them all." *Id.*

7. Plaintiff respectfully suggests should the Court grants the stay, the parties meet and confer within 21 days of the Appeal decision, and at that time, propose a schedule to the Court for lifting a stay of this Action.

    Accordingly, Plaintiff respectfully requests the Court to issue a stay order pending the *McGucken* Appeal.  Thank you for the Court's consideration.

    Sincerely,

    James Bartolomei, Esq.