UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYNTHIA HERRICK, Individually and On Behalf of All Others Similarly Situated,

*Plaintiffs*,

v.

SHUTTERSTOCK, INC.,

*Defendant.*

Case No. 1:23-cv-03191-JPC-SLC

**DECLARATION OF PLAINTIFF CYNTHIA HERRICK IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL**

---

I, Cynthia Herrick, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this case filed against Shutterstock, Inc. I submit this declaration in support of Plaintiff's Motion for Class Certification and Appointment of Class Representative and Class Counsel.

2. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently. I am over the age of 18.

3. I am a wildlife photographer. I reside in the state of Maryland.

4. Over the course of my work as a wildlife photographer, I have created numerous original photographic works depicting wildlife and nature. I own the copyrights in those works and licenses my works as part of my income.

5. I am the author and copyright owner of the photograph entitled "Snowy Plover Baby's First Step" (the "Plover Photo"), bearing U.S. Copyright Registration Number VA 2-291-805. A true and correct copy of my US copyright registration certificate for the Plover Photo is attached as Exhibit **A**.

1

Doc ID: f7741039d6360ac61fa94f9245a75bedd9b723eb

6.       I am the author and copyright owner of the photograph entitled "Snowy Flowy Egret" (the "Egret Photo"), bearing U.S. Copyright Registration Number VAu 1-461-254. A true and correct copy of my US copyright registration certificate for the Egret Photo is attached as Exhibit **B**.

7.       I registered, through my counsel, my Plover Photo and my Egret Photo with the US Copyright Office prior to the filing of this case.

8.       Copies of my Plover Photo and my Egret Photo (together, "Photos") were uploaded without my authorization by a third party to Shutterstock's platform, licensed to Shutterstock's customers for license fees (revenue), and despite me sending a takedown notice to Shutterstock, Shutterstock never stopped their customers from infringing the until sometime after I filed this lawsuit.  Shutterstock also retained all the money it made from my photos.

9.       I did not authorize any person or entity to copy, reproduce, distribute, display, license, or exploit my Photos on the Shutterstock platform or through any Shutterstock contributor account or with Shutterstock's customers.

10.       In January 2022, I discovered that my Plover Photo was being displayed and offered for licensing on Shutterstock.com by a contributor account operating under the name "MTKhaledMahmud." That Shutterstock contributor account falsely claimed copyright ownership of my photograph. The page for my Plover Photo on Shutterstock showed the designation "High Usage," which indicated to me that Shutterstock had already successfully sold licenses for the photograph and that it was popular.

11.       I subsequently discovered that my Egret Photo had also been uploaded to the same "MTKhaledMahmud" contributor account on Shutterstock.

Doc ID: f7741039d6360ac61fa94f9245a75bedd9b723eb

12.     I did not upload my Photos to Shutterstock, authorize anyone else to do so, or grant Shutterstock or MTKhaledMahmud any right to copy, display, distribute, or license my photos to Shutterstock's customers.

13.     Beginning on January 24, 2022, and continuing over the following week, I notified Shutterstock by email and telephone about MTKhaledMahmud's unauthorized upload and licensing of my Plover Photo (Shutterstock Image ID: 1726619095).  I believe that I sent a valid DMCA notice which Shutterstock accepted as valid. In doing so, I provided documentation establishing my ownership, including the original raw photo file with embedded metadata, and demanded that Shutterstock remove the work, stop the licenses it had issued to its customers, and compensate me for the money it had received from licensing my work. Shutterstock's IP Team later confirmed in writing that it had removed my photo from its platform, stating that although my correspondence "did not adhere to the strict statutory requirements of the DMCA," Shutterstock "elected to treat it as a proper notice and expeditiously removed the image(s) in question." True and correct copies of my correspondence with Shutterstock concerning my Plover Photo are attached hereto as Exhibit **C**.

14.     Shutterstock did not provide any accounting of the revenue it had received, did not compensate me, and did not tell me whether it had notified any customer to stop infringing my photo.  I asked Shutterstock about the revenue it made from my photo. Shutterstock never responded to my question.

15.     My primary concern in contacting Shutterstock was not just to recover money that was made from my photo. What I wanted, and still seek through this lawsuit, is for Shutterstock to contact all of its customers of my work (and all the Class members Works) and direct them to stop infringing the Works. As long as those licenses remain in effect and those infringing uses

3

Doc ID: f7741039d6360ac61fa94f9245a75bedd9b723eb

continue, my photo continues to circulate under a false credit attribution to MTKhaledMahmud and Shutterstock rather than to me the owner of the Photos. I believe this applies to almost all of the copyright holders and reflects Shutterstock's ongoing refusal to send its customers kill notices to stop infringement.

16.     I discovered that Shutterstock licensed my Plover Photo to its customer, Taylor & Francis (CRC Press), who copied, distributed and published my photo in a textbook titled *Human-Wildlife Interactions: From Conflict to Coexistence*. This was devastating to me seeing that my Photo was pirated and false credit was given to Shutterstock and MTKhaledMahmud.

17.     Despite my notice, Shutterstock did not send any "kill notice" or other communication to the licensees of my Plover Photo directing them to stop infringing the work. Among those licensees, CRC Press—of Taylor & Francis Group—had obtained an invalid Shutterstock license for my Plover Photo and published it in a textbook titled *Human-Wildlife Interactions: From Conflict to Coexistence*, with a false credit attributing the photograph to "MTKhaled mahmud, Shutterstock 1726619095." As of the date the Complaint was filed in this case and several months into the case, CRC Press continued to sell its textbook with my Plover Photo displayed inside and with false copyright attribution. See Ex. **D**. I ultimately resolved a claim with Taylor & Francis, who made clear that Shutterstock never told them to stop using my photo. See Ex. **E**.

18.     My experience was that Shutterstock removed my work from its platform after I complained and sent a DMCA takedown notice, but did not compensate me, did not provide an accounting, and did not tell its customers to stop infringing my Photo.

19.     I believe my interests are completely aligned with all members of the proposed class that has been defined in this case. I have no interest adverse or antagonistic to the interests of the

4

Doc ID: f7741039d6360ac61fa94f9245a75bedd9b723eb

class members. My claims arise from the same course of wrongful conduct by Shutterstock — its uniform practice of accepting valid DMCA takedown notices confirming unauthorized contributor uploads, removing the infringing works from its platform, and then retaining all revenue from the void licenses it had previously issued without compensating the copyright owners or voiding those licenses — that forms the basis of every class member's claim.

20.    I have no financial arrangement with any party that would create a conflict with absent class members. I am not aware of any circumstance that would impair my ability to fairly and adequately represent the interests of the class.

21.    I understand that, as a class representative, my responsibilities extend beyond my own individual claims. I am committed to acting in the best interests of the class, including class members whose situations I may not personally know.

22.    I understand that serving as a class representative requires me to remain actively involved in this litigation, to stay informed about its progress, to provide information and assistance to class counsel as needed, and to make decisions about the litigation that affect all class members.

23.    I am willing to serve as class representative and to carry out those obligations through the resolution of this case and through judgment and appeal.

24.    Since this case was filed, I have been actively involved in the prosecution of it. Among other things, I have: (a) provided written responses to Shutterstock's interrogatories; (b) searched for, collected, and produced documents responsive to Shutterstock's document requests; (c) appeared for and gave deposition testimony (d) attended depositions of Shutterstock's witnesses, and (e) communicated with class counsel regarding Shutterstock's business model and the facts relevant to my claims and the proposed class claims.

Doc ID: f7741039d6360ac61fa94f9245a75bedd9b723eb

25. I have stayed abreast of significant developments in this case and communicated with class counsel on a regular basis throughout the litigation.

26. I have testified under oath in deposition and remain willing to testify at trial.

Executed on April 17, 2026.

_____

Cynthia Herrick

Doc ID: f7741039d6360ac61fa94f9245a75bedd9b723eb

**Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | 04-17-2026 Declaration of Plaintiff Cynthia Herrick... |
| **File name** | 04-17-2026%20Decl...rrick%20FINAL.pdf |
| **Document ID** | f7741039d6360ac61fa94f9245a75bedd9b723eb |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT** | **04 / 17 / 2026** 19:48:46 UTC | Sent for signature to Cynthia Herrick (hvisualc@gmail.com) by services@clio.com acting on behalf of james@duncanfirm.com IP: 104.186.53.83

**VIEWED** | **04 / 17 / 2026** 19:51:37 UTC | Viewed by Cynthia Herrick (hvisualc@gmail.com) IP: 71.244.160.241

**SIGNED** | **04 / 17 / 2026** 19:53:12 UTC | Signed by Cynthia Herrick (hvisualc@gmail.com) IP: 71.244.160.241

**COMPLETED** | **04 / 17 / 2026** 19:53:12 UTC | The document has been completed.

Powered by **Dropbox** Sign