# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

CYNTHIA HERRICK, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

          - against -

SHUTTERSTOCK, INC.,

                Defendant.

          Docket No. 1:23-cv-03191-JPC-SLC

-------------------------------------------------------------- x

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Shutterstock, Inc. ("Defendant" or "Shutterstock"), by and through its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits responses and objections to the First Set of Requests for Admission of Plaintiff Cynthia Herrick ("Plaintiff") as follows:

## GENERAL OBJECTIONS

1. Defendant objects to the Requests to the extent they seek to impose obligations and/or requirements in addition to, beyond the scope of, or different from those imposed under the Federal Rules of Civil Procedure, the Local Civil Rules, any other applicable law, or any court order that has been entered or may be entered governing discovery in this case.

2. Defendant objects to the Requests to the extent they seek information subject to the attorney-client privilege, work-product doctrine, newsgathering privilege, or any other applicable privilege, immunity, or protection ("Privileged Information"). To the extent Defendant responds below that it will provide information in response to a Request, such information shall not include Privileged Information. Defendant responds to the Requests without waiving or intending to

including the terms "communication"; "Defendant"; "document" or "documents"; "identify" or "specify"; "Shutterstock Inc."; and "relates to."

12. Defendant objects to the definition of "similar" as overly broad and vague.

13. Defendant objects to the purported definition of the "class" as confusing and misleading to the extent it is inconsistent with the definition set forth in the Complaint.

## RESPONSES

**REQUEST NO. 1:** Admit that Shutterstock never secured authorization from Plaintiff to exploit Plaintiff's photograph at issue in the Complaint (Doc. 1) "Snowy Plover Baby's First Step," bearing U.S. Copyright Registration Number VA 2-291-805.

**RESPONSE:** Defendant objects to this Request as misleading and argumentative. Subject to and without waiving all foregoing objections, Defendant admits that it did not secure authorization from Plaintiff to exploit the photograph at issue titled "Snowy Plover Baby's First Step," bearing U.S. Copyright Registration Number VA 2-291-805.

**REQUEST NO. 2:** Admit that Shutterstock has no evidence in its possession or control that challenges the validity of Plaintiff's copyright ownership in ("Snowy Plover Baby's First Step," bearing U.S. Copyright Registration Number VA 2-291-805).

**RESPONSE:** Defendant objects to this Request as premature because Plaintiff has not yet produced documents regarding the validity of Plaintiff's copyright ownership in the subject photograph. Therefore, subject to and without waiving all foregoing objections, Defendant cannot admit or deny this Request.

**REQUEST NO. 3:** Admit that Shutterstock received a DMCA takedown notice from Plaintiff relating to the photo at issue in the Complaint ("Snowy Plover Baby's First Step," bearing U.S. Copyright Registration Number VA 2-291-805).

**RESPONSE:** Subject to and without waiving all foregoing objections, Defendant denies this Request because Plaintiff's takedown notice was not compliant with the DMCA; however, Defendant removed the photo at issue on January 31, 2022 after receiving a takedown notice from Plaintiff.

**REQUEST NO. 4:** Admit that after Shutterstock received Plaintiff's DMCA takedown notice, Shutterstock never communicated with Shutterstock customer's TAYLOR & FRANCIS GROUP, LLC relating to the photo at issue in the Complaint ("Snowy Plover Baby's First Step," bearing U.S. Copyright Registration Number VA 2-291-805).

**RESPONSE:** Subject to and without waiving all foregoing objections, Defendant denies this request.

**REQUEST NO. 5:** Admit that after Shutterstock received Plaintiff's DMCA takedown notice, Shutterstock never voided the license agreement with Shutterstock customer's TAYLOR & FRANCIS GROUP, LLC relating to the photo at issue in the Complaint ("Snowy Plover Baby's First Step," bearing U.S. Copyright Registration Number VA 2-291-805).

**RESPONSE:** Defendant objects to this Request because Plaintiff's takedown notice was not compliant with the DMCA.  Subject to and without waiving all foregoing objections, Defendant admits that it did not void the license agreement with Taylor & Francis because that agreement covers Taylor & Francis's licensing of various images, not just the photo at issue.

**REQUEST NO. 6:** Admit that Shutterstock generated income related to the Snowy Plover Baby's First Step, bearing U.S. Copyright Registration Number VA 2-291-805, that is the subject of the Complaint.

**RESPONSE:** Subject to and without waiving all foregoing objections, Defendant admits that it received revenue related to the subject photograph.

5

**REQUEST NO. 7:**  Admit that Shutterstock retained income related to the Snowy Plover Baby's First Step, bearing U.S. Copyright Registration Number VA 2-291-805, that is the subject of the Complaint, after it received Plaintiff's DMCA takedown notice.

**RESPONSE:**  Defendant objects to this Request as vague and ambiguous as to the term "retained."  Therefore, subject to and without waiving all foregoing objections, Defendant cannot admit or deny this Request.

**REQUEST NO. 8:**  Admit that Shutterstock has never terminated any license agreement with its Licensee Customers for photographs after receiving a takedown notice and subsequently removing those photographs from Shutterstock's Website.

**RESPONSE:**  Subject to and without waiving all foregoing objections, Defendant denies this Request.

**REQUEST NO. 9:**  Admit that Shutterstock has knowingly retained fees obtained from its Licensee Customers for the licensing of an Image after being informed by a copyright holder that the Image was uploaded by a party who did not hold the copyright to that Image.

**RESPONSE:**  Defendant objects to this Request as vague and ambiguous as to the term "retained."  Therefore, subject to and without waiving all foregoing objections, Defendant cannot admit or deny this Request.

**REQUEST NO. 10:**  Admit that Shutterstock's internal policies allow the Platform to keep full license fees for Content that has been identified by a copyright holder as infringing, without refunding Licensee Customers or compensating the rightful copyright holder.

**RESPONSE:**  Subject to and without waiving all foregoing objections, Defendant denies this Request.

6

**REQUEST NO. 11:**  Admit that Shutterstock has no procedure in place to prevent continued use of licensed Content by Licensee Customers, even after Shutterstock is made aware that the Content was uploaded to the Platform by a Contributor who was not authorized by the copyright holder to do so.

**RESPONSE:**  Subject to and without waiving all foregoing objections, Defendant denies this Request.

**REQUEST NO. 12:**  Admit that Shutterstock has internal data showing the percentage Images uploaded by Contributors that are later removed due to copyright infringement claims but has chosen not to disclose this information publicly. Admit that Shutterstock executives have discussed in internal communications the financial benefits of retaining license fees from Images later removed due to Shutterstock's receipt of a DMCA takedown notice from a copyright holder.

**RESPONSE:**  Defendant objects to this Request as compound.  Subject to and without waiving all foregoing objections, Defendant denies these Requests.

**REQUEST NO. 13:**  Admit that Shutterstock has the technical capability to automatically notify its Licensee Customers when an Image they licensed is removed pursuant to a DMCA takedown notice from a copyright holder but has chosen not to implement this feature.

**RESPONSE:**  Defendant objects to this Request as misleading and argumentative. Subject to and without waiving all foregoing objections, Defendant denies this Request.

**REQUEST NO. 14:**  Admit that Shutterstock has conducted internal studies or analyses on the potential legal and financial risks associated with its current practices regarding unauthorized uploads and licensing of Images but has not acted on the finding.

7

**RESPONSE:**  Defendant objects to this Request as misleading and argumentative. Defendant further objects to this Request as vague and ambiguous as to the terms "current practices" and "acted on."  Subject to and without waiving all foregoing objections, Defendant denies this Request.

**REQUEST NO. 15:**  Admit that Shutterstock has received legal advice recommending changes to its policies regarding retention of license fees for Images removed from its Platform pursuant to a DMCA takedown notice from a copyright holder but has not implemented any such recommendation.

**RESPONSE:**  Defendant objects to this Request as misleading and argumentative. Defendant further objects to this Request as vague and ambiguous as to the term "changes." Subject to and without waiving all foregoing objections, Defendant denies this Request.

**REQUEST NO. 16:**  Admit that Shutterstock has conducted internal analyses on the potential financial impact on its Licensee Customers when Images they have licensed are later removed from the Platform due to a DMCA takedown notice from a copyright holder.

**RESPONSE:**  Defendant objects to this Request as misleading and argumentative. Defendant further objects to this Request as vague and ambiguous as to the term "financial impact."  Subject to and without waiving all foregoing objections, Defendant denies this Request.

**REQUEST NO. 17:**  Admit that Shutterstock executives have discussed in internal communications the risk of legal liability to its Licensee Customers who unknowingly use Images that were uploaded without proper authorization.

**RESPONSE:**  Defendant objects to this Request as misleading and argumentative. Defendant further objects to this Request as vague and ambiguous as to the term "proper

authorization." Subject to and without waiving all foregoing objections, Defendant admits this Request.

**REQUEST NO. 18:** Admit that Shutterstock has received complaints from Licensee Customers who were not informed about the removal of Images they had licensed due to a DMCA takedown notice from a copyright holder.

**RESPONSE:** Defendant objects to this Request as misleading and argumentative. Subject to and without waiving all foregoing objections, Defendant admits this Request.

**REQUEST NO. 19:** Admit that Shutterstock has received feedback from Licensee Customers expressing concern about the potential reputational damage from them unknowingly using Images that were not properly authorized by the rightful copyright holder.

**RESPONSE:** Defendant objects to this Request as misleading and argumentative. Defendant further objects to this Request as vague and ambiguous as to the term "properly authorized." Subject to and without waiving all foregoing objections, Defendant admits this Request.

Dated: New York, New York
       October 16, 2024

Respectfully submitted,

*/s James Rosenfeld*
James Rosenfeld
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas,
21st Floor
New York, NY 10020
Tel: (212) 489-8230
Fax: (212) 489-8340
Email: jamesrosenfeld@dwt.com

*Attorneys for Defendant Shutterstock, Inc.*

9