UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

CYNTHIA HERRICK, Individually and On
Behalf of All Others Similarly Situated,

                       Plaintiff,

               - against -

SHUTTERSTOCK, INC.,

                   Defendant.

------------------------------------------------------------ x

    :
    :    Case No. 1:23-cv-03191-JPC
    :
    :    **DEFENDANT'S RESPONSES**
    :    **AND OBJECTIONS TO**
    :    **PLAINTIFF'S SECOND SET OF**
    :    **INTERROGATORIES**
    :
    :
    :

### DEFENDANT'S RESPONSES AND OBJECTIONS
### TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3, Defendant Shutterstock, Inc. ("Defendant" or "Shutterstock"), by and through its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits responses and objections to the Second Set of Interrogatories of Plaintiff Cynthia Herrick ("Plaintiff") as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to the Interrogatories to the extent they seek to impose obligations and/or requirements in addition to, beyond the scope of, or different from those imposed under the Federal Rules of Civil Procedure, the Local Civil Rules, any other applicable law, or any court order that has been entered or may be entered governing discovery in this case.

2.    Defendant objects to the Interrogatories to the extent they seek information subject to the attorney-client privilege, work-product doctrine, newsgathering privilege, or any other applicable privilege, immunity, or protection ("Privileged Information"). To the extent Defendant responds below that it will provide information in response to an Interrogatory, such information shall not include Privileged Information. Defendant responds to the Interrogatories without

11.     Defendant's response to each Interrogatory represents Defendant's knowledge at the time of the response, based on discovery and investigation to date.  As discovery and investigation continues, Defendant expressly reserves the right to supplement, amend, or correct all or part of any of the responses provided herein.  Defendant also expressly reserves the right to object to the admissibility in evidence of any part of the information disclosed in response to these Interrogatories.

## OBJECTIONS TO DEFINITIONS

12.     Defendant objects to the Definitions to the extent they purport to define terms in a manner that is inconsistent with the uniform definitions set forth in Local Civil Rule 26.3, including the terms "communication" or "communications"; "Shutterstock"; "document" or "documents"; "identify," identity," or "specify"; and "you," "your," and "yourself."

13.     Defendant objects to the purported definition of the "class" as confusing and misleading to the extent it is inconsistent with the definition set forth in the Complaint.

## RESPONSES

**INTERROGATORY NO. 6**

State the total number of DMCA Takedown Notices received by Shutterstock from April 2020 through June 2025, broken down by year. This includes Notices submitted by any person or entity (including third parties, contributors, or other rightsholders), regardless of whether Shutterstock acted on the Notice.

**RESPONSE TO INTERROGATORY NO. 6**

Defendant hereby incorporates by reference its General Objections.  Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome.  Defendant's platform records as "DMCA takedown notices" notices that may not comply with the 17 U.S.C. § 512 and notices that are emailed to certain email addresses, such as compliance@shutterstock.com, even

if the notice pertains to claims other than one for copyright infringement.  Reviewing each and every notice to determine whether it is a DMCA takedown notice within the meaning of 17 U.S.C. § 512 would be onerous and not proportionate to the needs of the case.  Defendant also objects to the extent this Interrogatory seeks information about DMCA Takedown notices that are not part of the putative class or Sample Class, as defined in Objection 13 to Shutterstock's R&O's to Plaintiff's Second Set of RFPs.  Defendant further objects on the grounds that the Interrogatory is not limited to the Class Period, April 17, 2020 to April 17, 2023 ("Class Period").

Subject to and without waiving the foregoing objections, Defendant responds that the number of DMCA Takedown Notices Shutterstock received during the Class Period is 4,647. As explained above, this number includes DMCA Takedown Notices that comply with the 17 U.S.C. § 512, those that are not compliant, and those that are for  other types of claims Defendant receives.

**INTERROGATORY NO. 7**

State the number of copyright claims Shutterstock settled from April 2020 through June 2025 in which a copyright holder or its agent sent a DMCA Takedown Notice and demanded payment. Provide a year-by-year breakdown of such settlements, the number resolved through negotiation, and describe Shutterstock's standard process or policy (if any) for handling such demands.

**RESPONSE TO INTERROGATORY NO. 7**

Defendant hereby incorporates by reference its General Objections.  Defendant objects to this Interrogatory to the extent that it seeks information that is duplicative or cumulative of other discovery requests and information already produced or testified to in this litigation.  Defendant also objects on the basis that "the number resolved" is unclear.  Defendant further objects on the

5

grounds that this request seeks information involving DMCA takedown notices that are not part of the putative class or Sample Class, as defined in Objection 13 to Shutterstock's R&O's to Plaintiff's Second Set of RFPs.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to the testimonies of Heather Shimmin, Artur Zambrowski, and Andrew Raff, who testified about Shutterstock's process for handling requests for payment from rightsholders.  Shutterstock also refers Plaintiff to SHUTTERSTOCK013144 - SHUTTERSTOCK013298, documents responsive to Plaintiff's request for communications between Shutterstock and rightsholders seeking payment and the corresponding agreements.

**INTERROGATORY NO. 8**

State the number of unique Works—including photographs, illustrations, vectors, videos, and music—that were the subject of a DMCA Takedown Notice received by Shutterstock from April 2020 through June 2025. This includes both Notices Shutterstock honored and those it rejected.

**RESPONSE TO INTERROGATORY NO. 8**

Defendant hereby incorporates by reference its General Objections.  Defendant further objects to this Interrogatory on the grounds that a request for the number of unique Works is unduly burdensome.  Defendant further objects to the extent that this Interrogatory seeks information about DMCA Takedown notices that are not part of the putative class or the Sample Class, as defined in Objection 13 to Shutterstock's R&O's to Plaintiff's Second Set of RFPs. Defendant  further objects on the grounds that the Interrogatory is not limited to the Class Period, April 17, 2020 to April 17, 2023.

Subject to and without waiving the foregoing objections, Defendant responds that it would be overly burdensome for Defendant to determine the total number of unique Works that

were the subject of a DMCA takedown notice during the specified time frame, but that the number of unique Works that were taken down by Defendant after receiving a DMCA Takedown Notice during the Class Period is 18,921.

**INTERROGATORY NO. 9**

State the total licensing revenue Shutterstock generated from April 2020 through June 2025 from sales to Licensee Customers of any Works that were later subject to a Takedown Notice.

**RESPONSE TO INTERROGATORY NO. 9**

Defendant hereby incorporates by reference its General Objections.  Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and seeks information beyond that applicable to the putative class.

Subject to and without waiving the foregoing objections, Defendant responds that the total revenues Shutterstock accrued from images that are part of the putative class (and excluding ones that have been reinstated) that have been taken down is ██████████ , with accrued royalties of $ ████████  By images Defendant means all still images, including photos, illustrations and vectors.

Defendant uses the term "accrued" to refer to royalties allocated to contributors, some of which has not been paid out for a variety of reasons, including that the contributors' accounts were terminated prior to payout.

**INTERROGATORY NO. 10**

State the total amount of contributor royalty payment Shutterstock paid from April 2020 through June 2025 for Works that were later subject to a Takedown Notice.

**INTERROGATORY NO. 15**

State whether Shutterstock ever sent any notice (including but not limited to a kill notice, takedown notice, or advisory communication) to any Licensee Customer who licensed or downloaded a Work that was later subject to a copyright infringement claim, and if so, identify the date, recipient, method of transmission, and content of each such notice.

**RESPONSE TO INTERROGATORY NO. 15**

Defendant hereby incorporates by reference its General Objections. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome and seeks information beyond that applicable to the Sample Class, as defined in Objection 13 to Shutterstock's R&O's to Plaintiff's Second Set of RFPs. Defendant further objects to this Interrogatory to the extent that it seeks information that is duplicative or cumulative of other discovery requests and information already produced or testified to in this litigation. Defendant further objects on the grounds that the Interrogatory is not limited to the Class Period, April 17, 2020 to April 17, 2023.

Subject to and without waiving the foregoing objections, Defendant responds that, using its best efforts to identify the relevant communications, during the Class Period it sent kill notices for approximately 359 Works to approximately 5,096 Licensee Customers who licensed or downloaded a Work that subsequently was subject to a copyright infringement claim. The 359 kill notices include those produced at SHUTTERSTOCK_006128 and SHUTTERSTOCK_013065 (which pertains to 164 Works).

The date, recipient, method of transmission, and content of each notice, other than those at SHUTTERSTOCK_013065 and SHUTTERSTOCK_006128, will be produced.

**INTERROGATORY NO. 16**

Identify and describe all internal discussions, deliberations, or decisions Shutterstock made regarding whether to send a kill notice, withdrawal notice, or other communication to any Licensee Customer after receiving a Takedown Notice for a Work.

**RESPONSE TO INTERROGATORY NO. 16**

Defendant hereby incorporates by reference its General Objections.  Defendant objects to this Interrogatory to the extent that it seeks information that is duplicative or cumulative of other discovery requests and information already produced or testified to in this litigation.  Defendant further objects to this Interrogatory to the extent that it calls for the provision of Privileged or Confidential Information.  Defendant also objects on the grounds that identifying and describing "all" such discussions without any time limitation is unduly burdensome.

Subject to and without waiving the foregoing objections, Defendant responds that Shutterstock considers several factors when determining whether to send a kill notice or other communications to a License Customer after a Takedown Notice is received.  These include, but are not limited to, whether the work had been licensed, whether the rightsholder requested a kill notice be sent, whether the rightsholder's work is in fact the same work that is the subject of the take down notice (or whether it is only similar), and the nature of the license granted.

**INTERROGATORY NO. 17**

State whether Shutterstock contends it lacked the ability to identify or contact Licensee Customers who downloaded or licensed a Work that was later subject to a Takedown Notice, and if so, explain in detail why.

**RESPONSE TO INTERROGATORY NO. 17**

Defendant hereby incorporates by reference its General Objections.  Defendant objects to this Interrogatory to the extent that it purports to require Defendant to reach a legal or factual

13

conclusion about any document, thing, or event.  Defendant also objects on the ground that this contention Interrogatory violates Local Rule 33.3(c).  Defendant further objects to this Interrogatory to the extent that it calls for the provision of Privileged or Confidential Information.

Subject to and without waiving the foregoing objections, Defendant responds that it is generally able to identify a Licensee Customer who licensed a work that was later subject to a Takedown Notice.  It further responds that it is generally able to determine the contact information provided at the time the license was purchased.

**INTERROGATORY NO. 18**

State whether Shutterstock contends it lacked the ability to prevent or stop Licensee Customers who licensed a Work subject to a Takedown Notice from continuing to use that Work, and if so, explain in detail why.

**RESPONSE TO INTERROGATORY NO. 18**

Defendant hereby incorporates by reference its General Objections.  Defendant objects to this Interrogatory to the extent that it purports to require Defendant to reach a legal or factual conclusion about any document, thing, or event.  Defendant also objects on the ground that this contention Interrogatory violates Local Rule 33.3(c).  Defendant further objects to this Interrogatory to the extent that it calls for the provision of Privileged or Confidential Information.  Defendant also objects on the grounds that the phrases "ability to prevent or stop" and "continuing to use" are vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds that Shutterstock's rights and obligations as to any given license are determined by the applicable licensing agreement. With respect to Shutterstock's current standard license agreement, Section 5.5 states "Upon notice from Shutterstock or if you learn that any Content is subject to a

14

Subject to and without waiving the foregoing objections, Defendant responds that it is not aware of any Licensee Customer that canceled or terminated an agreement or subscription with Shutterstock solely because a work it licensed was later subject to a Takedown Notice or infringement claim.

**INTERROGATORY NO. 20**

State whether Shutterstock maintains any internal records, reports, or logs tracking which Licensee Customers downloaded or licensed Works that were later subject to a Takedown Notice, and describe such records.

**RESPONSE TO INTERROGATORY NO. 20**

Defendant hereby incorporates by reference its General Objections.  Defendant objects to this Interrogatory to the extent that it seeks information that is duplicative or cumulative of other discovery requests and information already produced or testified to in this litigation.  Defendant further objects to this Interrogatory to the extent that it calls for the provision of Privileged or Confidential Information.

Subject to and without waiving the foregoing objections, Defendant responds that it does not have a single repository for the information sought in Interrogatory No. 20.  However, Shutterstock has the ability to review the licensing history for each image subject to a DMCA takedown notification and can therefore identify the Licensee Customers who purchased a license to that particular image.

**INTERROGATORY NO. 21**

State whether Shutterstock has the capacity to issue "kill notices" to each Licensee Customer who licensed a Work that is or was subsequently subject to a Takedown Notice sent by a copyright holder or their agent.

16

**RESPONSE TO INTERROGATORY NO. 21**

Defendant hereby incorporates by reference its General Objections.  Defendant objects to this Interrogatory to the extent that it seeks information that is duplicative or cumulative of other discovery requests and information already produced or testified to in this litigation.  Defendant further objects to this Interrogatory to the extent that it calls for the provision of Privileged or Confidential Information.   Defendant objects to this Interrogatory on the grounds that it does not include any limitation as to time period.  Defendant further objects on the ground that "has the capacity" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds that it is able to issue "kill notices" concerning Works that are subject to Takedown Notices.

**INTERROGATORY NO. 22**

Describe Shutterstock's policies or practices, if any, regarding whether to compensate or share revenue with the copyright owner after Shutterstock learns that a Work it licensed was uploaded fraudulently by a Shutterstock contributor.

**RESPONSE TO INTERROGATORY NO. 22**

Defendant hereby incorporates by reference its General Objections.  Defendant objects to this Interrogatory to the extent that it seeks information that is duplicative or cumulative of other discovery requests and information already produced or testified to in this litigation.  Defendant further objects to this Interrogatory to the extent that it calls for the provision of Privileged or Confidential Information.

Subject to and without waiving the foregoing objections, Defendant responds that there is no written or standard policy as to when Shutterstock will share revenue information or provide payment to a rightsholder.  If a rightsholder submits a takedown notice and asks for revenue information for the work that is the subject of that takedown notice, Shutterstock typically will

17

ask that the rightsholder sign an NDA, after which point it will share the revenue information. Whether Shutterstock will remit payment to that rightsholder depends on several factors, including whether the rightsholder asks for payment.

Dated:  New York, New York
        March 13, 2026

                                   Respectfully submitted,

                                   /s James Rosenfeld
                                   James Rosenfeld
                                   DAVIS WRIGHT TREMAINE LLP
                                   1251 Avenue of the Americas,
                                   21st Floor
                                   New York, NY 10020
                                   Tel: (212) 489-8230
                                   Fax: (212) 489-8340
                                   Email: jamesrosenfeld@dwt.com

                                   *Attorneys for Defendant Shutterstock, Inc.*