**Davis Wright Tremaine LLP**

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**James Rosenfeld**
(212) 603-6455 tel
(212) 489-8340 fax

jamesrosenfeld@dwt.com

May 29, 2026

**ECF**

Hon. John P. Cronan
United States Courthouse
Southern District of New York
500 Pearl St.
New York, NY 10007-131

**Re:** *Cynthia Herrick et al. v. Shutterstock, Inc.*, **1:23-cv-03191-JPC**

Dear Judge Cronan:

Pursuant to the Court's Electronic Case Filing Rules & Instructions § 6, the SDNY procedures governing the filing of Sealed Records, and Your Honor's Individual Rules and Practices § 4, Defendant Shutterstock, Inc. ("Shutterstock") respectfully requests that the Court allow it to file under seal the following: (1) an unredacted version of its Opposition to Plaintiff's Motion for Class Certification ("Opposition"); and (2) unredacted versions of Exhibits 3-12, 16, and 20-35 to the Declaration of Sarah E. Burns ("Burns Decl.") in Support of the Opposition. Shutterstock has concurrently filed redacted versions of each of the below documents on the public docket.

| Designating Party | Document | Description of Redacted Materials |
|---|---|---|
| Shutterstock | Exhibits 3-12, 16, 20-35 to the Burns Decl. | Putative class members' personally identifiable information in communications with Shutterstock. |
| Shutterstock | Portions of pages 5 and 21 of the Opposition. | Revenue information in the Opposition Shutterstock designated confidential. |

In considering a motion to seal, the Court must weigh the presumption in favor of public access to court filings against competing considerations, including the privacy interests of litigants and third parties. *Partneros v. Barnes & Noble, Inc.*, 2019 WL 10966199, at *1 (S.D.N.Y. Aug. 16, 2019) (citation omitted). With respect to the Opposition, the only information Shutterstock seeks to seal is certain revenue information that it does not publicly

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. John P. Cronan
May 29, 2026
Page 2

disclose. If publicly disclosed, this information would reveal to Shutterstock's competitors and customers sensitive financial information that would undermine its ability to offer its services and compete in the market. With respect to the exhibits, Shutterstock seeks to seal personally identifying information of third parties (including, *inter alia*, email addresses, physical addresses and telephone numbers from communications with putative class members). Both the revenue information and the communications with putative class members were designated confidential in discovery and Plaintiff does not object to the proposed sealing.

As the Second Circuit has held, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation. . . ." *United States v. Amodeo*, 71 F.3d 1044, 1049-1051(2d Cir. 1995). Confidential business information such as trade secrets and other commercially proprietary or sensitive information also merits sealing. *See, e.g.*, *Hesse v. SunGuard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 12, 2013); *accord McCracken v. Verisma Sys., Inc.*, 2017 WL 4250054, at *2 (W.D.N.Y. Sept. 26, 2017) (sealing documents within scope of protective order); *Ruppel v. Consumers Union of United States, Inc.*, No. 7:16-cv-2444-KMK-JCM (S.D.N.Y. Oct. 20, 2017) (granting motion to seal material relating to confidential business information).

Shutterstock therefore respectfully requests that the Court allow it to file unredacted versions of the Opposition and Exhibits 3-12, 16, and 20-35 to the Burns Declaration under seal.

Thank you for your consideration of this matter.

Respectfully submitted,

James Rosenfeld

cc:     Counsel of record via ECF